## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JPMORGAN CHASE & CO.,<br>JPMORGAN CHASE BANK, N.A. and<br>JPMORGAN CHASE ELECTRONIC<br>FINANCIAL SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AFFILIATED COMPUTER SERVICES, INC. and<br>ACS STATE & LOCAL SOLUTIONS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 08-189-SLR<br><br>**ANSWER TO JPMORGAN<br>CHASE'S COMPLAINT FOR<br>DECLARATORY JUDGMENT AND<br>PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively,

"ACS") hereby answer the complaint of JPMorgan Chase & Co., JPMorgan Chase Bank, N.A.

and JPMorgan Chase Electronic Financial Services, Inc., (collectively "JPMorgan Chase"), dated

April 4, 2008, as follows:

### INTRODUCTION

1.     ACS does not have knowledge or information sufficient to form a belief as to the

averments in Paragraph 1 of the Complaint, and therefore denies same except admits that ACS

was a party in *ACS State & Local Solutions, Inc. v. eftchildsuppoty.com, LLC*, (M.D. Penn.)(CA-

01-2060) and *Pay Child Support Online, Inc., v. ACS State & Local Solutions, Inc.*, (D. Minn)

(CA-02-1321).

2.     ACS does not have knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 2 of the Complaint, and therefore denies same.

3.     ACS does not have knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 3 of the Complaint, and therefore denies same, except admits that

JPMorgan's Complaint purports to seek a declaration of non-infringement and invalidity and that Exhibit A to the Complaint is a copy of United States Patent No. 5,946,669 (the "'669 patent"); Exhibit B to the Complaint is a copy of United States Patent No. 6,119,107 (the "'107 patent"); Exhibit C to the Complaint is a copy of United States Patent No. 7,225,155 (the "'155 patent"); Exhibit D to the Complaint is a copy of United States Patent No. 6,567,821 (the "'821 patent"); and Exhibit E to the Complaint is a copy of United States Patent No. 7,072,909 (the "'909 patent").

4.    ACS denies the averments of Paragraph 4 of the Complaint.

5.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint, and therefore denies same.

6.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint, and therefore denies same, except admits that Exhibit F to the Complaint is a copy of United States Patent No. 7,174,315 (the "'315 patent"); Exhibit G to the Complaint is a copy of United States Patent No. 6,615,190 (the "'190 patent"); and Exhibit H to the Complaint is a copy of United States Patent No. 7, 165,049 (the "'049 patent").

## PARTIES

7.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint, and therefore denies same.

8.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Complaint, and therefore denies same.

9.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint, and therefore denies same.

10.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint, and therefore denies same except admits that Affiliated Computer Services, Inc. is organized under the laws of the State of Delaware and has a principal place of business in Texas.

11.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint, and therefore denies same except admits that ACS State & Local Solutions, Inc. is organized under the laws of the State of New York, has a principal place of business in Washington, D.C., is a wholly-owned subsidiary of Affiliated Computer Services, Inc., and is the assignee of the '669, '107, '155, '821, and '909 patents.

12.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

13.  ACS denies the averments of paragraph 13 and therefore denies same except admits that JPMorgan's Complaint purports to be an action for declaratory judgment related to patent infringement which would arise under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 et seq.

14.  ACS admits the averments of paragraph 14 that this Court has subject matter jurisdiction for cases that are based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint, and therefore denies same.

16.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint, and therefore denies same.

17.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint, and therefore denies same except admits that the cited website contains the quoted language.

18.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint, and therefore denies same except admits that it has worked with the State of Delaware Administrative Office of the Courts.

19.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint, and therefore denies same except admits that it has worked with the City of Wilmington.

20.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 of the Complaint, and therefore denies same.

## BACKGROUND FACTS COMMON TO DECLARATORY JUDGMENT COUNTS

### The ACS Patents

21.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 of the Complaint, and therefore denies same.

22.  ACS admits the averments of paragraph 22 of the Complaint.

23.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 of the Complaint, and therefore denies same except admits that the '669 patent was filed on September 30, 1997 and issued on August 31, 1999. Further, ACS admits that the United States Patent & Trademark Office ("PTO") ordered a reexam of the '669 patent on October 21, 2003 which resulted in the issuance of a reexamination certificate on August 28, 2007.

4

24.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Complaint, and therefore denies same except admits that the '107 patent was filed on January 7, 1998 as a divisional of the '669 patent and issued on September 12, 2000.  Further, ACS admits that the PTO ordered a reexam of the '107 patent on October 21, 2003 which resulted in the PTO's issuance of a reexamination certificate on September 25, 2007.

25.   ACS admits the averments in Paragraph 25 of the Complaint.

26.   ACS admits the averments in Paragraph 26 of the Complaint.

27.   ACS admits the averments in Paragraph 27 of the Complaint.

28.   ACS admits the averments in Paragraph 28 of the Complaint.

29.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 of the Complaint, and therefore denies same.

30.   ACS admits the averments in Paragraph 30 of the Complaint.

### ACS Aggressively Wields the ACS Patents Against Market Competitors

31.   ACS denies the averments in Paragraph 31 of the Complaint.

32.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 of the Complaint, and therefore denies same except to admit that the '669 patent was filed on September 30, 1997 and the '821 patent was filed on November 30, 1998.

33.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 of the Complaint, and therefore denies same.

34.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 of the Complaint, and therefore denies same except to admit that ACS has worked with the State of Ohio.

35.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 of the Complaint, and therefore denies same except to admit that it has worked with approximately 14 states as of the Complaint's date.

36.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 of the Complaint, and therefore denies same except admits that it litigated the '107 patent in a case captioned *ACS State & Local Solutions, Inc. v. eftchildsupport.com, LLC*, Civ. Action No. 01-2060 (M.D. Penn.) with judgment entered in ACS's favor on March 15, 2002.

37.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 of the Complaint, and therefore denies same except admits that the stipulated judgment in the eftchilsupport.com litigation included an injunction.

38.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 of the Complaint, and therefore denies same except admits that it litigated the '669 patent and '107 patent against several defendants in a case captioned *Pay Child Support Online, Inc. v. ACS State & Local Solutions, Inc.*, Civ. No. 02-1321 (D. Minn.) with judgment entered in ACS's favor on July 28, 2004.

39.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 of the Complaint, and therefore denies same except admits that the stipulated judgment in the eftchilsupport.com litigation included an injunction.

40.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 of the Complaint, and therefore denies same.

### ACS Solutions Asserts the ACS Patents Against JPMorgan

41.  ACS admits the averments in Paragraph 41 of the Complaint.

42.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 of the Complaint, and therefore denies same.

43.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 of the Complaint, and therefore denies same except to admit that Exhibit I purports to be a letter from Nicholas Bevilacqua of ACS to Stephen Cutler of JPMorgan Chase, dated November 7, 2007.

44.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44 of the Complaint, and therefore denies same except admits that the quoted language from the November 7, 2007 letter is accurate.

45.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45 of the Complaint, and therefore denies same except admits that Exhibit J purports to be a letter from Andrew Cadel of JPMorgan Chase to Mr. Bevilacqua, dated November 19, 2007.

46.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 46 of the Complaint, and therefore denies same except admits that Exhibit K purports to be an email from Mr. Bevilacqua to Mr. Cadel, dated November 21, 2007.

### JPMorgan Performs Child Support Payment Processing

47.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 of the Complaint, and therefore denies same.

48.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48 of the Complaint, and therefore denies same.

49.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49 of the Complaint, and therefore denies same.

50.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50 of the Complaint, and therefore denies same.

### A Case or Controversy is Present

51.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Complaint, and therefore denies same.

52.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 52 of the Complaint, and therefore denies same.

53.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 53 of the Complaint, and therefore denies same.

54.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 of the Complaint, and therefore denies same except admits that the quoted language from ACS's August 28, 2007 Form 10-K is accurate.

55.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55 of the Complaint, and therefore denies same.

56.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 56 of the Complaint, and therefore denies same.

57.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 57 of the Complaint, and therefore denies same.

58. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58 of the Complaint, and therefore denies same except admits that JPMorgan Chase's Complaint purports to seek a declaratory judgment.

## BACKGROUND FACTS COMMON TO PATENT INFRINGEMENT COUNTS

### The JPMorgan Patents

59. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 59 of the Complaint, and therefore denies same.

60. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 60 of the Complaint, and therefore denies same.

61. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 61 of the Complaint, and therefore denies same.

62. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 62 of the Complaint, and therefore denies same except admits that Exhibit F to the Complaint is a copy of the '315 Patent.

63. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63 of the Complaint, and therefore denies same except admits that Exhibit G to the Complaint is a copy of the '190 Patent.

64. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 64 of the Complaint, and therefore denies same except admits that Exhibit H to the Complaint is a copy of the '049 Patent.

65. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 65 of the Complaint, and therefore denies same.

66. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 66 of the Complaint, and therefore denies same.

## ACS Infringes the JPMorgan Patents

67. ACS denies the averments of Paragraph 67 of the Complaint.

68. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 68 of the Complaint, and therefore denies same except admits that it has a product called EPPICard.

69. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 69 of the Complaint, and therefore denies same except admits Exhibit L to the Complaint purports to be a portion of the EPPICard.com website.

70. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 70 of the Complaint, and therefore denies same.

71. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 71 of the Complaint, and therefore denies same except admits that the quoted language from the EPPICard.com website is accurate.

72. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 72 of the Complaint, and therefore denies same.

73. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 73 of the Complaint, and therefore denies same.

74. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 74 of the Complaint, and therefore denies same.

75. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 75 of the Complaint, and therefore denies same.

76. ACS denies the averments in Paragraph 76 of the Complaint.

**JPMorgan Has Been Irreparably Harmed by Defendants' Continued Infringement**

77. ACS denies the averments in Paragraph 77 of the Complaint.

78. ACS denies the averments in Paragraph 78 of the Complaint.

79. ACS denies the averments in Paragraph 79 of the Complaint.

## DECLARATORY JUDGMENT CLAIM

### COUNT I

**Declaratory Judgment of Non-Infringement, United States Patent No. 5,946,669**

80. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

81. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 81 of the Complaint, and therefore denies same.

82. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 82 of the Complaint, and therefore denies same.

83. ACS denies the averments in Paragraph 83 of the Complaint.

### COUNT II

**Declaratory Judgment of Invalidity, United States Patent No. 5,946,669**

84. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

85. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 85 of the Complaint, and therefore denies same.

86. ACS denies the averments in Paragraph 86 of the Complaint.

87. ACS denies the averments in Paragraph 87 of the Complaint.

## COUNT III

### Declaratory Judgment of Non-Infringement, United States Patent No. 6,119,107

88.   ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

89.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 89 of the Complaint, and therefore denies same.

90.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 82 of the Complaint, and therefore denies same.

## COUNT IV

### Declaratory Judgment of Invalidity, United States Patent No. 6,119,107

91.   ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

92.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 92 of the Complaint, and therefore denies same.

93.   ACS denies the averments in Paragraph 93 of the Complaint.

94.   ACS denies the averments in Paragraph 94 of the Complaint.

## COUNT V

### Declaratory Judgment of Non-Infringement, United States Patent No. 7,225,155

95.   ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

96.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 96 of the Complaint, and therefore denies same.

97. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 97 of the Complaint, and therefore denies same.

98. ACS denies the averments in Paragraph 98 of the Complaint.

## COUNT VI

### Declaratory Judgment of Invalidity, United States Patent No. 7,225,155

99. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

100. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 100 of the Complaint, and therefore denies same.

101. ACS denies the averments in Paragraph 101 of the Complaint.

102. ACS denies the averments in Paragraph 102 of the Complaint.

## COUNT VII

### Declaratory Judgment of Non-Infringement, United States Patent No. 6,567,821

103. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

104. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 104 of the Complaint, and therefore denies same.

105. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 105 of the Complaint, and therefore denies same.

106. ACS denies the averments in Paragraph 106 of the Complaint.

## COUNT VIII

**Declaratory Judgment of Invalidity, United States Patent No. 6,567,821**

107. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

108. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 108 of the Complaint, and therefore denies same.

109. ACS denies the averments in Paragraph 109 of the Complaint.

110. ACS denies the averments in Paragraph 110 of the Complaint.

## COUNT IX

**Declaratory Judgment of Non-Infringement, United States Patent No. 7,072,909**

111. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

112. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 112 of the Complaint, and therefore denies same.

113. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 113 of the Complaint, and therefore denies same.

114. ACS denies the averments in Paragraph 114 of the Complaint.

## COUNT X

**Declaratory Judgment of Invalidity, United States Patent No. 7,072,909**

115. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

116. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 116 of the Complaint, and therefore denies same.

117. ACS denies the averments in Paragraph 117 of the Complaint.

118. ACS denies the averments in Paragraph 118 of the Complaint.

## COUNT XI

**Declaratory Judgment of Unenforceability of
United States Patent Nos. 5,946,669; 6,119,107; and 7,225,155.**

119. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

120. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 120 of the Complaint, and therefore denies same.

121. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 121 of the Complaint, and therefore denies same except admits that the Personal Responsibility and Work Opportunity Act of 1996 was enacted on August 22, 1996.

122. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 122 of the Complaint, and therefore denies same.

123. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 123 of the Complaint, and therefore denies same except admits that the quoted language from 42 U.S.C. 654b(a)(2) is accurate.

124. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 124 of the Complaint, and therefore denies same.

125. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 125 of the Complaint, and therefore denies same except admits that Electronic Funds Transfer Project Final Report was cited during reexamination.

126. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 126 of the Complaint, and therefore denies same except admits that amendments were made to the '669 patent and '107 patent during reexamination.

127. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 127 of the Complaint, and therefore denies same except admits that amendments were made to the '669 patent and '107 patent during reexamination.

128. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 128 of the Complaint, and therefore denies same.

129. ACS admits the averments in Paragraph 129 of the Complaint.

130. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 130 of the Complaint, and therefore denies same.

131. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 131 of the Complaint, and therefore denies same.

132. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 132 of the Complaint, and therefore denies same.

133. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 133 of the Complaint, and therefore denies same except admits that the quoted language from 37 C.F.R. § 1.56(a) is accurate.

134. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 134 of the Complaint, and therefore denies same except admits that the quoted language from 37 C.F.R. § 1.56(b) is accurate.

135. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 135 of the Complaint, and therefore denies same.

136. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 136 of the Complaint, and therefore denies same.

137. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 137 of the Complaint, and therefore denies same.

138. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 138 of the Complaint, and therefore denies same.

139. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 139 of the Complaint, and therefore denies same.

140. ACS denies the averments in Paragraph 140 of the Complaint.

141. ACS denies the averments in Paragraph 141 of the Complaint.

142. ACS denies the averments in Paragraph 142 of the Complaint.

## PATENT INFRINGEMENT CLAIM

### COUNT XII

**Infringement of United States Patent No. 7,174,315**

143. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

144. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 144 of the Complaint, and therefore denies same except admits that the '315 Patent, Exhibit F to the Complaint, states it is assigned to JPMorgan Chase Bank, N.A.

145. ACS denies the averments in Paragraph 145 of the Complaint.

146. ACS denies the averments in Paragraph 146 of the Complaint.

147. ACS denies the averments in Paragraph 147 of the Complaint.

## COUNT XIII

### Infringement of United States Patent No. 7,165,049

148. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

149. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 149 of the Complaint, and therefore denies same except admits that the '049 Patent, Exhibit H to the Complaint, states it is assigned to JPMorgan Chase Bank, N.A.

150. ACS denies the averments in Paragraph 150 of the Complaint.

151. ACS denies the averments in Paragraph 151 of the Complaint.

152. ACS denies the averments in Paragraph 152 of the Complaint.

## COUNT XIV

### Infringement of United States Patent No. 6,615,190

153. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

154. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 154 of the Complaint, and therefore denies same except admits that the '190 Patent, Exhibit G to the Complaint, states it is assigned to Bank One, Delaware, National Association.

155. ACS denies the averments in Paragraph 155 of the Complaint.

156. ACS denies the averments in Paragraph 156 of the Complaint.

157. ACS denies the averments in Paragraph 157 of the Complaint.

## RESPONSE TO JPMORGAN CHASE'S PRAYER FOR RELIEF

158. ACS denies that JPMorgan Chase is entitled to any of the relief requested in the Complaint.

## DEFENSES

### FIRST DEFENSE

159. The Complaint fails to state a claim upon which relief can be granted because ACS has not performed any act or thing in violation of any rights validly belonging to JPMorgan Chase.

### SECOND DEFENSE

160. ACS does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '315, '190, and '049 Patents.

### THIRD DEFENSE

161. The '315, '190, and '049 Patents are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112, 132 and 251 of Title 35 of the United States Code.

### FOURTH DEFENSE

162. By reason of the proceedings in the PTO during prosecution of the applications that resulted in the issuance of the '315, '190, and '049 Patents, and the admissions and representations made therein by and on behalf of the applicants in order to induce the grant of the '315, '190, and '049 Patents, JPMorgan Chase is estopped from asserting any construction of the claims of the patent which would cover or include any of the purported acts of infringement of which JPMorgan Chase complains.

## FIFTH DEFENSE

163. JPMorgan Chase's failure to comply with 35 U.S.C. §287(a) precludes, or at least limits, JPMorgan Chase from collecting alleged patent infringement damages from ACS.

## SIXTH DEFENSE

164. JPMorgan Chase's claims for relief are barred in whole or in part, by the equitable doctrines of unclean hands, patent misuse and laches.

## SEVENTH DEFENSE

165. JPMorgan Chase cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## COUNTERCLAIMS

ACS for its Counterclaims against JPMorgan Chase and upon information and belief, states as follows:

## THE PARTIES

1. Defendant Affiliated Computer Services, Inc. is a corporation organized under the laws of the State of Delaware having a principal place of business at 2828 North Haskell Dallas, Texas 75204.

2. Defendant ACS State & Local Solutions, Inc. is a corporation organized under the laws of the State Of New York, having a principal place of business 1800 M Street, NW, Washington, D.C. 20036.

3. On information and belief, JPMorgan Chase & Co. is organized under the laws of the State of Delaware having a principal place of business at 270 Park Avenue, New York, New York.

4.  On information and belief, JPMorgan Chase Bank, N.A. is a National Association having a principal place of business at 1111 Polaris Parkway, Columbus, Ohio and an office at 270 Park Avenue, New York, New York.

5.  On information and belief, JPMorgan Chase Electronic Financial Services, Inc. is a corporation organized under the laws of the State of New York having a principal place of business at 420 West Van Buren Chicago, Illinois 60606.

### JURISDICTION AND VENUE

6.  Subject to ACS's defenses and denials, ACS alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

7.  This Court has personal jurisdiction over JPMorgan Chase.

### FACTUAL BACKGROUND

8.  In its Complaint, JPMorgan Chase asserts that ACS has infringed the '315, '190, and '049 Patents.

9.  The '315, '190, and '049 Patents are invalid and/or have not been and are not infringed by ACS, directly or indirectly.

10. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '315, '190, and '049 Patents.

### COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,174,315

11. ACS restates and incorporates by reference its averments in paragraphs 1 through 10 of its Counterclaims.

12. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '315 Patent is not infringed by ACS.

13. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '315 Patent.

14. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '315 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,174,315

15. ACS restates and incorporates by reference its averments in paragraphs 1 through 14 of its Counterclaims.

16. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '315 Patent is invalid.

17. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '315 Patent is invalid.

18. The '315 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,615,190

19. ACS restates and incorporates by reference its averments in paragraphs 1 through 18 of its Counterclaims.

20. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '190 Patent is not infringed by ACS.

21. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '190 Patent.

22. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '190 Patent.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,615,190

23. ACS restates and incorporates by reference its averments in paragraphs 1 through 22 of its Counterclaims.

24. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '190 Patent is invalid.

25. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '190 Patent is invalid.

26. The '190 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

## COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,165,049

27. ACS restates and incorporates by reference its averments in paragraphs 1 through 26 of its Counterclaims.

28. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '049 Patent is not infringed by ACS.

29. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '049 Patent.

30. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '049 Patent.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,165,049

31. ACS restates and incorporates by reference its averments in paragraphs 1 through 30 of its Counterclaims.

32. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '049 Patent is invalid.

33. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '049 Patent is invalid.

34. The '049 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

a. A judgment dismissing JPMorgan Chase's complaint against ACS with prejudice;

b. A judgment in favor of ACS on all of its Counterclaims;

c. A declaration that ACS has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '315, '190, and '049 Patents;

d. A declaration that the '315, '190, and '049 Patents are invalid;

e. A declaration that this case is exceptional and an award to ACS of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

f. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, ACS respectfully demands a jury trial of all issues triable to a jury in this action.

CONNOLLY BOVE LODGE & HUTZ LLP

_____*/s/ Collins J. Seitz, Jr.*_____

Collins J. Seitz, Jr. (Bar No. 2237)
cseitz@cblh.com
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone:  302-658-9141
Facsimile:  302-656-0116

OF COUNSEL:

*Attorneys for Defendants,*
*Affiliated Computer Services,*
*Inc. and ACS State & Local*
*Solutions, Inc.*

Lewis T. LeClair
leclair@mckoolsmith.com
Douglas A. Cawley
dcawley@mckoolsmith.com
**McKool Smith, PC**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044

Brett E. Cooper
bcooper@mckoolsmith.com
399 Park Avenue, Suite 3200
New York, New York 10022
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Dated: May 23, 2008

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 23, 2008, a copy of the Answer to JP Morgan Chase's Complaint for Declaratory Judgment and Patent Infringement was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

_____*/s/ Collins J. Seitz, Jr.*_____
Collins J. Seitz, Jr. (#2237)
cseitz@cblh.com