IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE & CO., <br> JPMORGAN CHASE BANK, N.A. and <br> JPMORGAN CHASE ELECTRONIC <br> FINANCIAL SERVICES, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> AFFILIATED COMPUTER SERVICES, INC. and <br> ACS STATE & LOCAL SOLUTIONS, INC., <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) Civil Action No: 08-189-SLR <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO COUNTERCLAIMS FOR DECLARATORY JUDGMENT

JPMorgan Chase & Co. ("JPMC"), JPMorgan Chase Bank, N.A. ("JPMCB"), and JPMorgan Chase Electronic Financial Services, Inc. ("JPMorgan EFS") (collectively, "JPMorgan"), hereby Answer the Counterclaims of Affiliated Computer Services, Inc. ("ACSI") and ACS State & Local Solutions, Inc. ("ACS Solutions") (collectively, "ACS") as follows:

### PARTIES

1. JPMorgan admits the allegations in Paragraph 1.

2. JPMorgan admits the allegations in Paragraph 2.

3. JPMorgan admits the allegations in Paragraph 3.

4. JPMorgan admits the allegations in Paragraph 4.

5. JPMorgan admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.  JPMorgan admits that the Court has jurisdiction over the subject matter of ACS's Counterclaims and that venue is proper in this district. JPMorgan denies the remaining allegations in Paragraph 6.

7.  JPMorgan admits the allegations in Paragraph 7.

## FACTUAL BACKGROUND

8.  JPMorgan admits the allegations in Paragraph 8.

9.  JPMorgan denies the allegations in Paragraph 9.

10. JPMorgan admits that there is an actual case or controversy between the parties regarding the infringement and validity of U.S. Patent Nos. 7,174,315 ("the '315 Patent"), 6,615,190 ("the '190 Patent") and 7,165,049 ("the '049 Patent") (collectively, "the JPMorgan Patents"). JPMorgan denies the remaining allegations in Paragraph 10.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,174,315

11. JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 10 above.

12. JPMorgan admits the allegations in Paragraph 12.

13. JPMorgan admits the allegations in Paragraph 13.

14. JPMorgan denies the allegations in Paragraph 14.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,174,315

15. JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 14 above.

16. JPMorgan admits the allegations in Paragraph 16.

17. JPMorgan admits the allegations in Paragraph 17.

18. JPMorgan denies the allegations in Paragraph 18.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,615,190

19. JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 18 above.

20. JPMorgan admits the allegations in Paragraph 20.

21. JPMorgan admits the allegations in Paragraph 21.

22. JPMorgan denies the allegations in Paragraph 22.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,615,190

23. JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 22 above.

24. JPMorgan admits the allegations in Paragraph 24.

25. JPMorgan admits the allegations in Paragraph 25.

26. JPMorgan denies the allegations in Paragraph 26.

## COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,165,049

27. JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 26 above.

28. JPMorgan admits the allegations in Paragraph 28.

29. JPMorgan admits the allegations in Paragraph 29.

30. JPMorgan denies the allegations in Paragraph 30.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,165,049

31.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 30 above.

32.     JPMorgan admits the allegations in Paragraph 32.

33.     JPMorgan admits the allegations in Paragraph 33.

34.     JPMorgan denies the allegations in Paragraph 34.

## PRAYER FOR RELIEF

WHEREFORE, JPMorgan respectfully requests that this Court enter a judgment for JPMorgan, and against ACS:

A.     Dismissing ACS's Counterclaims with prejudice;

B.     Decreeing that U.S. Patent No. 7,174,315 is valid and enforceable against ACS, that U.S. Patent No. 6,615,190 is valid and enforceable against ACS, and that U.S. Patent No. 7,165,049 is valid and enforceable against ACS;

C.     Decreeing that ACS has infringed, directly and indirectly, U.S. Patent Nos. 7,174,315, 6,615,190, and 7,165,049;

D.     Permanently enjoining ACS, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the JPMorgan Patents, or otherwise engaging in acts of infringement of the JPMorgan Patents, all as alleged in JPMorgan's Complaint;

E.  Ordering an accounting, including a post-verdict accounting, to determine the damages to be awarded to JPMorgan as a result of ACS's infringement;

F.  Awarding, pursuant to 35 U.S.C. § 284, JPMorgan such damages as it shall prove at trial against ACS that is adequate to compensate JPMorgan for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G.  Assessing pre-judgment and post-judgment interest and costs against ACS, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H.  Declaring this case to be exceptional and directing ACS to pay JPMorgan's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

I.  Granting to JPMorgan such other, further, and different relief as may be just and proper.

## JURY DEMAND

JPMorgan demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Thomas J. Scott, Jr.
Stephen T. Schreiner
Eleanor M. Hynes
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000

Dated: June 2, 2008
867292

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*
*JPMorgan Chase & Co.,*
*JPMorgan Chase Bank, N.A., and*
*JPMorgan Chase Electronic*
*Financial Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on June 2, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM-ECF AND HAND DELIVERY**

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
cseitz@cblh.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com