IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE & CO., <br> JPMORGAN CHASE BANK, N.A. and <br> JPMORGAN CHASE ELECTRONIC <br> FINANCIAL SERVICES, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> AFFILIATED COMPUTER SERVICES, INC. and <br> ACS STATE & LOCAL SOLUTIONS, INC., <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) Civil Action No: 08-189-SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] SCHEDULING ORDER**

At Wilmington this ___ day of July 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and JPMorgan Chase Electronic Financial Services, Inc. (collectively "JPMorgan") and Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively ("ACS") will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by August 1, 2008.

2. **Discovery**.

   (a) Discovery will be needed on the following subjects:

   - The technology of the JPMorgan Patents and ACS Patents

- Infringement of the JPMorgan Patents and ACS Patents
- Validity of the JPMorgan and ACS Patents
- Enforceability of the ACS Patents
- Damages/Injunctive Relief/Other Relief
- Expert discovery regarding all of the above

(b) All fact discovery shall be commenced in time to be completed by May 14, 2009.

(1) Document production shall be completed on or before January 15, 2009.

(2) Maximum of 50 interrogatories to be served by JPMorgan and by ACS.

(3) In the absence of agreement between JPMorgan and ACS, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 150 requests for admission by each side to any other party. Request for admission regarding the admissibility of documents shall not be counted towards this limit.

2

(5) In the absence of agreement between JPMorgan and ACS or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 210 hours for fact depositions by each side. Each fact deposition is limited to a maximum of 7 hours unless extended by agreement of parties.

(c) Expert discovery shall be commenced in time to be completed by September 17, 2009.

(1) Expert reports on issues for which the parties have the burden of proof due June 30, 2009. Rebuttal expert reports due July 31, 2009.

(2) Each expert deposition should be limited to 7 hours unless extended by agreement of the parties, except that a separate 7 hour deposition is permitted for each legal issue in the case of an expert giving an opinion on multiple legal issues. For purposes of this clause, each of the following shall be considered a single legal issue: infringement/noninfringement, validity/invalidity, enforceability (inequitable conduct), damages and unclean hands/patent misuse/laches/other equitable doctrine.

(3) All *Daubert* motions shall be filed on October 30, 2009.

(d) If willfulness has been asserted and absent agreement between JPMorgan and ACS, the party accused of infringement must inform the party asserting willful infringement as to whether it intends to rely on advice of counsel by February 26, 2009. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by party accused of infringement to its counsel and whatever other materials

related to the issues in dispute that party accused of infringement had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) must be made no later than 45 days prior to the end of fact discovery. The parties shall not be relieved of their duty, or denied the opportunity to otherwise supplement their disclosures as may be required, or permitted, by Rule 26(e).

(f) **Discovery Disputes**.

(1) The court shall conduct an in-person discovery status conference on December 11, 2008, from 4:30 p.m. to 5:30 p.m., the time to be allocated equally between JPMorgan and ACS. No motions to compel or motions for protective order shall be filed absent approval of the court.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, JPMorgan and ACS shall each serve a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. Notwithstanding Section 2(b)(6) above, the parties shall have the right to depose any such fact witnesses who have not previously

been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to 20 hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before February 26, 2009, except that any motion to amend the pleadings to add a claim(s) of infringement of a new patent-in-suit shall be filed by September 1, 2008.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on March 26, 2009. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before December 1, 2009. Responsive briefs shall be filed by December 15, 2009. Reply briefs shall be filed by December 22, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that

5

differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement (JCCS) on:

**[JPMorgan Proposal: May 28, 2009, with the claim chart separately docketed. In the JCCS, each side will set forth its proposed constructions of disputed terms, which the parties shall adhere to in the subsequent claim construction briefing.]**

[ACS Proposal: October 1, 2009, with the claim chart separately docketed.]

The parties will file simultaneous opening claim construction briefs on October 15, 2009. Simultaneous response briefs should be filed by November 12, 2009. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on January 15, 2010 at 9:30 a.m.

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short

statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on March 4, 2010 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a 3 week jury trial commencing on March 22, 2010 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

IT IS SO ORDERED:

_____
The Honorable Sue L. Robinson
United States District Court