## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JPMORGAN CHASE & CO., <br> JPMORGAN CHASE BANK, N.A. and <br> JPMORGAN CHASE ELECTRONIC <br> FINANCIAL SERVICES, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> AFFILIATED COMPUTER SERVICES, INC. and <br> ACS STATE & LOCAL SOLUTIONS, INC., <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 08-189-SLR <br><br> JURY TRIAL DEMANDED |

## ANSWER TO AMENDED COUNTERCLAIMS FOR
## DECLARATORY JUDGMENT AND PATENT INFRINGEMENT

JPMorgan Chase & Co. ("JPMC"), JPMorgan Chase Bank, N.A. ("JPMCB"), and JPMorgan Chase Electronic Financial Services, Inc. ("JPMorgan EFS") (collectively, "JPMorgan"), hereby Answer the Amended Counterclaims (i.e., adding Count VII and Count VIII for infringement of U.S. Pat. Nos. 6,119,107 and 7,225,155, respectively) of Affiliated Computer Services, Inc. ("ACSI") and ACS State & Local Solutions, Inc. ("ACS Solutions") (collectively, "ACS") as follows:

### PARTIES

1.     JPMorgan admits the allegations in Paragraph 1.

2.     JPMorgan admits the allegations in Paragraph 2.

3.     JPMorgan admits the allegations in Paragraph 3.

4.     JPMorgan admits the allegations in Paragraph 4.

5.     JPMorgan admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.     JPMorgan admits that the Court has jurisdiction over the subject matter of ACS's Counterclaims and that venue is proper in this district.  JPMorgan denies the remaining allegations in Paragraph 6.

7.     JPMorgan admits the allegations in Paragraph 7.

## FACTUAL BACKGROUND

8.     JPMorgan admits the allegations in Paragraph 8.

9.     JPMorgan denies the allegations in Paragraph 9.

10.     JPMorgan admits that there is an actual case or controversy between the parties regarding the infringement and validity of U.S. Patent Nos. 7,174,315 ("the '315 Patent"), 6,615,190 ("the '190 Patent") and 7,165,049 ("the '049 Patent") (collectively, "the JPMorgan Patents").  JPMorgan denies the remaining allegations in Paragraph 10.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,174,315

11.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 10 above.

12.     JPMorgan admits the allegations in Paragraph 12.

13.     JPMorgan admits the allegations in Paragraph 13.

14.     JPMorgan denies the allegations in Paragraph 14.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,174,315

15.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 14 above.

16.     JPMorgan admits the allegations in Paragraph 16.

17.    JPMorgan admits the allegations in Paragraph 17.

18.    JPMorgan denies the allegations in Paragraph 18.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,615,190

19.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 18 above.

20.    JPMorgan admits the allegations in Paragraph 20.

21.    JPMorgan admits the allegations in Paragraph 21.

22.    JPMorgan denies the allegations in Paragraph 22.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,615,190

23.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 22 above.

24.    JPMorgan admits the allegations in Paragraph 24.

25.    JPMorgan admits the allegations in Paragraph 25.

26.    JPMorgan denies the allegations in Paragraph 26.

## COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,165,049

27.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 26 above.

28.    JPMorgan admits the allegations in Paragraph 28.

29.    JPMorgan admits the allegations in Paragraph 29.

30.    JPMorgan denies the allegations in Paragraph 30.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,165,049

31.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 30 above.

32.    JPMorgan admits the allegations in Paragraph 32.

33.    JPMorgan admits the allegations in Paragraph 33.

34.    JPMorgan denies the allegations in Paragraph 34.

## COUNT VII

### Infringement of U.S. Patent No. 6,119,107

35.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 34 above.

36.    JPMorgan admits that U.S. Patent No. 6,119,107 ("the '107 Patent") is entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer and Disbursement Processing Using Addendum-Based Electronic Data Interchange." JPMorgan denies the allegation that the '107 Patent was "duly and legally issued by the United States Patent Office on September 12, 2000 after full and fair examination." JPMorgan is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and on that basis denies them.

37.    JPMorgan denies the allegations in Paragraph 37.

38.    JPMorgan denies the allegations in Paragraph 38.

39.    JPMorgan denies the allegations in Paragraph 39.

40.    JPMorgan denies the allegations in Paragraph 40.

41.    JPMorgan denies the allegations in Paragraph 41.

## COUNT VIII

### Infringement of U.S. Patent No. 7,225,155

42.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 41 above.

43.    JPMorgan admits that U.S. Patent No. 7,225,155 ("the '155 Patent") is entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer and Disbursement Processing Using Addendum-Based Electronic Data Interchange." JPMorgan denies the allegation that the '155 Patent was "duly and legally issued by the United States Patent Office on May 29, 2007 after full and fair examination." JPMorgan is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis denies them.

44.    JPMorgan denies the allegations in Paragraph 44.

45.    JPMorgan denies the allegations in Paragraph 45.

46.    JPMorgan denies the allegations in Paragraph 46.

47.    JPMorgan denies the allegations in Paragraph 47.

48.    JPMorgan denies the allegations in Paragraph 48.

### GENERAL DENIAL

49.    Except as specifically admitted, JPMorgan denies each and every allegation contained in the Counterclaims and denies that ACS is entitled to any of the relief requested in its prayer for relief.

### AFFIRMATIVE AND OTHER DEFENSES

50.    In addition to the defenses described below, JPMorgan expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE:  FAILURE TO STATE A CLAIM

51.    ACS's claims are barred in whole or in part because ACS has failed to state a claim upon which relief may be granted because JPMorgan has not performed any act in violation of an rights validly owned by ACS.

## SECOND DEFENSE:  NO INJUNCTIVE RELIEF

52.    ACS is not entitled to injunctive relief because any injury to ACS is not immediate or irreparable, and/or ACS has an adequate remedy at law.

## THIRD DEFENSE:  LACHES, WAIVER AND ESTOPPEL

53.    ACS's claims are barred in whole or in part by the doctrine of laches.

54.    ACS's claims are barred in whole or in part by the doctrines of waiver and estoppel.

## FOURTH DEFENSE:  INVALIDITY

55.    One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112 and 305.

## FIFTH DEFENSE:  UNENFORCEABILITY

56.    The '107 and '155 Patents are unenforceable because of the nature of ACS's conduct in obtaining, exploiting, and enforcing said patents and related patents including U.S. Pat. No. 5,946,669.

57.    As set forth in JPMorgan's Complaint, incorporated herein by reference, the '107 and '155 Patents are invalid and/or unenforceable by reason of the inequitable conduct of ACS or its predecessors in the prosecution of the respective applications for such patents before the United States Patent & Trademark Office.

## SIXTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

58.     ACS's claims are barred in whole or part by the doctrine of prosecution history estoppel and/or disclaimer.

## SEVENTH DEFENSE:  UNCLEAN HANDS & PATENT MISUSE

59.     ACS's claims are barred in whole or part by reason of its unclean hands and patent misuse.

## EIGHTH DEFENSE:  NOT UNLAWFUL OR UNFAIR

60.     ACS's claims are barred in whole or part because JPMorgan's conduct was performed in the exercise of an absolute right, licensed, proper and/or justified.

61.     ACS's claims are barred in whole or part by the doctrine of intervening rights.

## NINTH DEFENSE:  CONSENT

62.     ACS's claims are barred in whole or part because ACS implicitly consented to JPMorgan's conduct.

## TENTH DEFENSE:  NONINFRINGEMENT

63.     ACS's claims are barred in whole or part because JPMorgan has not directly or indirectly, contributorily or by inducement, infringed the '107 and '155 Patents.

## ELEVENTH DEFENSE:  FAILURE TO MARK

64.     ACS's failure to mark and/or give notice of the '107 and '155 Patents despite actual knowledge of products and services sold by or on behalf of JPMorgan prevents ACS from recovering damages prior to actual notice of each of the patents pursuant to 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, JPMorgan respectfully requests that this Court enter a judgment for JPMorgan, and against ACS:

A.    Dismissing ACS's Counterclaims with prejudice;

B.    Declaring that the claims of U.S. Patent No. 5,946,669 are invalid;

C.    Declaring that no valid claim of U.S. Patent No. 5,946,669 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

D.    Declaring that the claims of U.S. Patent No. 6,119,107 are invalid;

E.    Declaring that no valid claim of U.S. Patent No. 6,119,107 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

F.    Declaring that the claims of U.S. Patent No. 7,225,155 are invalid;

G.    Declaring that no valid claim of U.S. Patent No. 7,225,155 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

H.    Declaring that each of U.S. Pat. Nos. 5,946,669; . 6,119,107; 7,225,155; and upon issuance, any continuations, divisionals, or other applications related under 35 U.S.C. § 120, are, and or, would be unenforceable.

I.    Declaring that the claims of U.S. Patent No. 6,567,821 are invalid;

J.    Declaring that no valid claim of U.S. Patent No. 6,567,821 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

K.    Declaring that the claims of U.S. Patent No. 7,072,909 are invalid;

L.    Declaring that no valid claim of U.S. Patent No. 7,072,909 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

M.     Decreeing that the U.S. Patent No. 7,174,315 is valid and enforceable against each of the Defendants, that U.S. Patent No. 6,615,190 is valid and enforceable against each of the Defendants, and that U.S. Patent No. 7,165,049 is valid and enforceable against each of the Defendants;

N.     Decreeing that each of the Defendants has infringed, directly and indirectly, U.S. Patent Nos. 7,174,315, 6,615,190, and 7,165,049;

O.     Permanently enjoining each of the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the JPMorgan Patents, or otherwise engaging in acts of infringement of the JPMorgan Patents, all as alleged herein;

P.     Ordering an accounting, including a post-verdict accounting, to determine the damages to be awarded to JPMorgan as a result of each of the Defendants' infringement;

Q.     Awarding, pursuant to 35 U.S.C. § 284, JPMorgan such damages as it shall prove at trial against each of the Defendants that is adequate to compensate JPMorgan for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

R.     Assessing pre-judgment and post-judgment interest and costs against each of the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

S.    Declaring this case to be exceptional and directing Defendants to pay JPMorgan's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

T.    Granting to JPMorgan such other, further, and different relief as may be just and proper.

## JURY DEMAND

JPMorgan demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Thomas J. Scott, Jr.
Stephen T. Schreiner
Eleanor M. Hynes
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000

Dated:  August 22, 2008
879673

By: _____
      Philip A. Rovner (#3215)
      Hercules Plaza
      P.O. Box 951
      Wilmington, Delaware  19899
      (302) 984-6000
      provner@potteranderson.com

*Attorneys for Plaintiffs*
*JPMorgan Chase & Co.,*
*JPMorgan Chase Bank, N.A., and*
*JPMorgan Chase Electronic*
*Financial Services, Inc.*

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 22, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF, HAND DELIVERY AND E-MAIL

Collins J. Seitz, Jr., Esq.
Kevin F. Brady, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
cseitz@cblh.com
kbrady@cblh.com

I hereby certify that on August 22, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Lewis T. LeClair, Esq.                     Brett E. Cooper, Esq.
Mike McKool, Esq.                          McKool Smith
McKool Smith                               399 Park Avenue
300 Crescent Court, Suite 1500             New York, NY 10022
Dallas, TX 75201                           bcooper@mckoolsmith.com
lleclair@mckoolsmith.com
mmckool@mckoolsmith.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com