IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE & CO., <br> JPMORGAN CHASE BANK, N.A. and <br> JPMORGAN CHASE ELECTRONIC <br> FINANCIAL SERVICES, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> AFFILIATED COMPUTER SERVICES, INC. and <br> ACS STATE & LOCAL SOLUTIONS, INC., <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No: 08-189-SLR |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO
FILE AMENDED AND SUPPLEMENTAL COMPLAINT**

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Thomas J. Scott, Jr.
Stephen T. Schreiner
Eleanor M. Hynes
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000

Dated: August 28, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs
JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A., and
JPMorgan Chase Electronic
Financial Services, Inc.*

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................2

III. CONCLUSION....................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Accuscan, Inc. v. Xerox Corp.*,
 1998 WL 60991 (S.D.N.Y. 1998)..................................................................................4

*Davis v. Piper Aircraft Corp.*,
 615 F.2d 606 (4th Cir. 1980) ....................................................................................2, 5

*Foman v. Davis*,
 371 U.S. 178 (1962)......................................................................................................2

*Gillihan v. Shillinger*,
 872 F.2d 935 (10th Cir. 1989) ......................................................................................3

*HK Sys., Inc. v. Rapistan Demag Corp.*,
 175 F.R.D. 523 (E.D. Wis. 1997) .................................................................................4

*LaSalvia v. United Dairymen of Arizona*,
 804 F.2d 1113 (9th Cir. 1986) ......................................................................................3

*Medeva Pharma Ltd. V. American Home Products Corp.*,
 201 F.R.D. 103 (D. Del. 2001) ..................................................................................2-3

*New Balance Athletic Shoe, Inc. v. Puma USA, Inc.*,
 118 F.R.D. 17 (D. Mass. 1987).....................................................................................4

*Senza-Gel Corp. v. Seiffhart*,
 803 F.2d 661 (Fed. Cir. 1986).......................................................................................2

*Vernay Laboratories, Inc., v. Industrial Electronic Rubber Co.*,
 234 F. Supp. 161 (N.D. Ohio 1964)..............................................................................4

**RULES**

Fed. R. Civ. P. 15(a) ................................................................................................................2

Fed. R. Civ. P. 15(d) ................................................................................................................2

I.  **INTRODUCTION**

On April 4, 2008, JPMorgan filed its original Complaint (the "Original Complaint") in this action, requesting a declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 5,946,669, 6,119,107, 7,225,155, 6,567,821, and 7,072,909, and bringing claims for infringement of U.S. Patent Nos. 7,174,315, 6,615,190, and 7,165,049 against Defendants Affiliated Computer Services, Inc. ("ACSI") and ACS State & Local Solutions, Inc. ("ACS Solutions") (collectively, "ACS" or "Defendants").

JPMorgan now seeks to file a First Amended and Supplemental Complaint to: (1) add allegations of infringement with respect to U.S. Patent Nos. 7,317,823 ("the '823 Patent"), and 5,917,965 ("the '965 Patent").  The '823 and '965 Patents relate to lockbox processing technology used in the ACS child support processing systems already at issue in this litigation. JPMorgan has provided with this motion a copy of the proffered First Amended and Supplemental Complaint.  The amended complaint does not add any additional parties or causes of action unrelated to technology already at issue in the litigation.  Instead, the complaint adds allegations of infringement based on the fact that ACS has continued its infringing conduct – and launched new infringing products – even after receiving written notice of JPMorgan's patent rights through the filing of the original Complaint.

After the initiation of the present action, JPMorgan determined that ACS's lockbox processing services offered, for example, in connection with ACS's accused state-administered child support processing programs infringe JPMorgan's '823 and '965 Patents.  Additionally, JPMorgan learned of the launch of a new prepaid debit card product, ACS's Direct Express Debit Card, that infringes the existing patents-in-suit.  Finally, JPMorgan has uncovered additional facts to support its allegations of inequitable conduct with respect to ACS's

prosecution of the ACS patents, i.e., U.S. Patent Nos. 5,946,669, 6,119,107, 7,225,155, before the Patent & Trademark Office. Rather than file new a lawsuit on the basis of these discoveries, judicial economy will be promoted by granting JPMorgan's Motion to file an Amended and Supplemental Complaint in the present action.

## II.  ARGUMENT

Under the Federal Rules, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A party also may seek leave to amend to add "supplemental" claims -- that is, claims based on incidents that occurred after the action was filed. Fed. R. Civ. P. 15(d).[1] Because federal policy strongly favors determination of cases on their merits, leave to amend the pleadings is freely given unless the opposing party makes a showing of prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A request for leave to amend is addressed to the Court's discretion. *Id.* at 182. Generally, only "prejudice resulting to an opponent by grant of leave to amend is reason sufficient to deny amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Thus, amendment of pleadings is favored, and should only be denied upon a showing by the opposing party that there has been undue delay, bad faith, or dilatory motive by the movant, or that the proposed amendment is futile or that undue prejudice will result. *See Foman*, 371 U.S. at 182. The nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

Courts have broad discretion in application of Rule 15(d) and apply the Rule in a manner securing "the just, speedy and inexpensive determination of every action." *Medeva Pharma Ltd.*

---

[1] Rule 15(d) of the Federal Rules of Civil Procedure provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

*V. American Home Products Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001). Courts should grant leave to supplement pleadings if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties. *See LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986); *see also Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989); *Medeva Pharma Ltd.*, 201 F.R.D. at 104. The addition of the '823 and '965 Patents to the present action will promote judicial efficiency and will not cause any undue prejudice or delay. As such JPMorgan's motion for leave to file an Amended and Supplemental Complaint should be granted.

JPMorgan's proposed Amended and Supplemental Complaint describes events and occurrences related to the subject matter of this lawsuit. In fact, the Amended and Supplemental Complaint and the Original Complaint set forth infringement claims against the same defendants and involving some of the same accused systems. The '823 and '965 Patents both concern similar subject matter, lockbox/check image processing, that is used by ACS, for example, in the processing of state- or government-administered benefits, such as child support, and in other areas.

The claims based on the '823 and '965 Patents are not time-barred and could be filed as a separate action. However, this would require separate fact and expert discovery regarding similar subject matter, a separate claim construction hearing concerning similar claim terms, and a separate trial regarding the same accused systems. In the interest of judicial economy and efficiency, JPMorgan proposes that its infringement allegations concerning the '823 and '965 Patents be added to the present action.

To the extent any prejudice to Defendants exists by the addition of the '823 and '965 Patents to the present action, such prejudice will be slight. The case is in the early stages of

discovery--no documents have been produced in the present action. Additionally, the only substantive hearing that has taken place is the Scheduling Conference. Any claimed prejudice to the Defendants is more than offset by the ability to respond to all the claims in a single action, thus avoiding the cost of duplicitous litigation.

Under similar circumstances, courts have readily granted leave to amend in patent infringement cases, even when the amendment entails the assertion of additional patents, or when the proposed amendment comes much later in the course of the action. See, e.g., *Vernay Laboratories, Inc., v. Industrial Electronic Rubber Co.*, 234 F. Supp. 161, 166-167 (N.D. Ohio 1964); *HK Sys., Inc. v. Rapistan Demag Corp.*, 175 F.R.D. 523, 524-25 (E.D. Wis. 1997) (permitting addition of claim of infringement of related patent); *Accuscan, Inc. v. Xerox Corp.*, 1998 WL 60991, *1, n.1 (S.D.N.Y. 1998) (permitting leave to amend infringement claim to cover additional types of devices in order to provide comprehensive resolution of controversy and avoid piecemeal litigation); *New Balance Athletic Shoe, Inc. v. Puma USA, Inc.*, 118 F.R.D. 17, 20 (D. Mass. 1987) (granting leave to add additional patent and stating "[c]ourts have freely granted leave to amend complaints to introduce both new and additional patents").

<u>Undue Delay, Bad Faith or Dilatory Motive:</u> None of these grounds exist in this case as a reason to deny leave to amend. JPMorgan brings this motion with little time having passed since the Scheduling Conference in July 2008. The parties are only recently responding to each other's first requests for production of documents and answering interrogatories, and they have not yet taken any depositions. Thus, there will be no delay whatsoever in the conduct of discovery. These same facts negate any possibility of bad faith or dilatory motive.

On the contrary, JPMorgan has acted with speed and diligence. The July 2008 Scheduling Conference led to the Court's issuance of a Scheduling Order with a September 1,

4

2008, date for filing amended pleadings including new patents. From that time forward, JPMorgan worked diligently to meet the court's September 1 date, which it is doing with the submission of these papers including the proffered amended complaint.

<u>Prejudice:</u>  There can be no serious claim of unfair prejudice to ACS from the granting of this motion. As noted above, the motion is made early enough in the proceedings that both parties will have full opportunity to conduct discovery. Indeed, the Court's Scheduling Order explicitly set September 1, 2008 as the deadline for the parties to add new patents to their respective claims.

<u>Futility:</u>  JPMorgan's allegation of infringement cannot be considered "futile." The standard for assessing futility in this context is quite high: "[u]nless a proposed amendment may be clearly seen to be futile because of substantive or procedural considerations, … conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis*, 615 F.2d at 613. While ACS undoubtedly will dispute the allegation of infringement, there can be no question but that JPMorgan should be entitled to pursue its claim of infringement in this action.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request leave to file the attached [Proposed] Amended and Supplemental Complaint.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Scott L. Robertson<br>Jennifer A. Albert<br>Thomas J. Scott, Jr.<br>Stephen T. Schreiner<br>Eleanor M. Hynes<br>GOODWIN PROCTER LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>(202) 346-4000<br><br>Dated: August 28, 2008<br>880409 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, Delaware 19899<br>(302) 984-6000<br>provner@potteranderson.com<br><br>*Attorneys for Plaintiffs*<br>*JPMorgan Chase & Co.,*<br>*JPMorgan Chase Bank, N.A., and*<br>*JPMorgan Chase Electronic*<br>*Financial Services, Inc.* |

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 28, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF AND E-MAIL

Collins J. Seitz, Jr., Esq.
Kevin F. Brady, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
cseitz@cblh.com
kbrady@cblh.com

I hereby certify that on August 28, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

| | |
|---|---|
| Lewis T. LeClair, Esq.<br>Mike McKool, Esq.<br>McKool Smith<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>lleclair@mckoolsmith.com<br>mmckool@mckoolsmith.com | Brett E. Cooper, Esq.<br>McKool Smith<br>399 Park Avenue<br>New York, NY 10022<br>bcooper@mckoolsmith.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com