IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JP MORGAN CHASE & CO., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 08-189-SLR |
| ) | |
| AFFILIATED COMPUTER SERVICES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 4th day of March, 2009, having reviewed the defendants' motion for leave to file an amended answer and counterclaims, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 63) is granted, for the reasons that follow:

1. Defendants seek to amend their answer and counterclaims with (a) an additional defense under 28 U.S.C. § 1498, and (b) an additional counterclaim and defense of unenforceability of U.S. Patent Nos. 7,165,049 and 7,174,315, based on inequitable conduct during the prosecution of those patents. Plaintiffs oppose the motion based on futility.[1]

2. While it is true that a court may deny a timely motion to amend a pleading

---

[1] Although plaintiffs also assert that the motion should be denied on the grounds of unfair prejudice and undue delay, there is no dispute that the motion was filed timely under the court-approved scheduling order. (D.I. 26) Therefore, this argument is rejected out of hand.

based on futility, I generally reject such futility arguments if they present substantive disputes, either of the law or of the facts. In other words, if matters are pleaded consistent with Rules 8 and 9(b) of the Federal Rules of Civil Procedure, the substantive merits of allegations made in either an amended complaint or an amended answer should be tested through a substantive motion (pursuant to, e.g., Rules 12(b)(6) or 56), not a procedural one.

3. In the case at bar, plaintiffs assert that the § 1498 defense is futile "because ACS cannot demonstrate that its infringing use of the JPMorgan patents is either (1) 'by' the government or (2) 'for' the government and with the government's 'authorization or consent.'" That argument clearly presents issues of fact and law that I am not prepared to decide in this procedural posture.

4. Plaintiffs at bar assert as well that the new allegations of inequitable conduct fail as a matter of law because "they are founded on a regulation that was repealed prior to the time ACS alleges JPMorgan committed inequitable conduct," such regulations are limited in their application to interference proceedings and, as a matter of fact, the contention that the patents contain "identical" claims is false. I am not persuaded, however, that a patentee is ever relieved of its duty of candor or that the claims of two patents should ever be substantially similar.

5. For the reasons stated, I concluded that the allegations at issue have been timely and adequately pled, and have sufficient merit to justify vetting through the

discovery process.[2]

                                                                    _____
                                                                     United States District Judge

---

[2] The parties' respective motions for leave to file sur-reply briefs (D.I. 75, 78) are denied as moot.