## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JPMORGAN CHASE & CO.,  )
JPMORGAN CHASE BANK, N.A. and  )
JPMORGAN CHASE ELECTRONIC  )
FINANCIAL SERVICES, INC.,  )
　　　　　　　　　　　　　　　　　　　) C. A. No. 08-189-SLR
　　　　　Plaintiffs,  )
　　　　　　　　　　　　　　　　　　　)
　　　　v.  ) DEMAND FOR JURY TRIAL
　　　　　　　　　　　　　　　　　　　)
AFFILIATED COMPUTER SERVICES, INC. and )
ACS STATE & LOCAL SOLUTIONS, INC.,  )
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.  )

### FIRST AMENDED ANSWER AND COUNTERCLAIMS TO
### JPMORGAN CHASE'S FIRST AMENDED AND SUPPLEMENTAL
### COMPLAINT FOR DECLARATORY JUDGMENT AND PATENT INFRINGEMENT

Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively,

"ACS") hereby files this first amended answer and counterclaims to the first amended and

supplemental complaint of JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and JPMorgan

Chase Electronic Financial Services, Inc., (collectively "JPMorgan Chase"), dated September 8,

2008 ("the Complaint"), as follows:

### INTRODUCTION

1.　　ACS does not have knowledge or information sufficient to form a belief as to the

averments in Paragraph 1 of the Complaint, and therefore denies same except admits that ACS

was a party in *ACS State & Local Solutions, Inc. v. eftchildsuppoty.com, LLC*, (M.D. Penn.)(CA-

01-2060) and *Pay Child Support Online, Inc., v. ACS State & Local Solutions, Inc.*, (D. Minn)

(CA-02-1321).

2.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 of the Complaint, and therefore denies same.

3.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint, and therefore denies same, except admits that JPMorgan's Complaint purports to seek a declaration of non-infringement and invalidity and that Exhibit A to the Complaint is a copy of United States Patent No. 5,946,669 (the "'669 patent"); Exhibit B to the Complaint is a copy of United States Patent No. 6,119,107 (the "'107 patent"); Exhibit C to the Complaint is a copy of United States Patent No. 7,225,155 (the "'155 patent"); Exhibit D to the Complaint is a copy of United States Patent No. 6,567,821 (the "'821 patent"); and Exhibit E to the Complaint is a copy of United States Patent No. 7,072,909 (the "'909 patent").

4.   ACS denies the averments of Paragraph 4 of the Complaint.

5.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint, and therefore denies same.

6.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint, and therefore denies same, except admits that Exhibit F to the Complaint is a copy of United States Patent No. 7,174,315 (the "'315 patent"); Exhibit G to the Complaint is a copy of United States Patent No. 6,615,190 (the "'190 patent"); Exhibit H to the Complaint is a copy of United States Patent No. 7, 165,049 (the "'049 patent"); Exhibit I to the Complaint is a copy of United States Patent No. 7, 317,823 (the "'823 patent"); and Exhibit J to the Complaint is a copy of United States Patent No. 5,917,965 (the "'965 patent").

3

## PARTIES

7.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint, and therefore denies same.

8.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Complaint, and therefore denies same.

9.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint, and therefore denies same.

10.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint, and therefore denies same except admits that Affiliated Computer Services, Inc. is organized under the laws of the State of Delaware and has a principal place of business in Texas.

11.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint, and therefore denies same except admits that ACS State & Local Solutions, Inc. is organized under the laws of the State of New York, has a principal place of business in Washington, D.C., is a wholly-owned subsidiary of Affiliated Computer Services, Inc., and is the assignee of the '669, '107, '155, '821, and '909 patents.

12.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

13.    ACS denies the averments of paragraph 13 and therefore denies same except admits that JPMorgan's Complaint purports to be an action for declaratory judgment related to patent infringement which would arise under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 et seq.

14.   ACS admits the averments of paragraph 14 that this Court has subject matter jurisdiction for cases that are based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint, and therefore denies same.

16.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint, and therefore denies same.

17.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint, and therefore denies same except admits that the cited website contains the quoted language.

18.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint, and therefore denies same except admits that it has worked with the State of Delaware Administrative Office of the Courts.

19.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint, and therefore denies same except admits that it has worked with the City of Wilmington.

20.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 of the Complaint, and therefore denies same.

## BACKGROUND FACTS COMMON TO DECLARATORY JUDGMENT COUNTS

### The ACS Patents

21.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 of the Complaint, and therefore denies same.

22.   ACS admits the averments of paragraph 22 of the Complaint.

23.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 of the Complaint, and therefore denies same except admits that the '669 Patent was filed on September 30, 1997 and issued on August 31, 1999.  Further, ACS admits that the United States Patent & Trademark Office ("PTO") ordered a reexam of the '669 Patent on October 21, 2003 which resulted in the issuance of a reexamination certificate on August 28, 2007.

24.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Complaint, and therefore denies same except admits that the '107 Patent was filed on January 7, 1998 as a divisional of the '669 Patent and issued on September 12, 2000.  Further, ACS admits that the PTO ordered a reexam of the '107 Patent on October 21, 2003 which resulted in the PTO's issuance of a reexamination certificate on September 25, 2007.

25.   ACS admits the averments in Paragraph 25 of the Complaint.

26.   ACS admits the averments in Paragraph 26 of the Complaint.

27.   ACS admits the averments in Paragraph 27 of the Complaint.

28.   ACS admits the averments in Paragraph 28 of the Complaint.

29.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 of the Complaint, and therefore denies same.

30.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 of the Complaint, and therefore denies same except admits that ACS State & Local Solutions, Inc. is the assignee of the '669, '107, '155, '821, and '909 patents.

### ACS Aggressively Wields the ACS Patents Against Market Competitors

31.   ACS denies the averments in Paragraph 31 of the Complaint.

32.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 of the Complaint, and therefore denies same except to admit that the '669 Patent was filed on September 30, 1997 and the '821 Patent was filed on November 30, 1998.

33.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 of the Complaint, and therefore denies same.

34.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 of the Complaint, and therefore denies same except to admit that ACS has worked with the State of Ohio.

35.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 of the Complaint, and therefore denies same except to admit that it has worked with approximately 14 states as of the Complaint's date.

36.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 of the Complaint, and therefore denies same except admits that it litigated the '107 Patent in a case captioned *ACS State & Local Solutions, Inc. v. eftchildsupport.com, LLC*, Civ. Action No. 01-2060 (M.D. Penn.) with judgment entered in ACS's favor on March 15, 2002.

37.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 of the Complaint, and therefore denies same except admits that the stipulated judgment in the eftchilsupport.com litigation included an injunction.

38.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 of the Complaint, and therefore denies same except admits that it litigated the '669 Patent and '107 Patent against several defendants in a case captioned *Pay*

*Child Support Online, Inc. v. ACS State & Local Solutions, Inc.*, Civ. No. 02-1321 (D. Minn.) with judgment entered in ACS's favor on July 28, 2004.

39.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 of the Complaint, and therefore denies same except admits that the stipulated judgment in the eftchilsupport.com litigation included an injunction.

40.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 of the Complaint, and therefore denies same.

<u>**ACS Solutions Asserts the ACS Patents Against JPMorgan**</u>

41.   ACS admits the averments in Paragraph 41 of the Complaint.

42.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 of the Complaint, and therefore denies same.

43.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 of the Complaint, and therefore denies same except to admit that Exhibit K purports to be a letter from Nicholas Bevilacqua of ACS to Stephen Cutler of JPMorgan Chase, dated November 7, 2007.

44.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44 of the Complaint, and therefore denies same except admits that the quoted language from the November 7, 2007 letter is accurate.

45.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45 of the Complaint, and therefore denies same except admits that Exhibit L purports to be a letter from Andrew Cadel of JPMorgan Chase to Mr. Bevilacqua, dated November 19, 2007.

46. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 46 of the Complaint, and therefore denies same except admits that Exhibit M purports to be an email from Mr. Bevilacqua to Mr. Cadel, dated November 21, 2007.

### JPMorgan Performs Child Support Payment Processing

47. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 of the Complaint, and therefore denies same.

48. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48 of the Complaint, and therefore denies same.

49. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49 of the Complaint, and therefore denies same.

50. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50 of the Complaint, and therefore denies same.

### A Case or Controversy is Present

51. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Complaint, and therefore denies same.

52. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 52 of the Complaint, and therefore denies same.

53. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 53 of the Complaint, and therefore denies same.

54. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 of the Complaint, and therefore denies same except admits that the quoted language from ACS's August 28, 2007 Form 10-K is accurate.

55.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55 of the Complaint, and therefore denies same.

56.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 56 of the Complaint, and therefore denies same.

57.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 57 of the Complaint, and therefore denies same.

58.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58 of the Complaint, and therefore denies same except admits that JPMorgan Chase's Complaint purports to seek a declaratory judgment.

## BACKGROUND FACTS COMMON TO PATENT INFRINGEMENT COUNTS

### The JPMorgan Stored Value Patents

59.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 59 of the Complaint, and therefore denies same.

60.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 60 of the Complaint, and therefore denies same.

61.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 61 of the Complaint, and therefore denies same.

62.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 62 of the Complaint, and therefore denies same except admits that Exhibit F to the Complaint is a copy of the '315 Patent.

63.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63 of the Complaint, and therefore denies same except admits that Exhibit G to the Complaint is a copy of the '190 Patent.

64. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 64 of the Complaint, and therefore denies same except admits that Exhibit H to the Complaint is a copy of the '049 Patent.

65. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 65 of the Complaint, and therefore denies same.

66. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 66 of the Complaint, and therefore denies same.

## ACS Infringes the JPMorgan Stored Value Patents

67. ACS denies the averments of Paragraph 67 of the Complaint.

68. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 68 of the Complaint, and therefore denies same except admits that it has a product called EPPICard.

69. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 69 of the Complaint, and therefore denies same except admits Exhibit N to the Complaint purports to be a portion of the EPPICard.com website.

70. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 70 of the Complaint, and therefore denies same.

71. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 71 of the Complaint, and therefore denies same except admits that the quoted language from the EPPICard.com website is accurate.

72. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 72 of the Complaint, and therefore denies same.

73.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 73 of the Complaint, and therefore denies same.

74.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 74 of the Complaint, and therefore denies same.

75.   ACS denies the averments in Paragraph 75 of the Complaint.

### The JPMorgan Lockbox and Check Imaging Patents

76.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 76 of the Complaint, and therefore denies same.

77.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 77 of the Complaint, and therefore denies same.

78.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 78 of the Complaint, and therefore denies same.

79.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 79 of the Complaint, and therefore denies same.

80.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 80 of the Complaint, and therefore denies same except admits that Exhibit J to the Complaint is a copy of the '965 Patent.

81.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 81 of the Complaint, and therefore denies same except admits that Exhibit I to the Complaint is a copy of the '823 Patent.

82.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 82 of the Complaint, and therefore denies same.

83.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 83 of the Complaint, and therefore denies same.

84.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 84 of the Complaint, and therefore denies same.

### ACS Infringes the JPMorgan Lockbox and Check Imaging Patents

85.   ACS denies the averments of Paragraph 85 of the Complaint.

86.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 86 of the Complaint, and therefore denies same.

87.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 87 of the Complaint, and therefore denies same.

88.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 88 of the Complaint, and therefore denies same.

89.   ACS denies the averments of Paragraph 89 of the Complaint.

### JPMorgan Has Been Irreparably Harmed by Defendants' Continued Infringement

90.   ACS denies the averments in Paragraph 90 of the Complaint.

91.   ACS denies the averments in Paragraph 91 of the Complaint.

92.   ACS denies the averments in Paragraph 92 of the Complaint.

### DECLARATORY JUDGMENT CLAIM

### COUNT I

### Declaratory Judgment of Non-Infringement, United States Patent No. 5,946,669

93.   ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

94.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 94 of the Complaint, and therefore denies same.

95.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 95 of the Complaint, and therefore denies same.

96.  ACS denies the averments in Paragraph 96 of the Complaint.

## COUNT II

### Declaratory Judgment of Invalidity, United States Patent No. 5,946,669

97.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

98.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 98 of the Complaint, and therefore denies same.

99.  ACS denies the averments in Paragraph 99 of the Complaint.

100. ACS denies the averments in Paragraph 100 of the Complaint.

## COUNT III

### Declaratory Judgment of Non-Infringement, United States Patent No. 6,119,107

101. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

102. ACS admits the averment in Paragraph 102 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the infringement of the '107 Patent.

103. ACS denies the averments in Paragraph 103 of the Complaint.

## COUNT IV

### Declaratory Judgment of Invalidity, United States Patent No. 6,119,107

104. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

105. ACS admits the averment in Paragraph 105 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the invalidity of the '107 Patent, and admits that the '107 Patent is valid.

106. ACS denies the averments in Paragraph 106 of the Complaint.

107. ACS denies the averments in Paragraph 107 of the Complaint.

## COUNT V

### Declaratory Judgment of Non-Infringement, United States Patent No. 7,225,155

108. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

109. ACS admits the averment in Paragraph 109 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the infringement of the '155 Patent.

110. ACS denies the averments in Paragraph 110 of the Complaint.

111. ACS denies the averments in Paragraph 111 of the Complaint.

## COUNT VI

### Declaratory Judgment of Invalidity, United States Patent No. 7,225,155

112. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

113. ACS admits the averment in Paragraph 113 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the invalidity of the '155 Patent, and admits that the '155 Patent is valid.

114. ACS denies the averments in Paragraph 114 of the Complaint.

115. ACS denies the averments in Paragraph 115 of the Complaint.

## COUNT VII

### Declaratory Judgment of Non-Infringement, United States Patent No. 6,567,821

116. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

117. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 117 of the Complaint, and therefore denies same.

118. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 118 of the Complaint, and therefore denies same.

119. ACS denies the averments in Paragraph 119 of the Complaint.

## COUNT VIII

### Declaratory Judgment of Invalidity, United States Patent No. 6,567,821

120. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

121. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 121 of the Complaint, and therefore denies same.

122. ACS denies the averments in Paragraph 122 of the Complaint.

123. ACS denies the averments in Paragraph 123 of the Complaint.

## COUNT IX

### Declaratory Judgment of Non-Infringement, United States Patent No. 7,072,909

124. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

125. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 125 of the Complaint, and therefore denies same.

126. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 126 of the Complaint, and therefore denies same.

127. ACS denies the averments in Paragraph 127 of the Complaint.

## COUNT X

### Declaratory Judgment of Invalidity, United States Patent No. 7,072,909

128. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

129. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 129 of the Complaint, and therefore denies same.

130. ACS denies the averments in Paragraph 130 of the Complaint.

131. ACS denies the averments in Paragraph 131 of the Complaint.

## COUNT XI

### Declaratory Judgment of Unenforceability of
### United States Patent Nos. 5,946,669; 6,119,107; and 7,225,155.

132. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

133. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 133 of the Complaint, and therefore denies same.

134. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 134 of the Complaint, and therefore denies same except admits that the Personal Responsibility and Work Opportunity Act of 1996 was enacted on August 22, 1996.

135. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 135 of the Complaint, and therefore denies same.

136. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 136 of the Complaint, and therefore denies same except admits that the quoted language from 42 U.S.C. 654b(a)(2) is accurate.

137. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 137 of the Complaint, and therefore denies same.

138. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 138 of the Complaint, and therefore denies same except admits that Electronic Funds Transfer Project Final Report was cited during reexamination.

139. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 139 of the Complaint, and therefore denies same except admits that amendments were made to the '669 Patent and '107 Patent during reexamination.

140. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 140 of the Complaint, and therefore denies same except admits that amendments were made to the '669 Patent and '107 Patent during reexamination.

141. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 141 of the Complaint, and therefore denies same.

142. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 142 of the Complaint, and therefore denies same.

143. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 143 of the Complaint, and therefore denies same except admits that the quoted language from Lockheed Martin's 10-K is accurate.

144. ACS denies the averments in Paragraph 144 of the Complaint except admits that PRWORA appears on the face of the reexamination certificates of the '669 Patent and '107 Patent.

145. ACS denies the averments in Paragraph 145 of the Complaint except admits that PRWORA appears in the Information Disclosure Statements submitted during the reexaminations of both the '669 Patent and the '107 Patent.

146. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 146 of the Complaint, and therefore denies same.

147. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 147 of the Complaint, and therefore denies same except admits that the quoted language from 37 C.F.R. § 1.56(a) is accurate.

148. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 148 of the Complaint, and therefore denies same except admits that the quoted language from 37 C.F.R. § 1.56(b) is accurate.

149. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 149 of the Complaint, and therefore denies same.

150. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 150 of the Complaint, and therefore denies same.

151. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 151 of the Complaint, and therefore denies same.

152. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 152 of the Complaint, and therefore denies same.

153. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 153 of the Complaint, and therefore denies same.

154. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 154 of the Complaint, and therefore denies same.

155. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 155 of the Complaint, and therefore denies same..

156. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 156 of the Complaint, and therefore denies same.

157. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 157 of the Complaint, and therefore denies same.

158. ACS denies the averments in Paragraph 158 of the Complaint.

159. ACS denies the averments in Paragraph 159 of the Complaint.

160. ACS denies the averments in Paragraph 160 of the Complaint.

## PATENT INFRINGEMENT CLAIMS

## COUNT XII

### Infringement of United States Patent No. 7,174,315

161. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

162. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 162 of the Complaint, and therefore denies same except admits that the '315 Patent, Exhibit F to the Complaint, states it is assigned to JPMorgan Chase Bank, N.A.

163. ACS denies the averments in Paragraph 163 of the Complaint.

164. ACS denies the averments in Paragraph 164 of the Complaint.

165. ACS denies the averments in Paragraph 165 of the Complaint.

## COUNT XIII

### Infringement of United States Patent No. 7,165,049

166. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

167. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 167 of the Complaint, and therefore denies same except admits that the '049 Patent, Exhibit H to the Complaint, states it is assigned to JPMorgan Chase Bank, N.A.

168. ACS denies the averments in Paragraph 168 of the Complaint.

169. ACS denies the averments in Paragraph 169 of the Complaint.

170. ACS denies the averments in Paragraph 170 of the Complaint.

## COUNT XIV

### Infringement of United States Patent No. 6,615,190

171. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

172. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 172 of the Complaint, and therefore denies same except admits that the '190 Patent, Exhibit G to the Complaint, states it is assigned to Bank One, Delaware, National Association.

173. ACS denies the averments in Paragraph 173 of the Complaint.

174. ACS denies the averments in Paragraph 174 of the Complaint.

21

175. ACS denies the averments in Paragraph 175 of the Complaint.

## COUNT XV

### Infringement of United States Patent No. 7,317,823

176. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

177. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 177 of the Complaint, and therefore denies same except admits that the '823 Patent, Exhibit I to the Complaint, states it is assigned to JP Morgan Chase Bank, N. A.

178. ACS denies the averments in Paragraph 178 of the Complaint.

179. ACS denies the averments in Paragraph 179 of the Complaint.

180. ACS denies the averments in Paragraph 180 of the Complaint.

## COUNT XVI

### Infringement of United States Patent No. 5,917,965

181. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

182. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 182 of the Complaint, and therefore denies same except admits that the '965 Patent, Exhibit J to the Complaint, states it is assigned to The Chase Manhattan Bank, N. A.

183. ACS denies the averments in Paragraph 183 of the Complaint.

184. ACS denies the averments in Paragraph 184 of the Complaint.

185. ACS denies the averments in Paragraph 185 of the Complaint.

## RESPONSE TO JPMORGAN CHASE'S PRAYER FOR RELIEF

186. ACS denies that JPMorgan Chase is entitled to any of the relief requested in the Complaint.

## DEFENSES

### FIRST DEFENSE

187. The Complaint fails to state a claim upon which relief can be granted because ACS has not performed any act or thing in violation of any rights validly belonging to JPMorgan Chase.

### SECOND DEFENSE

188. ACS does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '315, '190,'049, '823, and '965 Patents.

### THIRD DEFENSE

189. The '315, '190,'049, '823, and '965 Patents are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112, 132 and 251 of Title 35 of the United States Code.

### FOURTH DEFENSE

190. By reason of the proceedings in the PTO during prosecution of the applications that resulted in the issuance of the '315, '190,'049, '823, and '965 Patents, and the admissions and representations made therein by and on behalf of the applicants in order to induce the grant of the '315, '190,'049, '823, and '965 Patents, JPMorgan Chase is estopped from asserting any construction of the claims of the patent which would cover or include any of the purported acts of infringement of which JPMorgan Chase complains.

### FIFTH DEFENSE

191. JPMorgan Chase's failure to comply with 35 U.S.C. §287(a) precludes, or at least limits, JPMorgan Chase from collecting alleged patent infringement damages from ACS.

### SIXTH DEFENSE

192. JPMorgan Chase's claims for relief are barred in whole or in part, by the equitable doctrines of unclean hands, patent misuse and laches.

### SEVENTH DEFENSE

193. JPMorgan Chase cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

### EIGHTH DEFENSE

194. Pursuant to 28 U.S.C. §1498, JPMorgan Chase is precluded from pursuing ACS for any alleged patent infringement caused by an invention used or manufactured by ACS for the United States.

### NINTH DEFENSE

195. JPMorgan Chase can not enforce the '049 Patent and the '315 Patent due to inequitable conduct.

### COUNTERCLAIMS

ACS for its Counterclaims against JPMorgan Chase and upon information and belief, states as follows:

### THE PARTIES

1. Defendant Affiliated Computer Services, Inc. is a corporation organized under the laws of the State of Delaware having a principal place of business at 2828 North Haskell Dallas, Texas 75204.

2.  Defendant ACS State & Local Solutions, Inc. is a corporation organized under the laws of the State Of New York, having a principal place of business 1800 M Street, NW, Washington, D.C. 20036.

3.  On information and belief, JPMorgan Chase & Co. is organized under the laws of the State of Delaware having a principal place of business at 270 Park Avenue, New York, New York

4.  On information and belief, JPMorgan Chase Bank, N.A. is a National Association having a principal place of business at 1111 Polaris Parkway, Columbus, Ohio and an office at 270 Park Avenue, New York, New York.

5.  On information and belief, JPMorgan Chase Electronic Financial Services, Inc. is a corporation organized under the laws of the State of New York having a principal place of business at 420 West Van Buren Chicago, Illinois 60606.

## JURISDICTION AND VENUE

6.  Subject to ACS's defenses and denials, ACS alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

7.  This Court has personal jurisdiction over JPMorgan Chase.

## FACTUAL BACKGROUND

8.  In its Complaint, JPMorgan Chase asserts that ACS has infringed the '315, '190,'049, '823, and '965 Patents

9.  The '315, '190,'049, '823, and '965 Patents are invalid and/or have not been and are not infringed by ACS, directly or indirectly.

10. The '315 and '049 Patents are unenforceable.

11. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '315, '190,'049, '823, and '965 Patents.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,174,315

12. ACS restates and incorporates by reference its averments in paragraphs 1 through 11 of its Counterclaims.

13. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '315 Patent is not infringed by ACS.

14. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '315 Patent.

15. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '315 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,174,315

16. ACS restates and incorporates by reference its averments in paragraphs 1 through 15 of its Counterclaims.

17. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '315 Patent is invalid.

18. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '315 Patent is invalid.

19. The '315 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,615,190

20. ACS restates and incorporates by reference its averments in paragraphs 1 through 19 of its Counterclaims.

21. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '190 Patent is not infringed by ACS.

22. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '190 Patent.

23. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '190 Patent.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,615,190

24. ACS restates and incorporates by reference its averments in paragraphs 1 through 23 of its Counterclaims.

25. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '190 Patent is invalid.

26. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '190 Patent is invalid.

27. The '190 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

## COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,165,049

28. ACS restates and incorporates by reference its averments in paragraphs 1 through 27 of its Counterclaims.

29. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '049 Patent is not infringed by ACS.

30. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '049 Patent.

31. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '049 Patent.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,165,049

32. ACS restates and incorporates by reference its averments in paragraphs 1 through 31 of its Counterclaims.

33. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '049 Patent is invalid.

34. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '049 Patent is invalid.

35. The '049 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT VII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,317,823

36. ACS restates and incorporates by reference its averments in paragraphs 1 through 35 of its Counterclaims.

37. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '823 Patent is not infringed by ACS.

38. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '823 Patent.

39. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '823 Patent.

## COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,317,823

40. ACS restates and incorporates by reference its averments in paragraphs 1 through 39 of its Counterclaims.

41. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '823 Patent is invalid.

42. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '823 Patent is invalid.

43. The '823 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,917,965

44. ACS restates and incorporates by reference its averments in paragraphs 1 through 43 of its Counterclaims.

45. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '965 Patent is not infringed by ACS.

46. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '965 Patent.

47. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '965 Patent.

## COUNT X

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,917,965

48. ACS restates and incorporates by reference its averments in paragraphs 1 through 47 of its Counterclaims.

49. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '965 Patent is invalid.

50. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '965 Patent is invalid.

51. The '965 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT XI

### Declaratory Judgment of Unenforceability of U.S. Patent Nos. 7,165,049 and 7,174,315

52. ACS restates and incorporates by reference its averments in paragraphs 1 through 51 of its Counterclaims. ACS further pleads the following factual allegations:

53. JPMorgan Chase is knowledgeable about the United States Patent and Trademark Office ("PTO") having secured more than a hundred patents to allegedly protect its purported inventions and technology.

54. Upon information and belief, JPMorgan Chase has both an in-house legal department as well as outside law firms and patent prosecutions firms who together purposely and systematically have obtained all of the JPMorgan Chase patents.

55. Many of the attorneys (and patent agents) who represent JPMorgan Chase regarding its patents are registered with the PTO having duly studied the rules that govern the practice of obtaining patents.

56. At least several of the JPMorgan Chase attorneys (and agents), including one or more attorney (and agent) for each JPMorgan Chase patent that has been applied for, is registered with the PTO having displayed minimal competence by passing a PTO examination, commonly referred to as the patent bar.

57. The rules that govern the practice of obtaining patents before the PTO include, for example, the United States Code ("U.S.C."), the Code of Federal Regulations ("C.F.R."), and the Manual of Patent Examining Procedure ("M.P.E.P.").

58. The U.S.C., C.F.R., and M.P.E.P. define proper practice and procedure such as the duty of candor and what types of disclosure must be made when substantially equivalent claims are submitted to the PTO on more than one patent.

59. The rules include a duty of candor to the PTO during patent examination which requires that all information material to patentability be brought to the attention of the Patent Examiner. 37 C.F.R. § 1.56.

60. The C.F.R. makes clear of the importance of the duty of candor: "A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56(a).

61. The rules also require that "[w]hen an applicant presents a claim which corresponds exactly or substantially to a claim of a patent, the applicant shall identify the patent and the number of the patent claim . . . ." 37 C.F.R § 1.607(c).

62. Further, the M.P.E.P. states that "[w]here claims are copied or substantially copied from a patent, 37 C.F.R § 1.607(c) requires applicant shall, at the time he or she presents the claim(s), identify the patent and the number of the patent claims." M.P.E.P. 2001.06(d).

63. "Clearly, the information required by 37 C.F.R. § 1.607(c) as to the source of copied claims is material information under 37 C.F.R. § 1.56 and failure to inform the []PTO of such information may violate the duty of disclosure." M.P.E.P. 2001.06(d).

64. Submitting substantially identical claims to the PTO is a violation of the rules and regulations governing the attorneys (and agents) and causes a breach of the duty of candor to disclose information regarding patentability of an applicant's patents to the PTO.

65. JPMorgan Chase's '315 Patent was filed on November 15, 2004, and issued February 6, 2007.

66. The '315 Patent claims the benefit of priority to U.S. Patent No. 6,615,189 which was filed June 22, 1998, and issued on September 2, 2003.

67. The '315 Patent names inventors Gregory Phillips, Rebecca Deporte, Jeffrey Norwine, and Penny Joines.

68. The '315 Patent was obtained by the efforts of attorneys, including Thomas D. Bradshaw, who at that time were employed by Hunton & Williams, LLP.

69. Upon information and belief, personnel from JPMorgan Chase's in-house legal department were also involved in obtaining the '315 patent.

70. JPMorgan Chase's '049 Patent was filed on October 31, 2002, and issued January 16, 2007.

71. The '049 Patent claims the benefit of priority to U.S. Patent No. 6,615,190 which was filed February 9, 2000, and issued on September 2, 2003.

72. The '049 Patent names inventor Kim Slater.

73. The '049 Patent was obtained by the efforts of attorneys, including Thomas D. Bradshaw, who at that time were employed by Hunton & Williams, LLP.

74. Upon information and belief, personnel from JPMorgan Chase's in-house legal department were also involved in obtaining the '049 patent.

75. The file histories of the '315 and '049 patents show that at least one registered patent attorney at Hunton & Williams, LLP, Thomas D. Bradshaw (Reg. No. 51,942), substantively worked on both patent applications at the same time.

76. Specifically, Thomas D. Bradshaw filed the '315 Patent application on November 15, 2004, including claims that were substantially similar to those of the '049 Patent application which at that time were already under examination by the PTO.

77. For instance, Claim 1 of the '049 Patent application and the '315 Patent application as they were filed with the PTO are compared in the chart below:

| U.S. Patent No. 7,174,315 | U.S. Patent No. 7,165,049 |
|---|---|
| 1. A computer-implemented method for issuing a stored value card associated with a predetermined transaction network, an issuer, and a sponsoring entity, the method comprising: | 1. A method for issuing a stored value card affiliated with a predetermined credit network, an organization sponsor, and an issuer, wherein the credit network, the issuer, and the organization sponsor each have separate identification indicia, the method comprising: |
| creating one account associated with the stored value card, wherein a sponsoring entity funds the account and the account is independent from any other account; | creating one account associated with the stored value card, wherein the organization sponsor funds the account and the account is independent and unassociated with any other account; and |
| issuing the stored value card to a cardholder, wherein: | issuing the stored value card to a cardholder, wherein: |
| a) the stored value card is marked with the cardholder's name and at least one of a transaction network identification indicia associated with the transaction network and an issuer identification indicia associated with the issuer; | a) the issued stored value card is marked with the cardholder's name and at least one of the credit network identification indicia, the issuer identification indicia, and the organization sponsor identification indicia; |
| b) the stored value card is accepted wherever cards associated with the predetermined transaction network are accepted; and | b) the stored value card is accepted wherever cards associated with the predetermined credit network are accepted; and |

| c) the stored value card uses a one-way only transfer of identification information from the stored value card to the predetermined transaction network. | c) the stored value card uses a one-way only transfer of identification information from the stored value card to the predetermined credit network. |
|---|---|

78. Notably, when Thomas D. Bradshaw submitted the '315 Patent application he made a claim of priority of more than two years earlier than the '049 Patent application.

79. Thus, not only were substantially identical claims submitted to the PTO but the later filed claims (i.e. '315 Patent application) claimed priority to a date earlier than the originally filed claims (i.e. '049 Patent application).

80. Information regarding the substantially similar claims is clearly material to the prosecution of both the '049 Patent and the '315 Patent because two patents cannot claim the same alleged inventive concepts.

81. In addition to filing the '315 patent, Thomas D. Bradshaw also concurrently actively participated in prosecution of the '049 Patent application.

82. For example, Thomas D. Bradshaw filed a response to an Office Action dated November 23, 2004 in the '049 Patent application which was mailed within approximately one week of filing the '315 application.

83. Thomas D. Bradshaw did not disclose the substantially identical claims that were filed in the '315 Patent application during the prosecution of the '049 Patent application.

84. Thomas D. Bradshaw knew, or should have known, that substantially identical patent claims could not be obtained on two different patents from separate inventors.

85. Upon information and belief, Thomas D. Bradshaw's submission of substantially identical claims to the PTO was intentional based on Thomas D. Bradshaw's knowledge

34

regarding the PTO, his registration as a patent attorney, and failure at any time to note the existence of the substantially identical claims.

86. JPMorgan Chase's violation of its duty of candor and failure to disclose the substantially identical claims to the PTO constitutes inequitable conduct, rendering the '049 Patent and the '315 Patent, as well as all continuations, divisions, and continuations-in-part of these patents, unenforceable.

87. ACS is entitled to a declaratory judgment that it cannot be liable to JPMorgan Chase for infringement of the '049 Patent or '315 Patent because each of the aforementioned is unenforceable due to JPMorgan Chase's inequitable conduct as described above.

## COUNT XII

### Infringement of U.S. Patent No. 6,119,107

88. ACS restates and incorporates by reference its averments in paragraphs 1 through 87 of its Counterclaims.

89. United States Patent No. 6,119,107 ("the '107 Patent") entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer And Disbursement Processing Using Addendum-Based Electronic Data Interchange," was duly and legally issued by the United States Patent and Trademark Office on September 12, 2000 after full and fair examination. ACS has all rights, title, and interest in and to the '107 Patent, and possesses all rights of recovery, including the right to recover all past damages, under the '107 Patent. ACS possesses the exclusive rights to make, use, and sell products embodying the patented invention, as well as the rights to sue and to seek an injunction for infringement of its exclusive rights.

90. On information and belief, JP Morgan, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, JP Morgan's child support payment

services, has directly or indirectly infringed, and is continuing to infringe, directly or indirectly, the '107 Patent in this District or otherwise within the United States.

91. JP Morgan has knowledge of the '107 Patent, and has not ceased its infringing activities. JP Morgan's infringement of the '107 Patent has been and continues to be willful and deliberate.

92. As a direct and proximate consequence of the acts and practices of JP Morgan in infringing and/or inducing the infringement of one or more claims of the '107 Patent, ACS has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

93. As a direct and proximate consequence of the acts and practices of JP Morgan in infringing, directly and/or indirectly, one or more claims of the '107 Patent, ACS has suffered, is suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

94. By reason of the infringing acts and practices of JP Morgan, JP Morgan has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ACS for which there is no adequate remedy at law, and for which ACS is entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT XIII

### Infringement of U.S. Patent No. 7,225,155

95. ACS restates and incorporates by reference its averments in paragraphs 1 through 94 of its Counterclaims.

96. United States Patent No. 7,225,155 ("the '155 Patent") entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer And Dispursement Processing Using Addendum-Based Electronic Data Interchange," was duly and legally issued by the United States Patent and Trademark Office on May 29, 2007 after full and fair

36

examination. ACS has all rights, title, and interest in and to the '155 Patent, and possesses all rights of recovery, including the right to recover all past damages, under the '155 Patent. ACS possesses the exclusive rights to make, use, and sell products embodying the patented invention, as well as the rights to sue and to seek an injunction for infringement of its exclusive rights.

97. On information and belief, JP Morgan, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, JP Morgan's child support payment services, has directly or indirectly infringed, and is continuing to infringe, directly or indirectly, the '155 Patent in this District or otherwise within the United States.

98. JP Morgan has knowledge of the '155 Patent, and has not ceased its infringing activities. JP Morgan's infringement of the '155 Patent has been and continues to be willful and deliberate.

99. As a direct and proximate consequence of the acts and practices of JP Morgan in infringing and/or inducing the infringement of one or more claims of the '155 Patent, ACS has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

100.   As a direct and proximate consequence of the acts and practices of JP Morgan in infringing, directly and/or indirectly, one or more claims of the '155 Patent, ACS has suffered, is suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

101.   By reason of the infringing acts and practices of JP Morgan, JP Morgan has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ACS for which there is no adequate remedy at law, and for which ACS is entitled to injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

a. A judgment dismissing JPMorgan Chase's complaint against ACS with prejudice;

b. A judgment in favor of ACS on all of its Counterclaims;

c. A declaration that ACS has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '315, '190,'049, '823, and '965 Patents;

d. A declaration that the '315, '190,'049, '823, and '965 Patents are invalid;

e. A declaration that the '315 and '049 Patents are unenforceable;

f. A declaration that the '107 and '155 Patents are valid and enforceable against JPMorgan;

g. A declaration that JPMorgan has infringed, directly and/or indirectly, the '107 and '155 Patents;

h. Permanently enjoining JPMorgan, and parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the '107 and '155 Patents, or otherwise engaging in acts of infringement of the '107 and '155 Patents, as alleged herein;

i. Ordering an accounting, including a post-verdict accounting, to determine the damages to be awarded to ACS as a result of JPMorgan's infringement;

j. Awarding, pursuant to 35 U.S.C. § 284, ACS such damages as it shall prove at trial against JPMorgan that is adequate to compensate ACS for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

k. Assessing pre-judgment and post-judgment interest and costs against JPMorgan, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

l. A declaration that this case is exceptional and an award to ACS of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

m. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, ACS respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  December 10, 2008.

**CONNOLLY BOVE LODGE & HUTZ LLP**

*/s/ Kevin F. Brady        .*
Collins J. Seitz, Jr.  (Bar. No. 2237)
Kevin F. Brady  (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 656-0116
cseitz@cblh.com
kbrady@cblh.com

*Attorneys for Defendants, Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc.*

Of Counsel:

Mike McKool
Lewis T. LeClair
Theodore Stevenson, III
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

John Campbell
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Brett E. Cooper
399 Park Avenue, Suite 3200
New York, New York 10022
Telephone: (212) 402-9400
Facsimile: (212) 402-9444