

Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

March 27, 2009

**BY E-FILE**

The Honorable Sue L. Robinson
United States District Court for
　the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801

   Re: JPMorgan Chase & Co., *et al.* v. Affiliated Computer
     Services, Inc., *et al.*,
     D. Del., C.A. No. 08-189-SLR

Dear Judge Robinson:

  We represent the JPMorgan Plaintiffs in the above-referenced action. We write to provide the Court with a proposed agenda regarding discovery issues for the status conference scheduled for Monday, March 30, 2009 at 4:30 p.m. As a preliminary matter, let me report that the parties have been working diligently to resolve as many discovery disputes as possible so as not to burden the Court. To that end, over the last few months, the parties have been conducting "meet and confer" discussions at least once a week, and often as many as two or three times a week.

  Nevertheless, as is not atypical, the parties have not achieved agreement on all of the outstanding discovery matters. Accordingly, JPMorgan brings the following issues to your attention:

   1. <u>ACS's Incomplete Document Production</u>

- <u>Concerns Regarding Document Destruction at ACS's "DC Library"</u> – On March 17, 2009, at the invitation of ACS, counsel for JPMorgan conducted an inspection of a "DC Library" of "hard copy" documents maintained at that location. We were informed this was a state-by-state proposal library of products and services offered by ACS that are implicated in this litigation. Upon inspection, however, it was immediately apparent that many, if not all of these documents were slated for "shredding." Indeed, they were designated as such ("To be shredded"). Moreover, an employee of ACS represented to JPMorgan's counsel that

The Honorable Sue L. Robinson
March 27, 2009
Page 2

documents at this location had been undergoing processing and destruction since July of 2008 — some three month after the lawsuit commenced. JPMorgan therefore sought immediate explanations with respect to this admitted document destruction. Since March 17, repeated letters have been sent and at least three "meet and confer" conferences have addressed this issue, however, to date ACS has not provided an explanation with respect to this purported destruction of these relevant documents. After repeated requests that ACS, at a minimum, needed to advise JPMorgan that it has ceased any document destruction, to the extent it occurred, counsel finally received a letter a week later on March 24 indicating that processes were now in place to preserve documents in this library. Obviously, JPMorgan is seriously concerned about the potential destruction of relevant documents to this litigation. We seek further discovery into this issue, a document custodian deposition, and a written explanation as to the circumstances involved here. We believe ACS is amenable to these requests, but we would seek the Court's assistance if that is not the case.

- <u>ACS's Production of Requests for Proposals (RFPs) and Responses</u> – Highly relevant documents to this case include RFPs and their responses. RFPs are requests from potential customers of ACS as to the features and capabilities of the products and services it offers which are accused of infringement in this case. Accordingly, JPMorgan contends these documents constitute critical admissions as to the functionality of the accused products and services at issue here. ACS concedes that its production in this regard is incomplete, and indeed, many of these RFPs and their responses are available in the DC Library mentioned above, and slated for possible destruction. JPMorgan seeks a complete production.

- <u>ACS's Incomplete Production of Technical Documents</u> – A comprehensive set of ACS's technical documents (which JPMorgan contends evidences infringement of its patents) has been delayed and is admittedly incomplete. For example, ACS recently informed JPMorgan that a database located in Austin, TX contains many of these technical documents, but to date have not been produced. Thus, for example, for the accused technology at issue (including Stored Value Cards, Check Imaging and Lockbox Services) ACS has yet to produce a comprehensive set of the internal technical documents. ACS has advised JPMorgan that it would be producing a comprehensive set of its Stored Value Cards documents as of Friday, March 27. However, ACS has not advised JPMorgan of a date by when it will produce a comprehensive set of its Check Imaging and Lockbox documents. This leaves JPMorgan without a meaningful opportunity to review these productions prior to submitting this agenda, and prior to completing responses to infringement contention interrogatories that are due on April 3, 2009 under the Court's Scheduling Order. A production of critical technical documents, RFPs and their responses, some three weeks after the Court's Scheduling Order imposed a March 6 deadline, prejudices JPMorgan's ability to comply with the April 3 deadline.

- <u>Agreements Between ACS and Third Party Subcontractors/Vendors</u> – ACS has not produced relevant agreements between ACS and its subcontractors and vendors that perform services and provide products that are subject to accusations of infringement in this litigation. These documents are critical to evidence the control and direction by ACS with respect to these accused products and services.

- <u>ACS's Inventor Declaration</u> – During the reexamination of the ACS patents-in-suit (including United States Patent No. 6,119,107), ACS submitted certain declarations to the United States Patent and Trademark Office (PTO). These declarations disclosed the substance of various communications between the inventor John Polk and patent prosecution attorneys concerning the preparation and prosecution of ACS's patents, including the drafting of the patent and the claims. Portions of documents submitted with these declarations, however, were redacted as privileged. As a result of the selective disclosure of the material to the PTO, however, ACS has waived any claim of privilege — to the extent one existed — concerning communications on the same subject matter. Accordingly, JPMorgan seeks discovery as to all relevant communications concerning these statements made to the PTO which are central to JPMorgan's claims of inequitable conduct.

    2.    <u>ACS's Inadequate Responses to JPMorgan's Interrogatories</u>. ACS has not provided substantive answers to 20 of JPMorgan's 26 outstanding interrogatories. We would request that ACS provide substantive answers based on information readily in its possession to JPMorgan's interrogatories, including, by way of example:

- Interrogatory No. 9 requesting the basis for ACS's affirmatively pleaded defenses of unclean hands, patent misuse, and laches.

- Interrogatory No. 10 requesting identification of when ACS first received notice of the JPMorgan Patents.

- Interrogatory No. 17 requesting identification of any assignments, licenses, settlement agreements, or the like relevant to the ACS Patents.

JPMorgan's interrogatories were all served by at least October 2008. Only recently, however, has ACS agreed to provide answers for the first time to JPMorgan's interrogatories seeking an identification of ACS's infringing products, including:

- Identification of each of ACS's stored value cards (Interrogatory No. 11).

- Identification of each of ACS's lockbox systems (Interrogatory No. 22).

The Honorable Sue L. Robinson
March 27, 2009
Page 4

- Identification of each of ACS's check imaging systems (Interrogatory No. 23).[1]

Identification of these products is critical to JPMorgan's ability to evaluate the ACS document production and conduct an infringement analysis. As with ACS's document production delay, ACS's delay in answering these interrogatories prejudices JPMorgan's ability to comply with the April 3 deadline. We need meaningful responses at the earliest opportunity.

        3.    <u>Schedule for infringement contentions.</u> As noted above, the parties are due to serve initial infringement contentions on or before Friday, April 3, 2009. Given the other delays, the parties have agreed that they will serve supplemental infringement contentions at appropriate intervals thereafter during discovery, and that the parties are not limited to the contentions served on April 3.

Respectfully,

*[signature]*

Philip A. Rovner
provner@potteranderson.com

PAR/mes/909122
Enc.
cc: Clerk of the Court – by CM-ECF and Hand Delivery
    Collins J. Seitz, Jr., Esq. – By CM-ECF and E-mail
    Lewis T. LeClair, Esq. – by E-mail
    Brett E. Cooper, Esq. – by E-mail
    Scott L. Robertson, Esq. – by E-mail
    Stephen T. Schreiner, Esq. – by E-mail

---

[1] On March 24, 2009, ACS agreed to try to provide answers to these interrogatories by Friday, March 27, 2009. ACS also agreed to supplement its answers to JPMorgan Interrogatory Nos. 19 and 20 by Friday, March 27, 2009.