# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE & CO., <br> JPMORGAN CHASE BANK, N.A. and <br> JPMORGAN CHASE ELECTRONIC <br> FINANCIAL SERVICES, INC., <br> *Plaintiffs*, <br> v. <br> AFFILIATED COMPUTER SERVICES, INC. and <br> ACS STATE & LOCAL SOLUTIONS, INC., <br> *Defendants*. | Civil Action No: 08-189-SLR |

## STIPULATED ORDER OF PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)

In its amended and supplemental Complaint dated September 8, 2008, Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase Electronic Financial Services, Inc. (collectively, "JPMorgan") asserted that Defendants Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively, "ACS") infringe certain JPMorgan patents by, *inter alia*, providing products and services as a subcontractor for the United States Government's Direct Express program for disbursement of social security benefits. (*See* D.I. 46 at ¶ 12.)

ACS asserted an affirmative defense to the alleged infringement pursuant to 28 U.S.C. § 1498 for the products and services that ACS provides as a subcontractor for the United States Government's Direct Express program. JPMorgan contended that the ACS activity at issue was not subject to 28 U.S.C. § 1498.

After the United States Department of the Treasury became aware of this issue in this case regarding the Government's Direct Express program, the Assistant Commissioner of the Financial Management Service, United States Department of the Treasury, issued a letter to Comerica Bank and its subcontractors (including ACS) in which the Assistant Commissioner granted authorization and consent, without prejudice to any rights of indemnification, for all use and manufacture of any invention described in and covered by JPMorgan's U. S. Patent Numbers 7,174,315, 6,615,190, 7,165,049, 7,317,823, and 5,917,965, (collectively, the "JPMorgan patents-in-suit") to ACS, among others, for the Direct Express program. (*See* Letters dated March 6, 2009 and March 9, 2009, from S. Morrow, Assistant Commissioner of the Financial Management Service, Department of Treasury to M. Aprin of Comerica Bank, attached hereto as Exhibit A.) The Assistant Commissioner of the Financial Management Service is responsible for supervising the Direct Express program for the United States, and thus, has the authority to consent to ACS's allegedly infringing activity on behalf of the United States.

Accordingly, JPMorgan's remedy for any alleged infringement related to the Government's Direct Express program must be sought via an administrative claim submitted to the appropriate Government agency or an action filed against the United States in the United States Court of Federal Claims.

**THEREFORE, IT IS STIPULATED AND AGREED PURSUANT TO FED. R. CIV. PRO. 41(a)(1)(A)(ii),** by and between and JPMorgan and ACS, that:

(1)  Subject to paragraph (3) below, all of JPMorgan's claims in this action with respect to ACS's alleged infringement of JPMorgan's patents-in-suit due to ACS's provision of products and services as a subcontractor for the United States Government's Direct Express program are dismissed;

2

(2)  Subject to paragraph (3) below, all of ACS's counterclaims and defenses with respect to ACS's provision of products and services as a subcontractor for the United States Government's Direct Express program are dismissed; and

(3)  This stipulated dismissal shall not affect or waive any claims, counterclaims or defenses other than as specified in paragraphs (1) and (2) above. For the avoidance of doubt, nothing in this Stipulation shall be interpreted to affect or waive:

(i) Any claims that JPMorgan or any other party may elect to bring against the United States Government in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498;

(ii) Any administrative claims for compensation that JPMorgan or any other party may elect to submit to a Government agency, for any alleged infringement related to the Government's Direct Express program; and

(iii). Any counterclaims or defenses that may exist against such claims either brought by JPMorgan or any other party against the United States Government, or submitted by JPMorgan or any other party to a Government agency for compensation.

The terms of this Agreement shall become effective upon entry of this Stipulation by the Court.

| POTTER ANDERSON & CORROON LLP | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
| By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware 19899<br>    (302) 984-6000<br>    provner@potteranderson.com | By: /s/ Kevin F. Brady<br>    Collins J. Seitz, Jr. (# 2237)<br>    Kevin F. Brady (# 2248)<br>    1007 North Orange Street<br>    P.O. Box 2207<br>    Wilmington, DE 19899<br>    (302) 658-9141<br>    cseitz@cblh.com<br>    kbrady@cblh.com |
| OF COUNSEL: | OF COUNSEL: |
| Scott L. Robertson<br>Jennifer A. Albert<br>Thomas J. Scott, Jr.<br>Stephen T. Schreiner<br>Eleanor M. Hynes<br>GOODWIN PROCTER LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>(202) 346-4000 | Mike McKool<br>Theodore Stevenson, III<br>MCKOOL SMITH P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>(214) 978-4000 |
| *Attorneys for Plaintiffs<br>JPMorgan Chase & Co.,<br>JPMorgan Chase Bank, N.A., and<br>JPMorgan Chase Electronic<br>Financial Services, Inc.* | *Attorneys for Defendants Affiliated<br>Computer Services, Inc., and ACS State &<br>Local Solutions, Inc.* |
| Dated: March 31, 2009 | Dated: March 31, 2009 |

SO ORDERED this _____ day of March, 2009.

_____
United States District Judge

909604