# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE & CO., ) | |
| JPMORGAN CHASE BANK, N.A. and ) | |
| JPMORGAN CHASE ELECTRONIC ) | |
| FINANCIAL SERVICES, INC., ) | |
| ) | Civil Action No. 08-189-SLR |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| AFFILIATED COMPUTER SERVICES, INC. and ) | |
| ACS STATE & LOCAL SOLUTIONS, INC., ) | |
| ) | |
| *Defendants.* ) | |

## ANSWER TO ACS'S [THIRD] AMENDED COUNTERCLAIMS

JPMorgan Chase & Co. ("JPMC"), JPMorgan Chase Bank, N.A. ("JPMCB"), and JPMorgan Chase Electronic Financial Services, Inc. ("JPMorgan EFS") (collectively, "JPMorgan"), hereby Answer the Amended Counterclaims of Affiliated Computer Services, Inc. ("ACSI") and ACS State & Local Solutions, Inc. ("ACS Solutions") (collectively, "ACS"), dated May 1, 2009, as follows:

### PARTIES

1. JPMorgan admits the allegations in Paragraph 1.

2. JPMorgan admits the allegations in Paragraph 2.

3. JPMorgan admits the allegations in Paragraph 3.

4. JPMorgan admits the allegations in Paragraph 4.

5. JPMorgan admits the allegations in Paragraph 5.

6. Paragraph 6 contains a characterization of ACS's Third Amended Counterclaims. This characterization requires no response.

## JURISDICTION AND VENUE

7.      JPMorgan admits that the Court has jurisdiction over the subject matter of ACS's Counterclaims and that venue is proper in this district.   JPMorgan denies the remaining allegations in Paragraph 7.

8.      JPMorgan admits the allegations in Paragraph 8.

## FACTUAL BACKGROUND

9.      JPMorgan admits the allegations in Paragraph 9.

10.    JPMorgan denies the allegations in Paragraph 10.

11.    JPMorgan denies the allegations in Paragraph 11.

12.    JPMorgan admits that there is an actual case or controversy between the parties regarding the infringement, validity, and/or unenforceability of U.S. Patent Nos. 7,174,315 ("the '315 Patent"), 6,615,190 ("the '190 Patent"), 7,165,049 ("the '049 Patent"), 7,317,823 ("the '823 Patent"), and 5,917,965 ("the '965 Patent") (collectively, "the JPMorgan Patents").   JPMorgan denies the remaining allegations in Paragraph 12.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,174,315

13.    JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 12 above.

14.    JPMorgan admits the allegations in Paragraph 14.

15.    JPMorgan admits the allegations in Paragraph 15.

16.    JPMorgan denies the allegations in Paragraph 16.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,174,315

17.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 16 above.

18.     JPMorgan admits the allegations in Paragraph 18.

19.     JPMorgan admits the allegations in Paragraph 19.

20.     JPMorgan denies the allegations in Paragraph 20.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,615,190

21.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 20 above.

22.     JPMorgan admits the allegations in Paragraph 22.

23.     JPMorgan admits the allegations in Paragraph 23.

24.     JPMorgan denies the allegations in Paragraph 24.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,615,190

25.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 24 above.

26.     JPMorgan admits the allegations in Paragraph 26.

27.     JPMorgan admits the allegations in Paragraph 27.

28.     JPMorgan denies the allegations in Paragraph 28.

## COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,165,049

29.     JPMorgan repeats and incorporates its answers to the allegations contained in

paragraphs 1 – 28 above.

30.     JPMorgan admits the allegations in Paragraph 30.

31.     JPMorgan admits the allegations in Paragraph 31.

32.     JPMorgan denies the allegations in Paragraph 32.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,165,049

33.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 32 above.

34.     JPMorgan admits the allegations in Paragraph 34.

35.     JPMorgan admits the allegations in Paragraph 35.

36.     JPMorgan denies the allegations in Paragraph 36.

## COUNT VII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,317, 823

37.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 36 above.

38.     JPMorgan admits the allegations in Paragraph 38.

39.     JPMorgan admits the allegations in Paragraph 39.

40.     JPMorgan denies the allegations in Paragraph 40.

## COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,317, 823

41.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 40 above.

42.     JPMorgan admits the allegations in Paragraph 42.

43.     JPMorgan admits the allegations in Paragraph 43.

44.     JPMorgan denies the allegations in Paragraph 44.

## COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,917,965

45.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 44 above.

46.     JPMorgan admits the allegations in Paragraph 46.

47.     JPMorgan admits the allegations in Paragraph 47.

48.     JPMorgan denies the allegations in Paragraph 48.

## COUNT X

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,917,965

49.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 48 above.

50.     JPMorgan admits the allegations in Paragraph 50.

51.     JPMorgan admits the allegations in Paragraph 51.

52.     JPMorgan denies the allegations in Paragraph 52.

## COUNT XI

### Declaratory Judgment of Unenforceability of U.S. Patent Nos. 6,615,190, 7,165,049 and 7,174,315

53.     JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 52 above.

54.     JPMorgan admits that it is the lawful assignee of all right, title, and interest in more than one-hundred (100) patents.  JPMorgan otherwise denies the remaining allegations in Paragraph 54.

55.     JPMorgan admits that it has an in-house legal department, and further admits that it retains outside counsel for the purpose of, *inter alia*, prosecuting patent applications before the United States Patent & Trademark Office ("PTO"). JPMorgan otherwise denies the remaining allegations in Paragraph 55.

56.     JPMorgan admits that only registered attorneys and patent agents are permitted to practice before the PTO in patent matters. JPMorgan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and on that basis denies them.

57.     JPMorgan admits that only registered attorneys and patent agents are permitted to practice before the PTO in patent matters. JPMorgan further admits that the PTO's registration exam is colloquially referred to as the "patent bar." JPMorgan is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and on that basis denies them.

58.     JPMorgan admits only that the Code of Federal Regulations ("C.F.R") and United States Code ("U.S.C.") set forth certain law regarding practice before the PTO. JPMorgan further admits that the Manual of Patent Examining Procedure ("M.P.E.P.") sets forth guidance regarding practice before the PTO. However, the M.P.E.P. does not have the force of law. JPMorgan otherwise denies the remaining allegations in Paragraph 58.

59.     JPMorgan admits only that the C.F.R. and U.S.C. set forth certain law regarding practice before the PTO, including the duty of candor. JPMorgan otherwise denies the remaining allegations in Paragraph 59.

60.     JPMorgan admits only that 37 C.F.R. § 1.56 presently states, in relevant part: "…[e]ach individual associated with the filing and prosecution of a patent application has a duty

of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section," (2009).  JPMorgan otherwise denies the remaining allegations in Paragraph 60.

61.    JPMorgan admits that the quoted portion of 37 C.F.R. § 1.56 in Paragraph 60 is accurate.  JPMorgan otherwise denies the remaining allegations in Paragraph 61.

62.    JPMorgan denies the allegations in Paragraph 62.

63.    JPMorgan admits only that the quoted portion of M.P.E.P. 2001.06(d) is accurate. JPMorgan otherwise denies the remaining allegations in Paragraph 63.

64.    JPMorgan admits only that the quoted portion of M.P.E.P. 2001.06(d) is accurate. JPMorgan further admits that 37 C.F.R. 1.607(c) has been superseded.   JPMorgan otherwise denies the remaining allegations in Paragraph 64.

65.    JPMorgan denies the allegations in Paragraph 65.

66.    JPMorgan denies the allegations in Paragraph 66.

67.    JPMorgan denies the allegations in Paragraph 67.

68.    JPMorgan denies the allegations in Paragraph 68.

69.    JPMorgan denies the allegations in Paragraph 69.

70.    JPMorgan denies the allegations in Paragraph 70.

71.    JPMorgan denies the allegations in Paragraph 71.

72.    JPMorgan admits the allegations in Paragraph 72.

73.    JPMorgan admits the allegations in Paragraph 73.

74.    JPMorgan admits the allegations in Paragraph 74.

75.    JPMorgan admits only that Thomas D. Bradshaw and Stephen T. Schreiner participated in the prosecution of the application that matured into the '315 Patent, and further,

that Mr. Bradshaw and Mr. Schreiner were formerly employed by the law firm of Hunton & Williams LLP. JPMorgan otherwise denies the remaining allegations in Paragraph 75.

76.     JPMorgan admits the allegations in Paragraph 76.

77.     JPMorgan denies the allegations in Paragraph 77.

78.     JPMorgan admits the allegations in Paragraph 78.

79.     JPMorgan admits the allegations in Paragraph 79.

80.     JPMorgan admits the allegations in Paragraph 80.

81.     JPMorgan admits only that Thomas D. Bradshaw and Stephen T. Schreiner participated in the prosecution of the application that matured into the '049 Patent, and further, that Mr. Bradshaw and Mr. Schreiner were formerly employed by the law firm of Hunton & Williams LLP. JPMorgan otherwise denies the remaining allegations in Paragraph 81.

82.     JPMorgan admits the allegations in Paragraph 82.

83.     JPMorgan denies the allegations in Paragraph 83.

84.     JPMorgan admits only that Thomas D. Bradshaw participated in the prosecution of both of the applications that matured into the '315 and '049 Patents. JPMorgan otherwise denies the remaining allegations in Paragraph 84.

85.     JPMorgan admits only that the '315 Patent application was filed on November 15, 2004. JPMorgan otherwise denies the remaining allegations in Paragraph 85.

86.     JPMorgan admits only that Paragraph 86 purports to quote Claim 1 of the applications that matured into the '315 and '049 Patents, as filed. JPMorgan otherwise denies the remaining allegations in Paragraph 86.

87.     JPMorgan admits only that Paragraph 87 purports to quote Claims 2 and 4 of the applications that matured into the '315 and '049 Patents, as filed.  JPMorgan otherwise denies the remaining allegations in Paragraph 87.

88.     JPMorgan admits only that the '315 Patent claims the benefit of priority to an application that was filed prior to the filing date of the application that matured into the '049 Patent. JPMorgan otherwise denies the remaining allegations in Paragraph 88.

89.     JPMorgan denies the allegations in Paragraph 89.

90.     JPMorgan denies the allegations in Paragraph 90.

91.     JPMorgan admits only that Thomas D. Bradshaw participated in the prosecution of the applications that matured into the '049 and '315 Patents.  JPMorgan otherwise denies the remaining allegations in Paragraph 91.

92.     JPMorgan admits only that on June 28, 2005, Thomas D. Bradshaw filed a response to a Non-Final Office Action dated November 23, 2004 that was issued by the PTO in connection with the application that matured into the '049 Patent.  JPMorgan otherwise denies the remaining allegations in Paragraph 92.

93.     JPMorgan denies the allegations in Paragraph 93.

94.     JPMorgan denies the allegations in Paragraph 94.

95.     JPMorgan denies the allegations in Paragraph 95.

96.     JPMorgan denies the allegations in Paragraph 96.

97.     JPMorgan denies the allegations in Paragraph 97.

98.     JPMorgan denies the allegations in Paragraph 98.

99.     JPMorgan denies the allegations in Paragraph 99.

100.    JPMorgan denies the allegations in Paragraph 100.

101.    JPMorgan denies the allegations in Paragraph 101.

102.    JPMorgan denies the allegations in Paragraph 102.

103.    JPMorgan denies the allegations in Paragraph 103.

104.    JPMorgan denies the allegations in Paragraph 104.

105.    JPMorgan admits that Kim Slater was an employee of JPMorgan's predecessor-in-interest at the time the application that matured into '190 Patent was filed.   JPMorgan otherwise denies the remaining allegations in Paragraph 105.

106.    JPMorgan admits only that inventors have a duty of candor.   JPMorgan otherwise denies the remaining allegations of Paragraph 106.

107.    JPMorgan admits only that Paragraph 107 purports to quote portions of the '190 and '049 Patents.  JPMorgan otherwise denies the remaining allegations of Paragraph 107.

108.    JPMorgan denies the allegations in Paragraph 108.

109.    JPMorgan denies the allegations in Paragraph 109.

110.    JPMorgan denies the allegations in Paragraph 110.

111.    JPMorgan denies the allegations in Paragraph 111.

112.    JPMorgan denies the allegations in Paragraph 112.

113.    JPMorgan denies the allegations of Paragraph 113.

114.    JPMorgan denies the allegations in Paragraph 114.

115.    JPMorgan denies the allegations in Paragraph 115.

116.    JPMorgan denies the allegations in Paragraph 116.

117.    JPMorgan admits only that as an inventor, Kim Slater had a duty of candor to the PTO during the examination of the applications that matured into the '190 and '049 Patents. JPMorgan otherwise denies the remaining allegations of Paragraph 117.

118.   JPMorgan denies the allegations in Paragraph 118.

119.   JPMorgan denies the allegations in Paragraph 119.

120.   JPMorgan denies the allegations in Paragraph 120.

121.   JPMorgan denies the allegations in Paragraph 121.

122.   JPMorgan denies the allegations in Paragraph 122.

123.   JPMorgan denies the allegations in Paragraph 123.

124.   JPMorgan denies the allegations in Paragraph 124.

125.   JPMorgan denies the allegations in Paragraph 125.

126.   JPMorgan denies the allegations in Paragraph 126.

## COUNT XII

### Infringement of U.S. Patent No. 6,119,107

127.   JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 126 above.

128.   JPMorgan admits that U.S. Patent No. 6,119,107 ("the '107 Patent") is entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer and Disbursement Processing Using Addendum-Based Electronic Data Interchange." JPMorgan denies the allegation that the '107 Patent was "duly and legally issued by the United States Patent Office on September 12, 2000 after full and fair examination." JPMorgan is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and on that basis denies them.

129.   JPMorgan denies the allegations in Paragraph 129.

130.   JPMorgan denies the allegations in Paragraph 130.

131.   JPMorgan denies the allegations in Paragraph 131.

132.   JPMorgan denies the allegations in Paragraph 132.

133.   JPMorgan denies the allegations in Paragraph 133.

## COUNT XIII

### Infringement of U.S. Patent No. 7,225,155

134.   JPMorgan repeats and incorporates its answers to the allegations contained in paragraphs 1 – 133 above.

135.   JPMorgan admits that U.S. Patent No. 7,225,155 ("the '155 Patent") is entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer and Disbursement Processing Using Addendum-Based Electronic Data Interchange." JPMorgan denies the allegation that the '155 Patent was "duly and legally issued by the United States Patent Office on May 29, 2007 after full and fair examination." JPMorgan is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and on that basis denies them.

136.   JPMorgan denies the allegations in Paragraph 136.

137.   JPMorgan denies the allegations in Paragraph 137.

138.   JPMorgan denies the allegations in Paragraph 138.

139.   JPMorgan denies the allegations in Paragraph 139.

140.   JPMorgan denies the allegations in Paragraph 140.

## GENERAL DENIAL

141.   Except as specifically admitted, JPMorgan denies each and every allegation contained in the Counterclaims and denies that ACS is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

142.   In addition to the defenses described below, JPMorgan expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

143.    ACS's claims are barred in whole or in part because ACS has failed to state a claim upon which relief may be granted because JPMorgan has not performed any act in violation of an rights validly owned by ACS.

## SECOND DEFENSE: NO INJUNCTIVE RELIEF

144.    ACS is not entitled to injunctive relief because any injury to ACS is not immediate or irreparable, and/or ACS has an adequate remedy at law.

## THIRD DEFENSE: LACHES, WAIVER AND ESTOPPEL

145.    ACS's claims are barred in whole or in part by the doctrine of laches.

146.    ACS's claims are barred in whole or in part by the doctrines of waiver and estoppel.

## FOURTH DEFENSE: INVALIDITY

147.    One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112 and 305.

## FIFTH DEFENSE: UNENFORCEABILITY

148.    The '107 and '155 Patents are unenforceable because of the nature of ACS's conduct in obtaining, exploiting, and enforcing said patents and related patents including U.S. Pat. No. 5,946,669.

149.    As set forth in JPMorgan's Complaint, incorporated herein by reference, the '107 and '155 Patents are invalid and/or unenforceable by reason of the inequitable conduct of ACS or its predecessors in the prosecution of the respective applications for such patents before the United States Patent & Trademark Office.

## SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

150.    ACS's claims are barred in whole or part by the doctrine of prosecution history estoppel and/or disclaimer.

## SEVENTH DEFENSE: UNCLEAN HANDS & PATENT MISUSE

151.    ACS's claims are barred in whole or part by reason of its unclean hands and patent misuse.

## EIGHTH DEFENSE: NOT UNLAWFUL OR UNFAIR

152.    ACS's claims are barred in whole or part because JPMorgan's conduct was performed in the exercise of an absolute right, licensed, proper and/or justified.

153.    ACS's claims are barred in whole or part by the doctrine of intervening rights.

## NINTH DEFENSE: CONSENT

154.    ACS's claims are barred in whole or part because ACS implicitly consented to JPMorgan's conduct.

## TENTH DEFENSE: NONINFRINGEMENT

155.    ACS's claims are barred in whole or part because JPMorgan has not directly or indirectly, contributorily or by inducement, infringed the '107 and '155 Patents.

## ELEVENTH DEFENSE: FAILURE TO MARK

156.    ACS's failure to mark and/or give notice of the '107 and '155 Patents despite actual knowledge of products and services sold by or on behalf of JPMorgan prevents ACS from recovering damages prior to actual notice of each of the patents pursuant to 35 U.S.C. § 287.

## TWELFTH DEFENSE: NO INEQUITABLE CONDUCT

157.    The '315, '190 and '049 Patents are not invalid and/or unenforceable by reason of the inequitable conduct of JPMorgan or its predecessors in the prosecution of the respective applications for such patents before the United States Patent & Trademark Office.

14

## PRAYER FOR RELIEF

WHEREFORE, JPMorgan respectfully requests that this Court enter a judgment for JPMorgan, and against ACS:

A.      Dismissing ACS's Counterclaims with prejudice;

B.      Declaring that the claims of U.S. Patent No. 5,946,669 are invalid;

C.      Declaring that no valid claim of U.S. Patent No. 5,946,669 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

D.      Declaring that the claims of U.S. Patent No. 6,119,107 are invalid;

E.      Declaring that no valid claim of U.S. Patent No. 6,119,107 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

F.      Declaring that the claims of U.S. Patent No. 7,225,155 are invalid;

G.      Declaring that no valid claim of U.S. Patent No. 7,225,155 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

H.      Declaring that each of U.S. Pat. Nos. 5,946,669; 6,119,107; 7,225,155; and upon issuance, any continuations, divisionals, or other applications related under 35 U.S.C. § 120, are, and or, would be unenforceable.

I.      Declaring that the claims of U.S. Patent No. 6,567,821 are invalid;

J.      Declaring that no valid claim of U.S. Patent No. 6,567,821 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

K.      Declaring that the claims of U.S. Patent No. 7,072,909 are invalid;

L.      Declaring that no valid claim of U.S. Patent No. 7,072,909 has been infringed by JPMorgan directly, indirectly, by inducement of infringement, or otherwise;

M.   Decreeing that the U.S. Patent No. 7,174,315 is valid and enforceable against each of the Defendants, that U.S. Patent No. 6,615,190 is valid and enforceable against each of the Defendants, that U.S. Patent No. 7,165,049 is valid and enforceable against each of the Defendants, that U.S. Patent No. 5,917,965 is valid and enforceable against each of the Defendants, and that U.S. Patent No. 7,317,823 is valid and enforceable against each of the Defendants;

N.   Decreeing that each of the Defendants has infringed, directly and indirectly, U.S. Patent Nos. 7,174,315, 6,615,190, 7,165,049, 5,917,965, and 7,317,823;

O.   Permanently enjoining each of the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the JPMorgan Patents, or otherwise engaging in acts of infringement of the JPMorgan Patents, all as alleged herein;

P.   Ordering an accounting, including a post-verdict accounting, to determine the damages to be awarded to JPMorgan as a result of each of the Defendants' infringement;

Q.   Awarding, pursuant to 35 U.S.C. § 284, JPMorgan such damages as it shall prove at trial against each of the Defendants that is adequate to compensate JPMorgan for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

R.    Assessing pre-judgment and post-judgment interest and costs against each of the

Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §

284;

S.    Declaring this case to be exceptional and directing Defendants to pay JPMorgan's

attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

T.    Granting to JPMorgan such other, further, and different relief as may be just and

proper.

## JURY DEMAND

JPMorgan demands a trial by jury of all matters to which it is entitled to trial by jury

pursuant to Fed. R. Civ. P. 38.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Thomas J. Scott, Jr.
Stephen T. Schreiner
Eleanor M. Hynes
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000

Dated:  May 15, 2009
916426

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*
*JPMorgan Chase & Co.,*
*JPMorgan Chase Bank, N.A., and*
*JPMorgan Chase Electronic*
*Financial Services, Inc.*

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 15, 2009, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF AND E-MAIL

Collins J. Seitz, Jr., Esq.
Kevin F. Brady, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
cseitz@cblh.com
kbrady@cblh.com

I hereby certify that on May 15, 2009 I have sent by E-mail the foregoing

document to the following non-registered participants:

Lewis T. LeClair, Esq.                      Brett E. Cooper, Esq.
Mike McKool, Esq.                           McKool Smith
McKool Smith                                399 Park Avenue
300 Crescent Court, Suite 1500              New York, NY  10022
Dallas, TX  75201                           bcooper@mckoolsmith.com
lleclair@mckoolsmith.com
mmckool@mckoolsmith.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com