**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JPMORGAN CHASE & CO., <br> JPMORGAN CHASE BANK, N.A. and <br> JPMORGAN CHASE ELECTRONIC <br> FINANCIAL SERVICES, INC., <br><br>               *Plaintiffs,* <br><br>         v. <br><br> AFFILIATED COMPUTER SERVICES, INC. and <br> ACS STATE & LOCAL SOLUTIONS, INC., <br><br>               *Defendants.* | ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 08-189-SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT CLAIM CONSTRUCTION STATEMENT

Pursuant to the Court's Amended Scheduling Order (D.I. 312), Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase Electronic Financial Services, Inc. (collectively "JPMorgan") and Defendants Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively "ACS"), hereby submit this Joint Claim Construction Statement regarding the construction of claim terms, phrases, and clauses identified in U.S. Patent Nos. 7,174,315 ("the '315 Patent); 6,615,190 ("the '190 Patent"); 7,165,049 ("the '049 Patent"); 5,917,965 ("the '965 Patent); 7,317,823 ("the '823 Patent"); 5,946,669 ("the '669 Patent"), 6,119,107 ("the '107 Patent") and 7,225,155 ("the '155 Patent"). The parties reserve the right to amend these proposed constructions if and when additional information becomes available (e.g., during fact and expert discovery).

## I.  THE CONSTRUCTION OF CLAIM TERMS, PHRASES, OR CLAUSES ON WHICH THE PARTIES AGREE

The parties agree to the meaning of the following claim terms:

| PATENT | CLAIM TERM | CONSTRUCTION |
|---|---|---|
| The '965 Patent | | |
| | magnetic ink code line | a series of alpha-numeric digits encoded in magnetic ink |
| The '823 Patent | | |
| | lockbox remittance | payment information provided to a lockbox processing system in the form of at least a check and a document associated with a check that form a group |
| The '315, '190, and '049 Patents | | |
| | one-way only transfer of identification information | transfer of identification information only from the card to the network wherein no identification information is transferred to the card from the network |
| The '669, '107, and '155 Patents | | |
| | disbursement | funds to be distributed to a recipient/payee |
| | disbursement information | information pertaining to a distribution of funds to a recipient/payee |
| | disbursement transaction information | information received from a state regarding authorization to distribute funds to a recipient/payee |
| | ACH | Automated Clearing House - an electronic network for financial transactions |
| | collector | an entity (such as an employer) that transmits payment and disbursement information to an accumulator agency on behalf of a payor/employee |

## II.   THE CONSTRUCTION OF THOSE CLAIM TERMS, PHRASES, OR CLAUSES ON WHICH THE PARTIES DISAGREE

The parties dispute the meaning of the following claim terms:

| JPMorgan's U.S. Patent No. 5,917,965 | | |
|---|---|---|
| **CLAIM TERM** | **JPMORGAN'S CONSTRUCTION** | **ACS'S CONSTRUCTION** |
| decoded magnetic ink coded data | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., decrypted magnetic ink coded data | machine recognized data based on the magnetic signal created by each magnetic ink character's unique shape |
| tagged image file format (TIFF) file | a file format for storing images and data in tag fields | a standard file format for storing images and data in tag fields currently under the control of Adobe Systems |
| tag field in the TIFF file | a data field in a TIFF file | a data field defined by the TIFF standard that is merged into the same TIFF file and stored in the same physical electronic storage device as the image data |
| binary large object (BLOB) | a collection of binary data stored as an entity in a database | a collection of TIFF images stored as a single entity in a database |
| means for searching said BLOB index by using the account number and check number of the requested check | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: searching said BLOB index by using the account number and check number of the requested check<br><br>structure: computer programmed to search an index database for a check request using an account number and a check | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: searching said BLOB index by using the account number and check number of the requested check<br><br>structure: computer programmed to perform the Requester Process algorithm on TIFF files |

3

| | number, and its equivalents. | |
|---|---|---|
| means for verifying each request for a check to insure that the user placing the request is authorized | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: verifying each request for a check to insure that the user placing the request is authorized<br><br>structure: computer programmed to verify the request against a valid accounts file, and its equivalents. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: verifying each request for a check to insure that the user placing the request is authorized<br><br>structure: computer programmed to perform the Retrieval Process algorithm on TIFF files |
| means for comparing the account number in the request to the list to determine if the requester is authorized to make requests from the account specified by the account number | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: comparing the account number in the request to the list to determine if the requester is authorized to make requests from the account specified by the account number<br><br>structure: computer programmed to compare the account number of the request with a valid accounts file, and its equivalents | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: comparing the account number in the request to the list to determine if the requester is authorized to make requests from the account specified by the account number<br><br>structure: computer programmed to perform the Retrieval Process algorithm on TIFF files |
| means for determining the platter associated with each request and forming a listing of the requests for each platter | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: determining the platter associated with each request and forming a listing of the requests for each platter<br><br>structure: database controller, image storage controller, or a computer | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: determining the platter associated with each request and forming a listing of the requests for each platter<br><br>structure: computer programmed to perform the Requester Process |

| | | |
|---|---|---|
| | programmed to interrogate the storage space to determine the platter associated with the request, and its equivalents | algorithm on TIFF files |
| means for determining if there is a request for an image corresponding to any electronic images on a platter currently being searched of said electronic storage device, and if so, for retrieving the image | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: determining if there is a request for an image corresponding to any electronic images on a platter currently being searched of said electronic storage device, and if so, for retrieving the image<br><br>structure: database controller, image storage controller, or a computer programmed to sort requests by platter and platter side, check if there are requests pending for the platter currently in the drive, check if there are any requests for the side of the platter currently being read, check if there are any requests for the other side of the platter, and retrieve the requested image, and its equivalents | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: determining if there is a request for an image corresponding to any electronic images on a platter currently being searched of said electronic storage device, and if so, for retrieving the image<br><br>structure: computer programmed to perform the Retrieval Process algorithm on TIFF files |
| means for determining the platter associated with the most image requests and searching the platter associated with the most requests for the requested images and for retrieving the requested images | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: determining the platter associated with the most image requests and searching the platter associated with the most requests for the requested images and for retrieving the requested images | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: determining the platter associated with the most image requests and searching the platter associated with the most requests for the requested images and for retrieving the requested images |

| | | |
|---|---|---|
| | <u>structure</u>: database controller, image storage controller, or a computer programmed to perform the Retrieval Process to request the platter with the most outstanding requests in the request data structure, mount that platter, and retrieve the requested image, and its equivalents | <u>structure</u>: computer programmed to perform the Retrieval Process algorithm on TIFF files |
| means for searching each other platter associated with image requests in an order determined by the number of requests per platter such that a platter having the most requests is searched first | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br><u>function</u>: searching each other platter associated with image requests in an order determined by the number of requests per platter such that a platter having the most requests is searched first<br><br><u>structure</u>: database controller, image storage controller, or a computer programmed to perform the Retrieval Process to request the platter with the most outstanding requests in the request data structure, mount that platter, and retrieve the requested image, and its equivalents | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br><u>function</u>: searching each other platter associated with image requests in an order determined by the number of requests per platter such that a platter having the most requests is searched first<br><br><u>structure</u>: computer programmed to perform the Retrieval Process algorithm on TIFF files |
| means for determining if there is a request associated with a second side of the platter, and if so, for searching the second side of the platter for a request prior to searching another platter | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br><u>function</u>: determining if there is a request associated with a second side of the platter, and if so, searching the second side of the platter for a request prior to | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br><u>function</u>: determining if there is a request associated with a second side of the platter, and if so, searching the second side of the platter for a request prior to |

| | | |
|---|---|---|
| | searching another platter | searching another platter |
| | <u>structure</u>: database controller, image storage controller, or a computer programmed to sort requests by platter and platter side, check if there are requests pending for the platter currently in the drive, check if there are any requests for the side of the platter currently being read, check if there are any requests for the other side of the platter, and retrieve the requested image, and its equivalents | <u>structure</u>: computer programmed to perform the Retrieval Process algorithm on TIFF files |

<table>
<tr><td colspan="3" align="center"><strong>JPMorgan's U.S. Patent No. 7,317,823</strong></td></tr>
<tr><th>CLAIM TERM</th><th>JPMORGAN'S CONSTRUCTION</th><th>ACS'S CONSTRUCTION</th></tr>
<tr><td>lockbox processing system</td><td>a system that processes payments in the form of checks and documents associated with checks</td><td>a system that processes payments in the form of checks and documents associated with checks such that the check need not be separately processed by a conventional financial processing system</td></tr>
<tr><td>document</td><td>This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., a written or printed paper</td><td>an envelope and one or more paper items received in the envelope with the check</td></tr>
<tr><td>document capture component</td><td>a scanner that captures document images and a processor programmed to generate a document data record</td><td>a scanner that images documents and a workstation to generate a document data record that are separate from the check capture component</td></tr>
</table>

| | | |
|---|---|---|
| | | Alternatively, if the Court construes the term under 112 ¶ 6:<br><br>function: scanning the at least one document thereby generating a document image, and further generating a document data record that identifies the at least one document<br><br>structure: scanner that scans a batch of documents and a header sheet, and the workstation used to manually input data from each document |
| document data record | identifying information from a document | a record that stores manually input identifying information from a document associated with a check |
| document capture memory | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., a memory that stores images and data relating to documents | memory separate from the check capture memory that stores document images and data records |
| check capture component | a scanner that captures check images and a processor programmed to generate a check data record | a scanner that images checks in parallel with the scanning of the documents by the document capture component and a workstation used to manually input data from each check to generate a check data record<br><br>Alternatively, if the Court construes the term under 112 ¶ 6:<br><br>function: scanning the check thereby generating a |

| | | |
|---|---|---|
| | | check image, and further generating a check data record that identifies the check

structure: scanner that scans the checks, and the workstation used to manually input data from each check |
| check data record | identifying information from a check | a record that stores manually input identifying information from checks, including the check number |
| check capture memory | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., a memory that stores images and data relating to checks | memory separate from the document capture memory that stores check images and data records |
| logically associating | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., creating a logical, rather than physical, relation between | for a single document or single data record, automatically creating a logical connection by searching the document capture memory for documents that have a key corresponding to the check number, batch number or check amount reflected in the check data record, or for multiple documents with multiple data records, manually creating a logical connection through an operator at a workstation |
| logically associating the check data record, the document data record, the check image and the document image | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., creating a logical, rather than physical, relation between the check data record, the document data record, the check | logically associating the check data record, the document data record, the check image, and the document image that requires associating the check number with the other documents that accompanied the check |

|  | image and the document image |  |
| --- | --- | --- |
| bulk file interface | a connection between at least two computer systems, e.g., the Internet, private network, LAN, WAN, VAN, or dial-up connection, allowing for the transmission of data, e.g., FTP | an Internet, private network, or dial up connection between the work station and the customer system for transmitting all of the data and images for a customer in a single file |

| JPMorgan's U.S. Patent No. Nos. 7,174,315, 6,615,190, and 7,165,049 | | |
| --- | --- | --- |
| **CLAIM TERM** | **JPMORGAN'S CONSTRUCTION** | **ACS'S CONSTRUCTION** |
| issuer | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., an entity that issues stored value cards | a financial institution, (e.g. a bank), that is authorized by the transaction network to issue a stored value card on behalf of the sponsor |
| wherein a sponsoring entity funds the account with an initial value ['315 Patent] | wherein a person or an organization supplies the initial funds to be credited to the account associated with the stored value card | wherein an entity that cooperates in the issuance of a credit card and offers rebates on a stored value card based on the use of that credit card supplies the initial funds to be contained in the account associated with the stored value card |
| independent and separate account ['315 Patent] | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., not dependent upon nor united with other another like account, for example, not a pooled, or master-slave account | an account that is not linked to any other account nor dependant completely on the existence of another account |

| | | |
|---|---|---|
| independent and unassociated with any other account ['190, '049 Patents] | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art, i.e., not dependent upon nor associated with other another like account, for example, not a pooled or master-slave account | not linked to any other account nor dependant on the establishment of any other account |
| wherein the organization sponsor funds the account ['190, '049 Patents] | wherein an organization supplies the initial funds to be credited to the account associated with the stored value card | wherein an entity, but not an individual, supplies the funds to be deposited and held in the account associated with the stored value card |

| ACS's U.S. Patent No. Nos. 5,946,669, 6,119,107 and 7,225,155 [Non-§ 112, ¶ 6 Claim Terms Only] | | |
|---|---|---|
| **CLAIM TERM** | **JPMORGAN'S CONSTRUCTION** | **ACS'S CONSTRUCTION** |
| accumulator agency | a non-state, non-bank, third-party entity that receives payments and disbursement information directly from an individual or entity for a fee and passes along those payments and disbursement information either directly or indirectly to a bank and one or more intermediaries such as a state | a non-state, third-party entity that processes electronic payments or disbursements on behalf of an intermediary such as a state |
| payment | funds paid by an payor/employee | funds to be received from a payor/employee |
| a first addendum transaction | the first of two addendum transactions that includes a file and an addendum record containing disbursement information | a first set of electronic data containing information related to corresponding electronic funds |
| a second addendum transaction | the second of two addendum transactions that includes a file and an | a second set of electronic data containing information related to corresponding |

| | addendum record containing disbursement transaction information | electronic funds |
|---|---|---|
| debit transaction | an ACH debit transaction, i.e., a transfer of funds originated by a bank in which the bank is authorized by a payor (such as a collector/employer) to debit the payor's bank account and credit a receiving party's bank account | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art. |
| addendum transaction | a transaction that transmits an electronic file including one or more addenda records | electronic data containing information related to corresponding electronic funds |
| addendum-based EDI transaction | a transaction that transmits an electronic data interchange (EDI) formatted file and one or more additional addenda records | an electronic data interchange transaction containing information related to a corresponding electronic payment. |
| via a governmental state entity of the United States | funds must pass through the state's bank | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art.<br><br>In the alternative, this term means "by way of a state." |
| payment information | the combination of a payment and disbursement information | information pertaining to funds to be received from a payor |
| receiving at the accumulator agency a notification of payment information received at a collector ['107 Patent, Claim 13] | The claim is invalid under 35 U.S.C. § 112, 1st para., as failing to comply with the enablement and written description requirements. For example, the claim limitation, "receiving at the accumulator agency a notification of payment information received at a collector," is not described in the specification in such a way as to enable an | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art. |

| | | |
|---|---|---|
| | ordinary artisan to make and/or use the claimed invention or to reasonably convey to the skilled artisan that the inventor had possession of the claimed invention at the time of filing.<br><br>The claim is invalid under 35 U.S.C. § 305, as the claim scope was impermissibly broadened during reexamination.  For example, "receive … a notification of payment information received at a collector" is broader than "receiving payment information at a collector," a limitation that was recited in the originally issued claim. | |
| receiving the payment information and disbursement information at the accumulator agency, the payment information including at least a debit transaction and the disbursement information including at least a disbursement transaction ['155 Patent, Claim 21] | The claim is invalid under 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention.  For example, the limitation, "disbursement transaction," is indefinite. | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art. |
| receiving an employer registration with the accumulator agency ['155 Patent, Claim 21] | The claim is invalid under 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention.  For example, the limitation, "with the accumulator agency," is indefinite. | This claim term should be accorded its plain and ordinary meaning as understood by one skilled in the art. |
| establishing a payment as the debit transaction based | The claim is invalid under 35 U.S.C. § 112, 1st para., | commencing an authorized debit-based payment from a |

| | | |
|---|---|---|
| on the payment information ['155 Patent, Claim 21] | as failing to comply with the enablement and written description requirements. For example, the claim limitation, "establishing a payment," is not described in the specification in such a way as to enable an ordinary artisan to make and/or use the claimed invention or to reasonably convey to the skilled artisan that the inventor had possession of the claimed invention at the time of filing.  Nevertheless, to the extent this claim is found to be definite, "establishing a payment" means "depositing the payment in the bank." | payor |
| establishing a disbursement as the disbursement transaction based on the disbursement information, wherein establishing a disbursement further comprises authorizing the disbursement ['155 Patent, Claim 21] | The claim is invalid under 35 U.S.C. § 112, 1st para., as failing to comply with the enablement and written description requirements. For example, the claim limitation, "authorizing the disbursement," is not described in the specification in such a way as to enable an ordinary artisan to make and/or use the claimed invention or to reasonably convey to the skilled artisan that the inventor had possession of the claimed invention at the time of filing. Nevertheless, to the extent this claim is found to be definite, "establishing a disbursement" means "disbursing the payment to a recipient" | commencing an authorized disbursement to a recipient |
| the transmitting the | The claim is invalid under | the payment is transmitted |

14

| | | |
|---|---|---|
| payment component occurs by the payment date ['155 Patent, Claim 44] | 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention. For example, the limitation, "the transmitting the payment component occurs by the payment date," is indefinite. | by the payment date |
| the transmitting the disbursement information component occurs by the disbursement date ['155 Patent, Claim 47] | The claim is invalid under 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention. For example, the limitation, "the transmitting the disbursement component occurs by the disbursement date," is indefinite. | the disbursement is transmitted by the disbursement date |

| ACS's '669 Patent - § 112, ¶ 6 Claim Terms Only | | |
|---|---|---|
| **CLAIM TERM** | **JPMORGAN'S CONSTRUCTION** | **ACS'S CONSTRUCTION** |
| an instituting component...configured to institute | This claim term is invalid under 35 U.S.C. § 112, 1st para., as failing to comply with the enablement and written description requirements. Further, to the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an instituting component at the | This term should be construed pursuant to § 112, ¶ 6:<br><br>function: instituting at the accumulator agency the payment with disbursement information from an employer to a recipient through an employer<br><br>structure: a computer configured to institute a payment with disbursement information from an employer to a recipient |

| | accumulator agency configured to institute," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | |
|---|---|---|
| a first transferring component configured to transfer | The claim is invalid under 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention.  To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a first transferring component configured to transfer," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para.<br><br>Alternatively, under § 112, ¶ 6:<br><br>function: transfer payment and disbursement information from an employer to an accumulator agency<br><br>structure: a collector terminal 500 at the employer configured to obtain payment and disbursement information from employees and transmit them to accumulator agency server 600 that is equipped with conventional hardware, | This term should be construed pursuant to § 112, ¶ 6:<br><br>function:  transferring to an accumulator agency the payment and the disbursement information from the employer<br><br>structure:  a computer configured to transfer to an accumulator agency the payment and the disbursement information from the employer |

| | including CPU, 610, RAM 612, display memory 614, VIC 616, I/O 618, disk 620, input device 630, display 640, external device 650, and optional network interface 660, and capable of interfacing with one or more collector terminals 500. Alternatively, accumulator agency server 600 130 may also interface with one or more collector terminals 500 via optional network interface 660. | |
|---|---|---|
| an initiating component configured to initiate | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an initiating component configured to initiate," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function:  initiating at the accumulator agency the payment through a bank as a debit transaction <br><br> structure:  a computer configured to initiate a payment through a bank as a debit transaction |
| a transmitting component configured to transmit | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a transmitting component configured to transmit," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. <br><br> Alternatively, under § 112, ¶ 6: | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function:  transmitting by an accumulator agency the disbursement to a state as a first addendum transaction <br><br> structure:  a computer configured to transmit disbursement information to a state |

| | | |
|---|---|---|
| | function: transmitting by the accumulator agency the disbursement to the state as a first addendum transaction<br><br>structure: accumulator agency server 600 capable of interfacing with one or more intermediary/recipient terminals 700 equipped with conventional hardware, including CPU 710, RAM 712, display memory 714, VIC 716, I/O 718, disk 720, input device 730, display 740, external device 750, and optional network interface 760. External device 750 or optional network interface 760 allows connectivity of intermediary/recipient terminal 700 to external computers or networks. | |
| a second receiving component configured to receive | The claim is invalid under 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention. For example, claim 10 does not recite any "first" receiving component such that a "second" receiving component can be understood by one skilled in the art. To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: receiving at an accumulator agency disbursement transaction information from a state regarding the disbursement to the recipient as a second addendum transaction<br><br>structure: a computer configured to receive disbursement transaction information from a state |

| | limitation, "a second receiving component configured to receive," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | |
| --- | --- | --- |
| an executing component configured to execute | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an executing component configured to execute," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function:  executing by the accumulator agency a disbursement to a recipient<br><br>structure: a computer configured to execute a disbursement to a recipient |
| a withholding component configured to withhold | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a withholding component configured to withhold," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function:  withholding by an employer a portion of an employee's salary for the payment to the accumulator agency<br><br>structure: a computer configured to withhold a portion of an employee's salary |
| a receiving component configured to receive | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a receiving component configured to receive," is not disclosed in the specification as required | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function:  receiving at the accumulator agency a payment from an employer<br><br>structure:  a computer configured to receive a payment from an employer |

| | by 35 U.S.C. § 112, 6th para. | |
| --- | --- | --- |

| ACS's '107 Patent - § 112, ¶ 6 Claim Terms Only | | |
| --- | --- | --- |
| **CLAIM TERM** | **JPMORGAN'S CONSTRUCTION** | **ACS'S CONSTRUCTION** |
| Claim 5 | | |
| an initiating component configured to initiate | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an initiating component configured to initiate," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: function: initiating the payment with disbursement information from a payor to a payee through a collector structure: a computer configured to initiate a payment with disbursement information from a payor to a payee |
| a transferring component configured to transfer | The claim is invalid under 35 U.S.C. § 112, 2d para., as indefinite for failing to particularly point out and distinctly claim the subject matter which the patentee regards as the invention. To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a transferring component configured to transfer," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: function: transferring to an accumulator agency the payment and the disbursement information from the collector structure: a computer configured to transfer to an accumulator agency the payment and the disbursement information from the collector |

| | | |
|---|---|---|
| | Alternatively, under § 112, ¶ 6:<br><br>function: transferring to an accumulator agency the payment and the disbursement information from the collector<br><br>structure: a collector terminal 500 at the employer configured to obtain payment and disbursement information from employees and transmit them to accumulator agency server 600 that is equipped with conventional hardware, including CPU, 610, RAM 612, display memory 614, VIC 616, I/O 618, disk 620, input device 630, display 640, external device 650, and optional network interface 660, and capable of interfacing with one or more collector terminals 500. Alternatively, accumulator agency server 600 130 may also interface with one or more collector terminals 500 via optional network interface 660. | |
| a payment processing component configured to process | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a payment processing component configured to process," is not disclosed in the | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: processing from the accumulator agency to a bank the payment as a debit transaction<br><br>structure: a computer configured to process from the accumulator agency to a |

| | specification as required by 35 U.S.C. § 112, 6th para. | bank the payment as a debit transaction |
|---|---|---|
| a disbursement processing component configured to process | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a disbursement processing component configured to process," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function: processing from the accumulator agency to an intermediary the disbursement information as an addendum transaction <br><br> structure: a computer configured to process from the accumulator agency to an intermediary the disbursement information as an addendum transaction |
| **Claim 9** | | |
| a payment module configured to process | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a payment module configured to process," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function: processing from the accumulator agency to a bank the payment as a debit transaction <br><br> structure: software code operable to process from the accumulator agency to a bank the payment as a debit transaction |
| an initiation module configured to initiate | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an initiation module configured to initiate," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function: initiating at the accumulator agency a payment with disbursement information from a payor to a payee through a collector <br><br> structure: software code operable to initiate a payment with disbursement |

| | para. | information from a payor to a payee |
|---|---|---|
| a transfer module configured to transfer | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a transfer module configured to transfer," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function:  transferring to the accumulator agency the payment and disbursement information from the collector<br><br>structure:  software code operable to transfer payment and disbursement information from the collector to the accumulator agency |
| a disbursement module configured to process | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a disbursement module configured to process," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function:  processing from an accumulator agency to a state disbursement information as an addendum transaction<br><br>structure:  software code operable to process disbursement information from an accumulator agency to a state |
| **Claim 30** | | |
| a transmitting component configured to transmit | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a transmitting component configured to transmit," is not disclosed in the specification as | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: transmitting by an accumulator agency disbursement information to a state<br><br>structure: a computer configured to transmit disbursement information to |

| | required by 35 U.S.C. § 112, 6th para.<br><br>Alternatively, under § 112, ¶ 6:<br><br><u>function</u>: transmitting by the accumulator agency the disbursement to the state as a first addendum transaction<br><br><u>structure</u>: accumulator agency server 600 capable of interfacing with one or more intermediary/recipient terminals 700 equipped with conventional hardware, including CPU 710, RAM 712, display memory 714, VIC 716, I/O 718, disk 720, input device 730, display 740, external device 750, and optional network interface 760. External device 750 or optional network interface 760 allows connectivity of intermediary/recipient terminal 700 to external computers or networks. | a state |
|---|---|---|
| a receiving component configured to receive | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a receiving component configured to receive," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br><u>function</u>: receiving at the accumulator agency disbursement transaction information from the state regarding authorization for the disbursement as an addendum transaction<br><br><u>structure</u>: a computer configured to receive at the accumulator agency disbursement transaction |

|  |  | information from the state regarding authorization for the disbursement as an addendum transaction |
|---|---|---|
| an executing component configured to execute | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an executing component configured to execute," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> <u>function</u>: executing the disbursement to a recipient <br><br> <u>structure</u>: a computer configured to execute the disbursement to a recipient |
| **Claim 32** | | |
| paying component | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a paying component," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> <u>function</u>: paying the recipient via one of paper check, direct deposit, and debit deposit <br><br> <u>structure</u>: a computer configured to pay the recipient via one of paper check, direct deposit, and debit deposit |
| **Claim 34** | | |
| a receiving module configured to receive | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a receiving module configured to receive," is not disclosed in | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> <u>function</u>: receiving at the accumulator agency disbursement transaction information from the state regarding authorization for the disbursement as an addendum transaction |

| | | |
|---|---|---|
| | the specification as required by 35 U.S.C. § 112, 6th para. | structure:  a computer configured to receive at the accumulator agency disbursement transaction information from the state regarding authorization for the disbursement as an addendum transaction |
| an executing module configured to execute | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an executing module configured to execute," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function:  executing the disbursement to a recipient<br><br>structure:  a computer configured to execute the disbursement to a recipient |
| a receiving component configured to receive | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a receiving component configured to receive," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: receiving at the accumulator agency disbursement transaction information from the state regarding authorization for the disbursement as an addendum transaction<br><br>structure: a computer configured to receive at the accumulator agency disbursement transaction information from the state regarding authorization for the disbursement as an addendum transaction |
| an executing component configured to execute | To the extent that this limitation is construed as means-plus-function, the | The parties agree that this term should be construed pursuant to § 112, ¶ 6: |

| | claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an executing component configured to execute," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | function: executing the disbursement to a recipient<br><br>structure: a computer configured to execute the disbursement to a recipient |
|---|---|---|
| a paying component configured to pay | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a paying component configured to pay," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: paying the recipient via one of paper check, direct deposit, and debit deposit<br><br>structure: a computer configured to pay the recipient via one of paper check, direct deposit, and debit deposit |

| ACS's '155 Patent - § 112, ¶ 6 Claim Terms Only | | |
|---|---|---|
| **CLAIM TERM** | **JPMORGAN'S CONSTRUCTION** | **ACS'S CONSTRUCTION** |
| **Claim 30** | | |
| a receiving component configured to receive | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a receiving component configured to receive," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: receiving the payment information and disbursement information at the accumulator agency, the payment information including at least a debit transaction and the disbursement information including at least a |

27

| | para. | disbursement transaction |
|---|---|---|
| | | structure: a computer configured to receive the payment information and disbursement information at the accumulator agency, the payment information including at least a debit transaction and the disbursement information including at least a disbursement transaction |
| a registration receiving component configured to receive an employer registration with the accumulator agency | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a registration receiving component configured to receive an employer registration with the accumulator agency," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: receiving an employer registration with the accumulator agency<br><br>structure: a computer configured to receive an employer registration with the accumulator agency |
| an obtaining component configured to obtain | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an obtaining component configured to obtain," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: obtaining from an employer payment and disbursement information that pertain to an obligation owed by an employee to a recipient<br><br>structure: a computer configured to obtain from an employer payment and disbursement information that pertain to an obligation owed by an employee to a |

| | | recipient |
|---|---|---|
| an establishing a payment component configured to establish a payment as the debit transaction based on the payment information | The claim is invalid under 35 U.S.C. § 112, 1st para., as failing to comply with the enablement and written description requirements. For example, the claim limitations, "payment setting component," a "payment validating component," and "payment authorizing component," are not described in the specification in such a way as to enable an ordinary artisan to make and/or use the claimed invention or to reasonably convey to the skilled artisan that the inventor had possession of the claimed invention at the time of filing.<br><br>To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an establishing a payment component configured to establish," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: establishing and authorizing a payment as the debit transaction based on the payment information<br><br>structure: a computer configured to establish and authorize a payment as the debit transaction based on the payment information |
| an establishing a disbursement component configured to establish a disbursement as the disbursement transaction based on the disbursement information | The claim is invalid under 35 U.S.C. § 112, 1st para., as failing to comply with the enablement and written description requirements. For example, the claim limitations, "disbursement setting component," a "disbursement validating | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: establishing and authorizing a disbursement as the disbursement transaction based on the disbursement information |

| | | |
|---|---|---|
| | component," and a "disbursement authorizing component," are not described in the specification in such a way as to enable an ordinary artisan to make and/or use the claimed invention or to reasonably convey to the skilled artisan that the inventor had possession of the claimed invention at the time of filing.<br><br>To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "an establishing a disbursement component configured to establish," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | structure: a computer configured to establish and authorize a disbursement as the disbursement transaction based on the disbursement information |
| a transmitting the payment information component configured to transmit the payment information | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a transmitting the payment information component configured to transmit," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: transmitting the payment information from the accumulator agency to the bank via an automated clearing house<br><br>structure: a computer configured to transmit the payment information from the accumulator agency to the bank via an automated clearing house |
| a transmitting the disbursement information | To the extent that this limitation is construed as | The parties agree that this term should be construed |

| component configured to transmit | means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a transmitting the disbursement information component configured to transmit," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | pursuant to § 112, ¶ 6: <br><br> <u>function</u>: transmitting the disbursement information from the accumulator agency to the state <br><br> <u>structure</u>: a computer configured to transmit the disbursement information from the accumulator agency to the state |
|---|---|---|
| **Claim 43** | | |
| setting component | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "setting component," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> <u>function</u>: setting a payment date for the payment <br><br> <u>structure</u>: a computer configured to set a payment date for the payment |
| **Claim 45** | | |
| a validating component configured to validate the payment as the debit transaction based on the payment information | To the extent that this limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a validating component configured to validate the payment as the debit transaction based on the payment information" is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> <u>function</u>: validating the payment as the debit transaction based on the payment information <br><br> <u>structure</u>: a computer configured to validate the payment as the debit transaction based on the payment information |
| **Claim 46** | | |
| a setting component | To the extent that this | The parties agree that this |

31

| configured to set a disbursement date for the disbursement | limitation is construed as means-plus-function, the claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "a setting component configured to set" is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | term should be construed pursuant to § 112, ¶ 6: <br><br> function: setting a disbursement date for the disbursement <br><br> structure: a computer configured to set a disbursement date for the disbursement |
|---|---|---|
| **Claim 54** | | |
| receiving means for receiving an employer registration with the accumulator agency | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "receiving means for receiving an employer registration with the accumulator agency," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function: receiving an employer registration with the accumulator agency <br><br> structure: a computer configured to receive an employer registration with the accumulator agency |
| receiving means for receiving the payment information and disbursement information at the accumulator agency | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "receiving means for receiving the payment information and disbursement information at the accumulator agency," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function:  receiving the payment information and disbursement information at the accumulator agency <br><br> structure:  a computer configured to receive the payment information and disbursement information at the accumulator agency |
| obtaining means for obtaining from an employer payment and disbursement information that pertain to an obligation owed by an employee to a recipient | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "obtaining means for obtaining from an | The parties agree that this term should be construed pursuant to § 112, ¶ 6: <br><br> function: obtaining from an employer payment and disbursement information |

| | | |
|---|---|---|
| | employer payment and disbursement information that pertain to an obligation owed by an employee to a recipient," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | that pertain to an obligation owed by an employee to a recipient<br><br>structure: a computer configured to obtain from an employer payment and disbursement information that pertain to an obligation owed by an employee to a recipient |
| establishing means for establishing a payment as the debit transaction based on the payment information | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "establishing means for establishing a payment as the debit transaction based on the payment information," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: establishing a payment as the debit transaction based on the payment information, wherein payment establishing further comprises authorizing the payment<br><br>structure: a computer configured to establish and authorize a payment as the debit transaction based on the payment information |
| establishing means for establishing a disbursement as the disbursement transaction based on the disbursement information | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "establishing means for establishing a disbursement as the disbursement transaction based on the disbursement information," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: establishing a disbursement as the disbursement transaction based on the disbursement information, wherein disbursement establishing further comprises authorizing the disbursement<br><br>structure: a computer configured to establish and authorize a disbursement as |

| | | the disbursement transaction based on the disbursement information |
|---|---|---|
| transmitting means for transmitting the payment information from the accumulator agency to a bank via an automated clearing house | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "transmitting means for transmitting the payment information from the accumulator agency to a bank via an automated clearing house," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: transmitting the payment information from the accumulator agency to the bank via an automated clearing house<br><br>structure: a computer configured to transmit the payment information from the accumulator agency to the bank via an automated clearing house |
| transmitting means for transmitting the disbursement information from the accumulator agency to the state | The claim is invalid as indefinite under 35 U.S.C. § 112, 2d para., because the structure corresponding to the means-plus-function claim limitation, "transmitting means for transmitting the disbursement information from the accumulator agency to the state," is not disclosed in the specification as required by 35 U.S.C. § 112, 6th para. | The parties agree that this term should be construed pursuant to § 112, ¶ 6:<br><br>function: transmitting the disbursement information from the accumulator agency to the state<br><br>structure: a computer configured to transmit the disbursement information from the accumulator agency to the state |

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Kevin F. Brady
    Collins J. Seitz, Jr. (#2237)
    Kevin F. Brady (#2248)
    1007 North Orange Street
    P.O. Box 2207
    Wilmington, Delaware  19899
    (302) 658-9141
    cseitz@cblh.com
    kbrady@cblh.com

*Attorneys for Defendants*
*Affiliated Computer Services, Inc. and ACS State*
*and Local Solutions, Inc.*

OF COUNSEL:

Mike McKool
Lewis T. LeClair
Theodore Stevenson, III
Bradley W. Caldwell
Phillip M. Aurentz
300 Crescent Court, Suite 1500

John Campbell
300 W. 6th Street, Suite 1700
Austin, TX 78701

Brett E. Cooper
399 Park Avenue, Suite 3200
New York, NY 10022

Dated:  September 18, 2009

933905

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware  19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Plaintiffs*
*JPMorgan Chase & Co.,*
*JPMorgan Chase Bank, N.A., and*
*JPMorgan Chase Electronic*
*Financial Services, Inc.*

OF COUNSEL:

Scott L. Robertson
Jennifer A. Albert
Thomas J. Scott, Jr.
Stephen T. Schreiner
Eleanor M. Hynes
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000

Dated:  September 18, 2009