EXHIBIT A



US005946669A

# United States Patent [19]

## Polk

[11] **Patent Number:** 5,946,669

[45] **Date of Patent:** Aug. 31, 1999

[54] **METHOD AND APPARATUS FOR PAYMENT PROCESSING USING DEBIT-BASED ELECTRONIC FUNDS TRANSFER AND DISBURSEMENT PROCESSING USING ADDENDUM-BASED ELECTRONIC DATA INTERCHANGE**

[75] Inventor: **John Polk**, McLean, Va.

[73] Assignee: **Lockheed Martin Corporation**, Bethesda, Md.

[21] Appl. No.: **08/941,187**

[22] Filed: **Sep. 30, 1997**

[51] **Int. Cl.**[6] ..................................................... **G06F 17/60**

[52] **U.S. Cl.** ................................ **705/40**; 705/39; 705/38

[58] **Field of Search** ................................. 705/40, 39, 38, 705/45; 707/104; 379/91.01

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,823,264 | 4/1989 | Deming | 705/39 |
| 5,231,569 | 7/1993 | Myatt et al. | 705/38 |
| 5,265,007 | 11/1993 | Barnhard, Jr. et al. | 705/45 |
| 5,283,829 | 2/1994 | Anderson | 350/2 X |
| 5,317,732 | 5/1994 | Gerlach, Jr. et al. | 707/104 |
| 5,369,699 | 11/1994 | Page et al. | 379/38 |
| 5,383,113 | 1/1995 | Kight et al. | 705/40 |
| 5,465,206 | 11/1995 | Hilt et al. | 705/40 |
| 5,649,117 | 7/1997 | Landry | 705/40 |
| 5,652,786 | 7/1997 | Rogers | 379/91.01 |
| 5,699,528 | 12/1997 | Hogan | 705/40 |

### OTHER PUBLICATIONS

"EDI Top Twenty, Questions and Answers About Electronic Data Interchange," Pamphlet published by Automated Clearing House Association (no date).

"ADP PC/Payroll for Windows," published by Automatic Data Processing, Inc. (1997), 04–1008–057 50M.

"New Hire Reporting," published by Automatic Data Processing, Inc. (1997), 04–914–067 40M.

"Wage Garnishment Processing Service," published by Automatic Data Process, Inc. (1996), 04–1045–086 20M.

"Child Support Application Banking Convention: A Guide For Employers & Their Financial Institutions," published by Bankers EDI Council (1996).

"1996 ACH Rules," published by National Automated Clearing House Association (1996).

Vans (Value–Added Networks), Website at http://ganges.c-s.tcd.ie/4ba2/edi/www_vans.html (May 30, 1997).

Basics of EDI, Chapter 3, Website at http://pages.prodigy-.com/edibooks/edich31.html (May 30,1997), David Robert Lambert 1994–96.

Board of Governors of the Federal Reserve System/Washington D.C., Website at http://www.bog.frb.fed.us/ (May 29, 1997).

Direct Payment, Website at http://www.nacha.org/market-ing/dpma.htm (May 29, 1997).

The National Automated Clearing House Association, Website at http://www.nacha.org/nacha.htm (May 29, 1997).

Colorado Child Support Enforcement, Website at http://www.state.co.us/gov_dir/human_services___dir/CSE/cse-emp.htm (Jun. 6, 1997).

CMi&s U.S. Electronic Commerce, Website at http://www-w.creditworthy.com/us/providers/electronic.html (Jun. 6, 1997).

(List continued on next page.)

*Primary Examiner*—Emanuel Todd Voeltz
*Assistant Examiner*—Raquel Alvarez
*Attorney, Agent, or Firm*—Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.

[57] **ABSTRACT**

This disclosure describes a payment and disbursement system, wherein an initiator authorizes a payment and disbursement to a collector and the collector processes the payment and disbursement through an accumulator agency. The accumulator agency processes the payment as a debit-based transaction and processes the disbursement as an addendum-based transaction. The processing of a debit-based transaction generally occurs by electronic funds transfer (EFT) or by financial electronic data interchange (FEDI). The processing of an addendum-based transaction generally occurs by electronic data interchange (EDI).

**48 Claims, 22 Drawing Sheets**



**5,946,669**

Page 2

OTHER PUBLICATIONS

Electronic Commerce Resource Guide, Website at http://www.premenos.com/Resources/Organization (May 30, 1997).

EC/EDI: The Basics, Website at http://www.sbaonline.s-ba.gov/gopher/Ecedi/Info/eced5.txt (Jun. 6, 1997).

"Child Support Applications Banking Convention: A Guide For Employers & Their Financial Institutions", published by Bankers EDI Council, 1996.



*FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*

<u>120</u>



*FIG. 5*

<u>130</u>



**FIG. 6**

250



*FIG. 7*

| FIELD | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DATA ELEMENT NAME | RECORD TYPE CODE | TRANSACTION CODE | RECEIVING DFI IDENTIFICATION | CHECK DIGIT | DFI ACCOUNT NUMBER | AMOUNT | IDENTIFICATION NUMBER | RECEIVING COMPANY NAME | DISCRETIONARY DATA | ADDENDA RECORD INDICATOR | TRACE NUMBER |
| *FIELD INCLUSION REQUIREMENT* | M | M | M | M | R | M | O | R | O | M | M |
| CONTENTS | '6' | NUMERIC | TTTTAAAA | NUMERIC | ALPHANUMERIC | $$$$$$$$¢¢ | ALPHANUMERIC | ALPHANUMERIC | ALPHANUMERIC | NUMERIC | NUMERIC |
| LENGTH | 1 | 2 | 8 | 1 | 17 | 10 | 15 | 22 | 2 | 1 | 15 |
| POSITION | 01-01 | 02-03 | 04-11 | 12-12 | 13-39 | 30-39 | 40-54 | 55-76 | 77-76 | 79-79 | 80-94 |

*FIG. 8A*

| FIELD | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|---|
| DATA ELEMENT NAME | RECORD TYPE CODE | TRANSACTION CODE | RECEIVING DFI IDENTIFICATION | CHECK DIGIT | DFI ACCOUNT NUMBER | TOTAL AMOUNT | IDENTIFICATION NUMBER | NUMBER OF ADDENDA RECORDS | RECEIVING COMPANY NAME/ID NUMBER |
| FIELD INCLUSION REQUIREMENT | M | M | M | M | R | M | O | R | R |
| CONTENTS | '6' | NUMERIC | TTTTAAAA | NUMERIC | ALPHANUMERIC | $$$$$$$$¢¢ | ALPHANUMERIC | NUMERIC | ALPHANUMERIC |
| LENGTH | 1 | 2 | 8 | 1 | 17 | 10 | 15 | 4 | 16 |
| POSITION | 01-01 | 02-03 | 04-11 | 12-12 | 13-39 | 30-39 | 40-54 | 55-58 | 59-74 |

| FIELD | 10 | 11 | 12 | 13 |
|---|---|---|---|---|
| DATA ELEMENT NAME | RESERVED | DISCRETIONARY DATA | ADDENDA RECORD INDICATOR | TRACE NUMBER |
| FIELD INCLUSION REQUIREMENT | N/A | O | M | M |
| CONTENTS | BLANK | ALPHANUMERIC | NUMERIC | NUMERIC |
| LENGTH | 2 | 2 | 1 | 15 |
| POSITION | 75-76 | 77-78 | 79-79 | 80-94 |

*FIG. 8B*

## FIG. 9A

| FIELD | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| DATA ELEMENT NAME | RECORD TYPE RECORDING | ADDENDA TYPE CODE | PAYMENT RELATED INFORMATION | ADDENDA SEQUENCE NUMBER | ENTRY DETAIL SEQUENCE NUMBER |
| FIELD INCLUSION REQUIREMENT | M | M | O | M | M |
| CONTENTS | '7' | '0.5' | ALPHANUMERIC | NUMERIC | NUMERIC |
| LENGTH | 1 | 2 | 80 | 4 | 7 |
| POSITION | 01-01 | 02-03 | 04-83 | 84-87 | 88-94 |

## FIG. 9B

| ELEMENT | COMMENTS | CONTENT | ATTRIBUTES | | |
|---|---|---|---|---|---|
| | | | 1 | 2 | 3 |
| DED01 | SEGMENT IDENTIFIER | DED | M | ID | 3/3 |
| DED02 | APPLICATION IDENTIFIER | CS | M | ID | 2/2 |
| DED03 | CASE IDENTIFIER | XXXXXXXX | M | AN | 1/20 |
| DED04 | PAY DATE | YYMMDD | M | DT | 6/6 |
| DED05 | PAYMENT AMOUNT | $$$$$$$CC | M | N2 | 1/10 |
| DED06 | NON-CUSTODIAL PARENT SOCIAL SECURITY NUMBER | XXXXXXXXX | M | AN | 9/9 |
| DED07 | MEDICAL SUPPORT INDICATOR | 'Y'-YES, 'N'-NO | M | AN | 1/1 |
| DED08 | NON-CUSTODIAL PARENT NAME | XXXXXXXXXX | O | AN | 1/10 |
| DED09 | FIPS CODE | XXXXXXX | O | AN | 5/7 |
| | EMPLOYMENT TERMINATION INDICATOR | 'Y'-YES | O | AN | 1/1 |



FIG. 10



1110

EMPLOYER RECEIVES
WITHHOLDING ORDER,
OR EMPLOYEE AUTHORIZES
EMPLOYER TO WITHHOLD
FUNDS FROM SALARY, FOR
CHILD SUPPORT PAYMENT

1120

EMPLOYER CONVERTS
FUNDS INTO FINANCIAL
ELECTRONIC DATA
INTERCHANGE
(FEDI) FILE

1130

EMPLOYER TRANSMITS
FEDI FILE TO
ACCUMULATOR AGENCY

*FIG. 11*



1202 — ACCUMULATOR AGENCY RECEIVES FEDI FILE FROM EMPLOYER

1205 — CERTIFICATION OF EMPLOYER

NOT CERTIFIED

1210 — FEDI FILE REJECTED

CERTIFIED

1220 — ACCUMULATOR AGENCY SENDS EDI FILE TO RESPECTIVE STATE

1240 — ACCUMULATOR AGENCY ACCUMULATES EFT FILES AND PERIODICALLY CREATES FEDI FILE

1230 — STATE RECEIVES ADDENDUM AND UPDATES RECORDS PERTAINING TO PAYMENT BY EMPLOYEE

1250 — ACCUMULATOR AGENCY TRANSMITS FEDI FILE TO ACCUMULATOR AGENCY'S BANK

ACCUMULATOR AGENCY'S BANK RECEIVES FEDI FILE AND PROCESSES DEBIT TRANSACTION TO AUTOMATED CLEARING HOUSE (ACH) — 1260

1270 — ACH PROCESSES CREDIT TRANSACTION TO RESPECTIVE STATE'S BANK

1280 — ACH PROCESSES DEBIT TRANSACTION TO EMPLOYER'S BANK

*FIG. 12*



*FIG. 13*



1410

EMPLOYER RECEIVES
WITHHOLDING ORDER
PERTAINING TO INITIATOR OR
INITIATOR AUTHORIZES
COLLECTOR TO WITHHOLD
FUNDS FROM FINANCIAL
DISBURSEMENT

1420

COLLECTOR CONVERTS
FUNDS INTO FINANCIAL
ELECTRONIC DATA
INTERCHANGE
(FEDI) FILE

1430

COLLECTOR TRANSMITS
FEDI FILE TO
ACCUMULATOR AGENCY

*FIG. 14*



**FIG. 15**



FIG. 16



FIG. 17



**FIG. 18**



*FIG. 19*



*FIG. 20*



*FIG. 21*

5,946,669

1

# METHOD AND APPARATUS FOR PAYMENT PROCESSING USING DEBIT-BASED ELECTRONIC FUNDS TRANSFER AND DISBURSEMENT PROCESSING USING ADDENDUM-BASED ELECTRONIC DATA INTERCHANGE

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates generally to the processing of payments and disbursements. More particularly, the invention relates to a method and apparatus for processing payments using debit-based electronic funds transfer and processing disbursements using addendum-based electronic data interchange.

2. Description of the Related Art

If an employee owes a permissive or mandatory obligation to a third party, the employee has few options for making recurring payments through the employer. Presently, most employers do not have the capability to process payments and disbursements for an employee through their payroll systems. If an employee has a recurring permissive obligation, the employee may make payments on this obligation through the traditional means, such as, for example, payment by cash, payment by a check, or electronic payment through the employee's bank. Similarly, if an employee has a recurring mandatory obligation, such as, for example, a child support payment, an alimony payment, or other similar court-enforced mandatory obligations, the employee may also make payments on these obligations through the same traditional methods. In either of these situations, however, there are few options for an employee to make payments or disbursements through an employer.

For recurring mandatory obligations, one option is for an employer to withhold an amount from an employee's wages and to make subsequent disbursement of the amount to a particular receiving entity. This withholding generally occurs as a court-sanctioned withholding, such as a garnishment. For example, there are presently systems that allow the payment and disbursement of child support obligations from an employer directly into the bank account of a state's child support agency. One present system comprises computer software that allows an employer to extract data from any corporate financial application in order to process the obligation. The software then connects with an automated clearinghouse and processes an electronic payment for the obligation. The electronic transaction is a credit-based transaction. In a credit-based transaction, the automated clearinghouse issues a credit to the state agency based on the amount of the obligation. The bank for the state agency receives the credit and subsequently issues a debit against the bank account of the employer. The automated clearinghouse receives the debit from the bank of the state agency and processes the debit against the bank of the employer. When the amount of the obligation is satisfied through the automated clearinghouse, the credit held by the bank of the state agency is satisfied by the debit issued against the bank of the employer. Another present system performs similar operations, but the system functions only on its own proprietary software. These current methodologies for payment and disbursement processing are inefficient and undesirable based at least on three grounds.

First, the current methods for payment and disbursement processing require that employers use credit-based transactions. These transactions involve numerous interactions with an automated clearinghouse, which involve both financial and temporal inefficiencies. A credit-based transaction is financially inefficient because this type of transaction requires more interactions with an automated clearinghouse. Each time that a transaction passes through an automated clearinghouse, a processing fee is charged. Also, a credit-based transaction is temporally inefficient. Because a credit-based transaction must pass through an automated clearinghouse in multiple incantations, this type of transaction takes more time to complete.

Second, the current methods for payment and disbursement processing only allow the processing of one financial transaction at a time. This inefficiency results because the current methods use a payment format that is limited to one financial exchange per payment or disbursement transaction. For all electronic transactions with an automated clearinghouse, there are four available formats: cash concentration or disbursement (CCD), cash concentration or disbursement plus addenda (CCD+), corporate trade exchange (CTX), and corporate trade payments (CTP). The current systems utilize the CCD+ format, a combination of the CCD format and an addendum. The CCD+ format is limited to a single addenda record and is thus limited to one payment and disbursement per transaction. An addenda record enables the exchange of electronic payments as well as payment-related information through financial institutions over an automated clearinghouse network. In contrast, the CTX format allows one electronic payment to cover multiple obligations, therefore including up to 9,999 addenda records. The CTP format utilizes a distinct combination of addenda records, but the CTP format was discontinued effective April 1996. Therefore, because the current systems only utilize the CCD+ format, they can only process transactions one at a time.

In addition to these financial and temporal inefficiencies, the current methods also contain inherent structural inefficiencies. The current methods for payment and disbursement processing all require a bank both at the beginning and at the end of each financial transaction. Accordingly, these systems do not allow the employer to initiate a financial transaction to a recipient directly through an automated clearinghouse. Instead, the systems require that an employer initiate the financial transaction at a bank, that the bank process the financial transaction through an automated clearinghouse, and that the automated clearinghouse complete the transaction between the employer and the recipient. For the current systems, these processes include multiple transactions through the automated clearinghouse. These structural inefficiencies inure due to the inability of the employer to initiate or process electronic transactions through an automated clearinghouse.

The inefficiencies and other shortcomings in the current methodologies for payment and disbursement processing reflect undesirable diminutions in capacity and quality that could be achieved by further development of improved payment and disbursement processing methods. Thus, the current payment and processing methods reflect an unsatisfactory development of methods and systems to process both the permissive and mandatory obligations of an employee by an employer and subsequent disbursement to an intended recipient.

## SUMMARY OF THE INVENTION

The present invention is directed to a method and system that obviates problems due to the limitations and disadvantages of the prior art.

It is an object of one embodiment of the invention to provide a system whereby a collector of funds may easily process a payment and a disbursement.

5,946,669

3

It is another object of another embodiment of the invention to enable a collector to transmit an electronic payment and an addendum-based file to an accumulator agency for processing.

It is still another object of another embodiment of the invention to enable an accumulator agency to receive an electronic payment and to process a payment as a debit-based transaction.

It is yet another object of another embodiment of the invention to enable an accumulator agency to receive an addendum-based file and to process a disbursement based on the addendum information.

To achieve these and other objects, and in accordance with the purposes of the invention, as embodied and broadly described, one aspect of the invention includes a method of accumulating a payment and processing a disbursement. This method comprises initiating a payment with disbursement information from a payee to a payee through a collector; transferring to an accumulator agency the payment and the disbursement information from the collector; processing from the agency the payment as a debit transaction; and processing from the agency the disbursement information as an addendum transaction.

A further aspect of the invention includes a method of processing a payment. This method comprises receiving payment information at a collector; sending the payment information from the collector to an accumulator agency; receiving at the accumulator agency payment information from the collector regarding the payment; and initiating by the accumulator agency the payment as a debit transaction.

Another aspect of the invention includes a method of processing a disbursement. This method comprises transmitting by an accumulator agency disbursement information to an intermediary; receiving at the accumulator agency disbursement transaction information from the intermediary regarding authorization for a disbursement as an addendum transaction; and executing the disbursement to a recipient.

Additional aspects of the invention are disclosed and defined by the appended claims. It is to be understood that both the foregoing general description and the following detailed description are exemplary and explanatory and are intended to provide further explanation of the invention as claimed.

BRIEF DESCRIPTION OF THE DRAWINGS

The accompanying drawings are included to provide a further understanding of the invention, are incorporated in and constitute a part of this specification, illustrate preferred embodiments of the invention, and, together with the description, serve to explain the principles of the invention.

In the drawings,

FIG. 1 is a block diagram of a payment and disbursement processing system;

FIG. 2 is a block diagram of a debit-based payment processing system in accordance with one embodiment of the present invention, as shown in FIG. 1;

FIG. 3 is a block diagram of an addendum-based disbursement processing system in accordance with one embodiment of the present invention, as shown in FIG. 1;

FIG. 4 is a block diagram of a payment and disbursement processing system, in accordance with a preferred embodiment of the present invention, as shown in FIG. 1;

FIG. 5 is a block diagram of a collector, as shown in FIG. 1;

FIG. 6 is a block diagram of an accumulator agency, as shown in FIG. 1;

4

FIG. 7 is a block diagram of an intermediary/recipient, as shown in FIG. 2;

FIGS. 8A and 8B are samples of the contents of the financial electronic data interchange database and the electronic funds transfer database stored in the collector terminal shown in FIG. 5, the accumulator agency server shown in FIG. 6, and the intermediary/recipient terminal shown in FIG. 7;

FIGS. 9A and 9B are samples of the contents of the electronic data interchange addenda database stored in the collector terminal shown in FIG. 5, the accumulator agency server shown in FIG. 6, and the intermediary/recipient terminal shown in FIG. 7;

FIG. 10 is a block diagram of a payment processing system, in accordance with the preferred embodiment of the present invention, as shown in FIG. 4;

FIG. 11 is a flow diagram of a method for initiating a payment, in accordance with the embodiment of the invention, as shown in FIG. 10;

FIG. 12 is a flow diagram of a method for implementing payment processing, in accordance with the embodiment of the invention, as shown in FIG. 10;

FIG. 13 is a block diagram of a payment processing system, in accordance with an alternative embodiment of the present invention, as shown in FIG. 2;

FIG. 14 is a flow diagram for a method for initiating a payment, in accordance with the embodiment of the invention, as shown in FIG. 13;

FIG. 15 is a flow diagram for a method for implementing payment processing, in accordance with the embodiment of the invention, as shown in FIG. 13;

FIG. 16 is a block diagram for a payment processing system, in accordance with another alternative embodiment of the present invention, as shown in FIG. 2;

FIG. 17 is a block diagram for a disbursement processing system, in accordance with the preferred embodiment of the present invention, as shown in FIG. 4;

FIG. 18 is a flow diagram of a method for disbursement processing, in accordance with the embodiment of the invention shown in FIG. 17;

FIG. 19 is a block diagram of a disbursement processing system, in accordance with an alternative embodiment of the present invention, as shown in FIG. 3;

FIG. 20 is a flow diagram for a method of disbursement processing, in accordance with the embodiment of the invention shown in FIG. 19; and

FIG. 21 is a block diagram of a disbursement system, in accordance with another alternative embodiment of the present invention, as shown in FIG. 3.

DESCRIPTION OF THE PREFERRED EMBODIMENTS

Introduction

The system of a preferred embodiment of the invention avoids the inefficiencies and shortcomings of the prior art payment and disbursement methodologies by integrating the collection of payment and disbursement information by an employer and transmitting the information to an accumulator agency. The accumulator agency then processes the payment as a debit-based transaction and processes the disbursement as an addendum-based transaction. In this system, all parties benefit: the payor benefits by the availability of a simple method for payment and disbursement

5,946,669

| 5 | 6 |

processing through an employer, the employer benefits by a fast and inexpensive method for transmitting payments and disbursements from an employee to a recipient, and the recipient benefits from the timely transmittal and receipt of a payment. The system is also beneficial to disbursement processors because the system allows for efficient transmittal of disbursement information without payment overhead.

A preferred system consistent with the invention comprises several components, including a collector, an accumulator agency, and an intermediary/recipient. From an initiator, the collector receives payment and disbursement information, which is initially stored at the collector. The collector maintains a database of payment and disbursement information pursuant to each initiator. The accumulator agency serves as a processing station between the collector and the recipient/intermediary. The accumulator agency receives the payment and disbursement information from the collector, verifies the validity of the information, and if valid, further processes the payment and disbursement. For payment processing, the accumulator agency transmits payments as debitbased transactions. For disbursement processing, the accumulator agency transmits disbursements as addendum-based transactions.

System

FIG. 1 shows a payment and disbursement system according to one embodiment of the present invention. System 100 includes initiator 110, collector 120, accumulator agency 130, debit-based payment processing 140, and addendum-based disbursement processing 150. Initiator 110, which is preferably an employee seeking to initiate a permissive payment and disbursement or an employee subject to a mandatory payment and disbursement, transacts with collector 120, which is preferably an employer. Collector 120 receives the payment and disbursement information from initiator 110, and collector 120 records the information in a database and transmits the information to accumulator agency 130. Accumulator agency 130 verifies and processes the payment and disbursement information. For payment processing, accumulator agency 130 transmits the payment according to debit-based payment processing 140. Debit-based payment processing 140 incorporates financial processing information. For disbursement processing, accumulator agency 130 transmits disbursement information according to addendum-based disbursement processing 150. Addendum-based disbursement processing 150 incorporates the non-financial information contained within the addendum.

FIG. 2 illustrates an embodiment of a debit-based payment processing system consistent with system 100 shown in FiG. 1. As shown in FIG. 2, debit-based payment processing system 200 includes collector 120, accumulator agency 130, accumulator agency's bank 210, automated clearing house (ACH) 220, collector's bank 230, interriediary/recipient's bank 240, and intermediary/ recipient 250. As described in FIG. 1, collector 120 receives the payment and disbursement information, records the information in a database, and then transmits the information to accumulator agency 130. The transmission of this information occurs in the form of an addendum-based financial electronic data interchange (FEDI) file. Electronic data interchange (EDI) describes the computer to computer exchange of information from one entity to another using electronic communication, and electronic funds transfer (EFT) describes the exchange of an electronic payment using electronic communication. FEDI is a combination of an EDI disbursement information with an EFT electronic

payment. Accumulator agency 130 receives the FEDI file, verifies the validity of the information in the file, and then records the information in a database. Following the validation of the FEDI file, accumulator agency 130 segregates the payment information and the disbursement information from the FEDI file. Accumulator agency 130 then sends the payment information to debit-based payment processing 140 and the disbursement information to addendum-based disbursement processing 150.

For the processing of the payment according to FIG. 2, accumulator-agency 130 transmits an EDI addendum to intermediary/recipient 250, with data indicating that a payment has been made. Also, accumulator agency 130 transmits an EFT transaction to accumulator agency's bank 210. Notably, accumulator agency 130 may transmit any number of EFT transactions to accumulator agency's bank 210 for processing. For example, if a payment is due to an intermediary/recipient from 500 entities, accumulator agency 130 may transmit all 500 payments as one EFT transaction to accumulator agency's bank 210 for processing. In so doing, accumulator agency 130 not only utilizes an efficient means of transmitting an EFT transaction but also saves transaction costs by using a single EFT transaction. For example, accumulator agency 130 could transmit this single EFT transaction containing 500 payments using the CTX format, which provides for up to 9,999 payments.

Once accumulator agency's bank 210 receives the EFT transaction from accumulator agency 130, accumulator agency's bank 210 must process each of the individual debit-based transactions contained within the EFT transaction. Like accumulator agency 130, accumulator agency's bank 210 may also use various EFT formats for processing multiple payments through ACH 220. ACH 220 is a clearing house for processing financial transactions through the Federal Reserve system, such as, for example, the National Automated Clearinghouse Association (NACHA).

Following transmission of the payment information to ACH 220, ACH 220 then processes the debit-based transactions initiated by accumulator agency's bank 210. Because these transactions are debit-based transactions, ACH 220 performs merely two transactions. First, ACH 220 issues a debit against the payor of the payment, and second, ACH 220 issues a credit to the recipient of the transaction. Thus, for the debit-based transactions initiated by accumulator agency's bank 210, ACH 220 initiates a debit transaction to collector's bank 230 and a credit transaction to intermediary/recipient's bank 240. Again, like collector 120 and accumulator agency 130, ACH 220 may utilize various EFT formats for multiple transmissions of these electronic transactions. Once ACH 220 has completed these transactions, payment processing has occurred, as intermediary/recipient 250 have received payment in intermediary/recipient's bank 240 from collector 120.

FIG. 3 illustrates an embodiment of an addendum-based disbursement processing system consistent with system 100 shown in FIG. 1. As shown in FIG. 3, addendum-based disbursement processing system 300 includes intermediary 310, accumulator agency 130, disbursement 320, paper check 322, direct deposit 324, debit deposit 326, and recipient 330. As described in FIG. 1, collector 120 receives payment and disbursement information from initiator 110, records the information in a database, and then transmits the information to accumulator agency 130. The transmission of payment and disbursement information occurs via a FEDI file. Once accumulator agency 130 receives the FEDI file, and following verification, accumulator agency 130 records the information in a database and segregates the payment

5,946,669

7

and the disbursement from the FEDI file. Accumulator agency 130 then processes the disbursement information according to addendum-based disbursement processing 150.

For the processing of the disbursement according to FIG. 3, intermediary 310 initially receives an EDI file from accumulator agency 130, as shown in FIG. 2. This EDI file contains information relating to the payment made by initiator 110 and requests instructions regarding the disbursement. Intermediary 310 then processes the information and determines whether a disbursement is to be made. If a disbursement is approved by intermediary 310, intermediary 310 transmits another EDI file to accumulator agency 130 with instructions for the disbursement. Accumulator agency 130 then processes disbursement 320. Disbursement 320 may include any of a number of several disbursement methods, including paper check 322, direct deposit 324, and debit deposit 326. Accumulator agency 130 processes paper check 322 by the traditional methodology, by printing and mailing the check to recipient 330. Accumulator agency 130 processes direct deposit 324 also through the traditional methods, by issuing the deposit by EFT. Accumulator agency 130 processes debit deposit 326 through any number of available options by issuing an EFT, including the creation of a debit deposit at a bank operated by a state agency or the creation of a debit deposit account at a bank operated by accumulator agency 130. Whatever the methodology for disbursement, according to system 300, disbursement 320 processes a disbursement to recipient 330 according to instructions provided to accumulator agency 130 from intermediary 310.

FIG. 4 illustrates a preferred embodiment for a payment and disbursement system according to the present invention. System 400 depicts a payment and disbursement system for transmitting child support obligations from a non-custodial to a custodial parent through an employer. Of course, one skilled in the art will realize many alternative applications for this system.

As shown in FIG. 4, system 400 anticipates that initiator 110 (in the case of the preferred embodiment, an employee) has already initiated a payment and disbursement. System 400 thus shows three alternatives for collector 120 (shown here as employer 410) for initiating a payment and disbursement consistent with the invention. Employer 410 depicts alternative ways that an employer can initiate a payment and disbursement for an employee, illustrated as employer 412, employer 414, and employer 416. Employer 412 has only one employee subject to a child support obligations, employer 414 has 200 employees subject to child support obligations, and employer 416 also has 200 employees subject to child support obligations. In the case of employer 412, the FEDI file transmitted from employer 412 to accumulator agency 130 comprises the CCD+ format. As noted above, the CCD+ format provides for an EFT transaction plus an addendum, but the CCD+ format is limited to one addendum per transaction. Thus, employer 414 also utilizes the CCD+ format, but due to the limitations of this EFT format, employer 414 would be required to use 200 separate FEDI transactions in the CCD + format. In contrast, employer 416 transmits all 200 transactions utilizing the CTX format. As noted above, the CTX format allows for the transmission of a payment with up to 9,999addenda records. Employer 416 therefore saves both time and expense by using the CTX format. Whatever the format, once employer 410 transmits the necessary FEDI files, accumulator agency 130 receives the FEDI files from employer 410 and processes the payment and disbursement transactions.

For payment processing according to system 400, accumulator agency 130 transmits an EDI transaction to state

8

460 and an EFT transaction to accumulator agency's bank 210. The EDI transaction from accumulator agency 130 to state 460 indicates that a payment has been made. The EFT (or FEDI) transaction from accumulator agency 130 to accumulator agency's bank 210 contains the payment information to initiate a payment from initiator 110 (that is, a non-custodial parent) to recipient 330 (that is, custodial parent 480). As depicted in system 400, state 460 comprises state A 462, state B 464 and state C 466. System 400 contains three representations of state 460 for purposes of describing three alternatives for payment and disbursement processing. For similar reasons, system 400 contains three representations of state bank 470, including state A's bank 472, state B's bank 474, and state C's bank 476, and accordingly, system 400 contains three representations of custodial parent 480, including custodial parent A 482, custodial parent B 484, and custodial parent C 486.

Continuing with payment processing according to system 400, accumulator agency's bank 210 receives the payment information from accumulator agency 130 and processes the payment via ACH 220 as a debit-based transaction. In processing the debit-based transaction, ACH 220 issues a debit against employer's bank 440 and issues a credit to state bank 470. In this maimer, the payment is completed from initiator 110, or the non-custodial parent, to state 460 via employer 410 for the benefit of recipient 330, or custodial parent 480. The particular steps associated with the processes of payment processing are described in connection of FIGS. 10–16.

For disbursement processing according to system 400, state 460 issues an EDI transaction to accumulator agency 130, authorizing a disbursement to custodial parent 480. Accumulator agency 130 then processes the disbursement 320 according to one of three methods, paper check 322, direct deposit 324, or debit deposit 326. As shown in FIG. 4, for a disbursement by paper check, state A 462 transmits an EDI file to accumulator agency 130, authorizing a disbursement to custodial parent A 482. Accumulator agency 130 then prints and issues a check directly to custodial parent A 482. For a disbursement by direct deposit, state B 464 issues an EDI file to accumulator agency 130, authorizing a disbursement to custodial parent B 484. Accumulator agency 130 then issues an EFT transaction to accumulator agency's bank 210, authorizing a direct deposit to custodial parent B 484. Accumulator agency's bank 210 issues an EFT transaction to ACH 220, initiating a direct deposit to custodial parent B 484. Based on this instruction for a direct deposit, ACH 220 issues a debit transaction against state B's bank 474 and issues a credit transaction to custodial parent B's bank 490, for the benefit of custodial parent B 484. For a disbursement by debit deposit, state C transmits an EDI to accumulator agency 130, authorizing a debit deposit to custodial parent C 486. Accumulator agency 130 transmits an EFT transaction to accumulator agency's bank 210, authorizing the creation of a debit deposit account to the benefit of custodial parent C 486. Accumulator agency's bank 210 issues an EFT transaction to ACH 220, providing for the creation of a debit deposit in state C's bank 476. Once a debit deposit is created in state C's bank 476, custodial parent C 486 may access the account and receive the disbursement. The particular steps associated with the processes of disbursement processing are described in connection with FIGS. 17–21.

In the payment and disbursement system described in FIG. 4, it should be noted that all the designations are exemplary. One skilled in the art would be able to recognize various implementations of system 400. For example, the

5,946,669

9

reference to a state does not limit the scope of this invention to a state of the United States, but in the context of the preferred embodiment, the reference may apply to any local, regional, federal, or international governmental entity. In other embodiments, moreover, the reference to a state could even apply to a nongovernmental entity, such as, for example, a mutual fund, a bill payment center, or any other commercial entity. Indeed, all the designations in system 400 entail such broad applications in the context of payment and disbursement processing.

FIG. 5 illustrates one embodiment of collector 120 used in system 100 shown in FIG. 1. As shown in FIG. 5, collector 120 preferably includes collector terminal 500 equipped with conventional hardware, including central processing unit (CPU) 510, random access memory (RAM) 512, display memory 514, video interface circuit (VIC) 516, input/output controller (I/O) 518, data storage device (disk) 520, input device 530, display 540, external device 550, and optional network interface 560. Collector terminal 500 basically functions as a conventional data processor.

As shown in FIG. 5, CPU 510 is directly coupled to each of the other elements of collector terminal 500. CPU 510 executes program code (not shown) stored in one or more RAM 512 or disk 520 to carry out the functions and acts described in connection with collector terminal 500. CPU 510 preferably comprises at least one high-speed digital data processor adequate to execute program modules consistent with the invention, such as accumulation of a payment and disbursement, transmission of a payment and disbursement, and the processing and completion of a payment and disbursement. The processes performed by these modules are described in connection with FIGS. 10–21. CPU 510 interacts with RAM 512 and disk 520 to execute stored program code according to conventional data processing techniques.

As also shown in FIG. 5, input device 530 permits collector terminal 500 to receive payment and disbursement information about initiator 110 and, although shown as a single device, may comprise one or more data input devices of various types, such as an alphanumeric keyboard, a numeric keypad, a bar code scanner, a credit card reader, a disk drive, a memory, an electronic communication line, and a wireless transceiver. Input device 530 preferably transmits received information to CPU 510 for storage in disk 520. VIC 516 comprises a video driver sending signals to display 540 displaying either text or graphics based on the contents of display memory 514. Display 540 is preferably large enough to display information relating to payment and disbursement processing for initiators 110. External device 550 allows operability of other components with collector 120, such as, for example, a modem, a printer, a scanner, a photocopying device, or any other form of input or output device. Optional network interface 560 links CPU 510 to allow communication with other collector devices, such as multiple collector terminals 500.

As shown in FIG. 5, disk 520 preferably comprises a large capacity memory capable of maintaining FEDI file database 522 and EDI addenda database 524. FEDI file database 522 contains data pertaining to payment and disbursement information accumulated from initiators 110. The contents of FEDI file database 522 are transmitted to accumulator agency 130 for processing. EDI addenda database 524 contains the disbursement information from FEDI file database 522. Data contained in one or more of these databases 522 and 524 may be periodically updated from collectors 120 via input device 530, external device 550, or optional network interface 560. Samples of the records and their respective fields contained in databases 522 and 524 are shown in and described in connection with FIGS. 8A–8B and 9A–9B.

10

FIG. 6 illustrates one embodiment of accumulator agency 130 used in system 100 shown in FIG. 1. Accumulator agency 130 preferably comprises accumulator agency server 600 equipped with conventional hardware, including CPU 610, RAM 612, display memory 614, VIC 616, I/O 618, disk 620, input device 630, display 640, external device 650, and optional network interface 660. In general, elements of accumulator agency server 600 common to collector terminal 500 preferably operate in substantially the same manner as described above. Because accumulator agency server 600 may service one or more external devices 650, accumulator agency server 600 is preferably capable of interfacing with one or more collector terminals 500. Alternatively, accumulator agency server 600 130 may also interface with one or more collector terminals 500 via optional network interface 660.

As shown in FIG. 6, disk 620 preferably comprises a large capacity memory capable of maintaining FEDI file database 622, EFT debit database 624, and EDI addenda database 626. FEDI file database 622 contains data pertaining to the payment and disbursement information transmitted by collector terminals 500. Indeed, FEDI file database 622 contains data corresponding to FEDI file database 522. EFT debit database 624 contains the payment information from FEDI file database 622. EDI addenda database 626 contains the disbursement information from FEDI file database 622. Data contained in one or more of these databases 622, 624, and 626 may be periodically obtained and updated from collector terminals 500 via external device 650 or optional network interface 660. Samples of the records and their respective fields contained in databases 622, 624, and 626 are shown in and described in connection with FIGS. 8A–8B and 9A and 9B.

FIG. 7 illustrates one embodiment of intermediary/recipient 250 used in system 200 shown in FIG. 2. Intermediary/recipient 250 preferably comprises intermediary/recipient terminal 700 equipped with conventional hardware, including CPU 710, RAM 712, display memory 714, VIC 716, I/O 718, disk 720, input device 730, display 740, external device 750, and optional network interface 760. Again, elements of intermediary/recipient terminal 700 common to collector terminal 500 or accumulator agency server 600 preferably operate in substantially the same manner as described above. External device 750 or optional network interface 760 allows connectivity of intermediary/recipient terminal 700 to external computers or networks. In a preferred embodiment, one such external computer is accumulator agency server 600.

As shown in FIG. 7, disk 720 maintains EDI addenda database 721, EFT credit database 723, disbursement database 725, initiator database 727, and recipient database 729. EDI addenda database 721 contains the addendum information transmitted by accumulator agency server 600. Indeed, EDI addenda database 721 contains data corresponding to EDI addenda database 626. EFT credit database 723 contains the credit transactions transmitted from ACH 220. Disbursement database 725 contains information designating whether a disbursement will be authorized and transmitted to accumulator agency server 600. Initiator database 727 contains a listing of authorized initiators for payment transactions. Recipient database 729 contains a listing of the authorized recipients for the receipt of disbursements. Samples of the records and their respective fields contained in databases 721, 723, 725, 727, and 729 are shown in and described in connection with FIGS. 8A–8B and 9A–9B.

Database Formats

Samples of the contents of FEDI file database 522, EDI addenda database 524, FEDI file database 622, EFT debit

11

database 624, EDI addenda database 626, EDI addenda database 721, EFT credit database 723, disbursement database 725, initiator database 727, and recipient database 729 are shown in FIGS. 8A–8B and 9A–9B. The specific data and fields illustrated in these figures represent only one embodiment of the records stored in the databases consistent with the invention. In most cases, the fields shown in FIGS. 8A–8B and 9A–9B are relatively straight forward and self-explanatory. In addition to the disclosed databases, the data and fields of these databases, as well as the number of databases, can be readily modified from the described embodiments, for example, to include more or fewer data fields.

FEDI file database 522 maintained in collector terminal 500 contains a listing of information relating to payments and disbursements for use by collector terminal 500. FIGS. 8A and 8B illustrate a sample of the contents of FEDI file database 522, with FIG. 8A depicting a sample of the contents of a FEDI file in the CCD format and FIG. 8B depicting a sample of a FEDI file in the CTX format.

As shown in FIG. 8A, using the CCD format, FEDI file database 522 contains eleven fields with data element names corresponding to, for example, record type code, transaction code, receiving depository financial institution (DFI) identification, check digit, DFI account number, amount, identification number, receiving company name, discretionary data, addenda record indicator, and trace number. FIG. 8A also indicates the attributes of each field. After the field row and the data element name row, the field inclusion requirement row indicates the requirements for each of the eleven fields, "M" indicating a mandatory element, "R" indicating a required element, and "O" indicating an optional element. The contents row indicates a sample stricture for the contents of each field, and the link row indicates the length of characters available for each field. Finally, the position row indicates the position of the data element in the database record. The CCD format allows a database record of 94 characters.

For field 1, located at position 01-01, record type code allows a single character, which the example shows as a "6."

For field 2, located at position 02-03, transaction code encompasses two characters, which the example shows as requiring a numeric form.

For field 3, located at position 04-11, receiving DFI identification provides for 8 characters, which the example depicts in the form, "TTTTAAAA."

For field 4, located at position 12-12, check digit encompasses a single character, which the example shows as requiring a numeric form.

For field 5, located at position 13-39, DFI account number entails 17 characters, which the example shows as allowing any alphanumeric form.

For field 6, located at position 30-39, amount provides for a character length of 10, which the example shows as $$$$$$$$$¢¢ (thus, allowing a numerical entry of 999,999.99 or below).

For field 7, located at position 40-54, identification number spans 15 characters, which the example shows as allowing any alphanumeric form.

For field 8, located at position 55-76, receiving company name encompasses 22 characters, which the example shows as allowing any alphanumeric form.

For field 9, located at position 77-76, discretionary data involves only 2 characters, which the example shows as allowing any alphanumeric form.

12

For field 10, located at position 79-79, addenda record indicator allows a single character, which the example shows as requiring a numeric form.

For field 11, located at position 80-94, trace number encompasses a number of up to 15characters, which the example shows as requiring a numeric form.

As shown in FIG. 8B, using the CTX format, FEDI file database 522 may also contain thirteen fields with data element names corresponding to, for example, record type code, transaction code, receiving DFI identification, check digit, DFI account number, total amount, identification number, number of addenda records, receiving company name/ID number, reserved, discretionary data, addenda record indicator, and trace number. The CTX format also allows a database record of 94characters. Indeed, the 13 fields of FIG. 8B correspond to the fields described in FIG. 8A, except that FIG. 8B contains two additional fields, namely, number of addenda records (field 8) and reserved (field 10). For field 8, located at position 55-58 of the addenda for the CTX format, number of addenda records encompasses 4 characters, which the example shows as requiring a numeric form; for field 10, located at position 75-76 of the addenda for the CTX format, reserved provides for 2 characters, which the example indicates as "blank" due to the reserved status of this field. Otherwise, the fields of the CTX format correspond exactly to the fields of the CCD format. Indeed, both the CTX format and the CCD format contain 94 characters. Accordingly, FEDI file database 522 contains fields corresponding to either the CCD or CTX format, and in either case, the number of characters in the database for each record does not exceed 94.

Notably, FIGS. 8A and 8B only depict the fields for the EFT-portion of the FEDI file. Accordingly, these fields for the CCD and CTX formats operate according to the Operating Rules and Guidelines of the National Automated Clearinghouse Association (NACHA), hereby incorporated by reference.

Also maintained in collector terminal 500, EDI addenda database 524 contains a listing of the information relating to disbursements either authorized by or required from initiators 110. As shown in FIGS. 8A and 8B, the addenda record indicator (field 10 for CCD, field 12 for CTX) designates the presence or absence of an addenda record in an FEDI file. If this flag is positive, FIG. 9A illustrates a sample of the contents of such an addenda record. As shown in FIG. 9A, an addenda record contains five fields with data element names corresponding to, for example, record type code, addenda type code, payment related information, addenda sequence number, and entry detail sequence number. The row structure of the addenda record depicted in FIG. 9A corresponds to the structure and contents of the rows in FIGS. 8A–8B. Of the five fields shown in FIG. 9A, payment related information (field 3) contains the pertinent disbursement information, in the context of EDI addenda database 524.

FIG. 9B illustrates a sample of the contents of EDI addenda database 524, in its preferred implementation of a payment and disbursement processing system for child support payments. As shown in FIG. 9B, EDI addenda database 524 contains records having fields with segment identifiers for deductions (DED) corresponding to, for example, application identifier DED01, case identifier DED02, pay date DED03, payment amount DED04, non-custodial parent social security number DED05, medical support indicator DED06, non-custodial parent name DED07, FIPS code DED08, an employment termination

5,946,669

13                                                                 14

indicator DEDO9. Therefore, as shown in FIG. 9B, the addenda record for a child support payment contains nine segment identifiers.

Application identifier DED01 indicates the type of deduction being withheld from an employee's pay.

Case identifier DED02 is the case number or court order number that the child support receiving agency uses for the processing of payments and disbursements.

Pay date DED03 indicates the pay date or the date of income withholding from the non-custodial parent.

Payment amount DED04 indicates the amount of withholding from the pay of the non-custodial parent, which is paid to the child support receiving agency.

Non-custodial parent social security number DED05 provides the child support receiving agency with the social security number of the non-custodial parent.

Medical support indicator DED06 indicates whether the non-custodial parent has family medical insurance available through his or her employer.

Non-custodial parent name DED07 indicates the first seven letters of the last name of the non-custodial parent followed by at least three of the first three letters of his or her first name.

Federal information process standard (FIPS) code DED08 refers to the code used by the child support entity receiving the transaction, usually indicating the state and county of the child support entity.

Employment termination indicator DED09 is used to indicate to the child support enforcement agency that the non-custodial parent's employment has been terminated.

For the contents of an EDI addendum for child support payment and disbursement, FIG. 9B also indicates the mandatory and permissive attributes of each field. Attribute column 1 indicates the field requirement, "M" indicating a mandatory element and "O" indicating an optional element. Attribute column 2 indicates the data type, including "AN" for string type data, "DT" for date type data, "ID" for identifier data from a predefined list of values, and "N2" indicating a numeric type data with two decimal places to the right of a fixed decimal point (indicating a financial amount). Attribute column 3 indicates the minimum/maximum allowable length for the element, for example, 1/20indicates a minimum of one character and a maximum of 20 characters.

Of course, the example of the addenda requirements for a child support payment and disbursement are only one implementation of a system consistent with the present invention. Other implementations for payment and disbursement processing may also be used, such as, for example, alimony payments, payments on a judgment, payments on an attachment, tax payments, or even permissive payments, such as, for example, payments for investments or a mutual fund, payments upon a loan, or any other form of private or commercial obligation.

FEDI file database 622 maintained in accumulator agency server 600 contains a listing of information corresponding to FEDI file database 522. FEDI file database 622 contains those FEDI files transmitted to accumulator agency server 600 by collector terminals 500. Following transmission of these FEDI files, accumulator agency server 600 then validates the information, and if valid, segregates the EFT information from the EDI information. EFT debit database 624 contains the EFT information obtained from FEDI file database 622, and EDI addenda database 626 contains the EDI information obtained from FEDI file database 622. As

described above, FIGS. 8A and 8B show samples of EFT information, and FIGS. 9A and 9B show samples of EDI information. EFT debit database 624 and EDI addenda database 626 contain information consistent with that shown in and described in connection with FIGS. 8A–8B and 9A–9B.

EDI addenda database 721 maintained in intermediary/recipient terminals 700 contains a listing of disbursement information corresponding to the EDI information transmitted to intermediary/recipient terminal 700 from accumulator agency server 600, which was transmitted to accumulator agency server 600 from collector terminals 500. EDI addenda database 721 contains information similar to that contained within EDI addenda database 524 and EDI addenda database 626. FIGS. 9A and 9B show samples of EDI information. Intermediary/recipient terminal 700 receives EDI transactions into EDI addenda database 721 from accumulator agency server 600 in order to process disbursements according to the information contained within the EDI addenda.

EFT credit database 723 maintained in intermediary/recipient terminal 700 contains information relating to payments processed through accumulator agency's bank 210 and ACH 220 for the purpose of later distribution and processing. In an implementation pertaining to child support, once initiator 110, or a non-custodial parent, has issued a payment through employer 410 to custodial parent 480, EFT credit database 723 indicates to intermediary/recipient terminal 700 (such as a terminal at a state child support agency) that the non-custodial parent has paid the obligation. Once the payment has occurred, intermediary/recipient terminal 700 may then authorize the disbursement to custodial parent 480.

Disbursement database 725, initiator database 727, and recipient database 729 maintained in intermediary/recipient terminal 700 enable authorization of disbursements pursuant to the information contained within EDI addenda database 721. Initiator database 727 contains a listing of the authorized initiators for payment processing, recipient database 729 contains a listing of the authorized recipients for disbursement processing, and disbursement database 729 contains a listing of disbursements authorized for processing. EFT credit database 723 thus indicates to disbursement database 725 whether a disbursement is authorized. Once a disbursement is authorized under disbursement database 725, intermediary/recipient terminal 700 transmits such authorization to accumulator agency server 600. Disbursement database 725 may also contain a historical database of prior disbursements. In an implementation pertaining to child support, for example, initiator database 727 would contain a listing of initiators 110, or non-custodial parents, recipient database 729 would contain a listing of custodial parents 480, and disbursement database 729 would contain the information regarding payments due by the non-custodial parents to custodial parents for child support obligations.

Process

In processing a payment and disbursement from collector 120 (such as an employer) based on an obligation of initiator 110 (such as an employee), the system shown and described in connection with FIG. 1 preferably executes several distinct modules, or processes. These processes include facilitating the accumulation of a payment and disbursement at collector 120 from initiator 110, transmitting the payment and disbursement information from collector 120 to accu-

5,946,669

15 16

mulator agency **130**, processing the payment via debit-based payment processing **140**, and processing the disbursement via addendum-based disbursement processing **150**. The steps associated with these processes are described in connection with FIGS. **10–21** and can be performed in any order, unless otherwise specified or dictated by the steps themselves.

In describing the processes consistent with the invention, various implementations of systems consistent with the invention are also described herein. For example, FIG. **10** illustrates a payment processing system consistent with the preferred embodiment of the invention as shown in FIG. **4**. FIGS. **11** and **12** depict flow diagrams illustrating the series of steps performed by system **1000** as shown in FIG. **10**. In initiating payment processing pursuant to the preferred embodiment, employer **410** (shown here as employers **412**, **414**, **416**) receives a withholding order from initiator **110** (here, a non-custodial parent/employee), authorizing employer **410** to withhold funds from salary regarding a child support obligation (step **1110**). If employer **410** receives a withholding order, the order will involve either a wage assignment income withholding or wage lien from a state agency or court ordering the withholding of funds from the salary of an employee pursuant to a child support obligation. Alternatively, an employee can also authorize an employer to withhold funds from his or her salary for a child support obligation. Whatever the form of authorization, once authorized, the employer converts the withholding obligation into a FEDI file (step **1120**). This FEDI file may contain a payment with addendum information regarding disbursement in either the CCD or CTX formats. The FEDI file preferably is in the CTX format for greater efficiency and cost savings. Following the creation of the FEDI file, the employer then transmits the FEDI file to accumulator agency **130** (step **1130**).

Once accumulator agency **130** receives the FEDI file from employer **410** (step **1202**), accumulator agency **130** validates the FEDI transmission (step **1205**). The validation of the FEDI transmission may include certification of the employer. In this certification process, accumulator agency **130** determines whether employer **410**, which transmitted the FEDI file, is registered with accumulator agency **130**. If employer **410** is not registered with accumulator agency **130**, the FEDI file is rejected (step **1210**). If employer **410** is registered with accumulator agency **130**, employer **410** is certified and processing of the FEDI file continues. Note that this certification step is only one of many possible certification steps pursuant to methods consistent with the invention. Other certification steps may include, for example, validation of the data contained within the FEDI file.

Following certification of the employer, accumulator agency **130** initiates two transmissions. On the one hand, accumulator agency **130** sends an EDI file to state **460** (shown here as state A **462**, state B **464**, and state C **466**) (step **1220**). This EDI file indicates to state **460** that a payment has been made by initiator **110** (or, an employee) via employer **410**. Once state **460** receives the EDI file, state **460** uses the information contained within the addendum and updates its records pertaining to the payment by the employee (step **1230**). On the other hand, accumulator agency **130** also periodically accumulates EFT files for subsequent transmission (step **1240**). Accumulator agency **130** preferably transmits EFT files by the use of a FEDI file. For example, using the CTX format, accumulator agency **130** can accumulate 9,999 EFT payment transactions for transmissions in a single FEDI file. Once accumulator agency **130** has created such a FEDI file, the file is transmitted to accumulator agency's bank **210** (step **1250**).

Upon receipt of the FEDI file from accumulator agency **130**, accumulator agency's bank **210** processes the payment transactions (step **1260**). If accumulator agency **130** transmitted a FEDI file, accumulator agency's bank **210** segregates and processes the payments, but if accumulator agency **130** transmitted a single EFT file, then accumulator agency's bank **210** simply processes the single payment transaction. Once accumulator agency's bank **210** has accumulated and processed the payment transactions received from accumulator agency **130**, accumulator agency's bank **210** then interacts with ACH **220**. As done by accumulator agency **130**, accumulator agency's bank **210** may also utilize FEDI when transacting with ACH **220**. Thus, accumulator agency's bank may periodically accumulate and transmit payment transactions in the form of a FEDI file in the CTX format to ACH **220**

Once ACH **220** receives the payment transaction information from accumulator agency's bank **210**, ACH **220** processes the payments as debit-based transactions. Accordingly, ACH **220** processes the payments as debit-based transactions by transmitting a debit transaction to employer's bank **440** (step **1280**) and transmitting a credit transaction to state bank **470** (step **1270**), such as, state A's bank **472**, state B's bank **474**, and state C's bank **476**. Following the processing of these transactions by ACH **220**, the payment obligation from employer's bank **440** is satisfied with regard to state **460**, for example, including state **463**, state **464** and state **466**.

Although the system and processes described by FIGS. **10–12** describe the preferred embodiment for the payment processing system shown in FIG. **4**, other implementations are also available. FIG. **13**, for example, illustrates an alternative embodiment for a payment processing system consistent with the invention. FIGS. **14–15** depict flow diagrams illustrating the series of steps performed by system **1300** as shown in FIG. **13**. Similar to system **1000** in FIG. **10** and the processes described in FIGS. **11–12**, system **1300** allows collectors **120** (shown here as collector **1312**, collector **1314**, and collector **1316**) to transmit payment information to accumulator agency **130** in alternative methods (step **1410**). In contrast to the system and methods described in FIGS. **10–12**, the system and methods consistent with this embodiment do not limit collector **120** to an employer. Otherwise, system **1300** and the associated methods operate similarly as system **1000** and its associated methods. Collectors **120** create a FEDI file (step **1420**) and transmit the FEDI file to accumulator agency **130** (step **1430**). Accumulator agency **130** then receives the FEDI file from collectors **120** (step **1502**) and performs certification (step **1505**).

If certification fails, the FEDI file is rejected (step **1510**). If certification passes, accumulator agency **130** performs two steps. First, accumulator agency **130** sends an EDI file to intermediary/recipient **250** (step **1520**). Upon receipt of the EDI file, intermediary/recipient **250** updates its records regarding the payment described in the EDI file (step **1530**). In contrast to the system and methods described in FIGS. **10–12**, the system and methods consistent with this embodiment do not limit intermediary/recipient **250** to a state. However, to show that payment transaction can be processed to multiple recipients, system **1300** distinguishes intermediary/recipients **1322**, **1324**, **1326**. Second, accumulator agency accumulates EFT files from the FEDI files received from collectors **120** and periodically creates combined FEDI files for later transmission (step **1540**). Accumulator agency **130** then transmits the FEDI file to accumulator agency's bank **210** (step **1550**). Accumulator agency's bank **220** then receives the FEDI file from accu-

5,946,669

17                                                                              18

mulator agency **130** and processes the payment as a debit-based transaction via ACH **220** (step **1560**). ACH **220** subsequently performs two transactions: ACH **220** processes a debit transaction to collector's bank **1310** (step **1580**) and transmits a credit transaction to intermediary/recipient's bank **240**, here designated as intermediary/recipient A's bank **1332**, intermediary/recipient B's bank **1334**, and intermediary/recipient C's bank **1336** (step **1570**). Following these transactions, the payment obligation from intermediary/recipient's bank **240** is satisfied with regard to intermediary/recipient **250**, for example, including intermediary/recipient A **1322**, intermediary/recipient B **1324**, and intermediary/recipient C **1326**.

As described above, the system and methods associated with FIGS. **13–15** provide for a more dynamic payment processing system than the system and methods associated with FIGS. **10–12**. The system and methods consistent herewith allow for payment processing of mandatory as well as permissive obligations. Also, the system and methods consistent herewith allow for payment processing from entities other than non-custodial parents, through entities other than states, and to entities other than custodial parents.

FIG. **16** illustrates another alternative embodiment for a payment processing system consistent with the invention. Similar to system **1300**, described in FIG. **13**, system **1600** operates in the same manner as the system and methods disclosed in FIGS. **13–15**, except system **1600** allows accumulator agency **130** to transact directly with ACH **220**. In short, system **1600** allows accumulator agency **130** to function as a bank.

In system **1600**, collectors **120** (here shown as collector **1312**, collector **1314**, and collector **1316**) transmits payment information to accumulator agency **130**. Once accumulator agency **130** receives the FEDI file from collectors **120**, following certification, accumulator agency **130** then sends an EDI file to intermediary/recipient **250**, and accumulator agency **130** sends an FEDI file to a ACH **220**. Notably, in contrast to the system and methods described by FIGS. **10–15**, the system and methods consistent with FIG. **16** allow accumulator agency **130** to transact directly with ACH **220**. In this manner, accumulator agency **130** functions as a bank. Following the transactions between ACH **220** and accumulator agency **130**, ACH **220** processes the payments as debit-based transactions. In so doing, ACH **220** processes a debit transaction to collector's bank **1310** and transmits a credit transaction to intermediary/recipient's bank **240**. Like the system and methods consistent with the embodiment of the invention associated with FIGS. **13–15**, the system and methods consistent with FIG. **16** also provide for a more dynamic payment processing system. By allowing accumulator agency **130** to transact directly with ACH **220**, transaction steps are omitted that allow for a more efficient and thus timely processing of payments. Of course, the omission of this one step includes but one of many changes that can be made to the systems and methods for payment processing consistent with the invention.

FIG. **17** illustrates a disbursement processing system consistent with the preferred embodiment of the invention as shown in FIG. **4**. FIG. **18** depicts a flow diagram illustrating the series of steps performed by system **1700** as shown in FIG. **17**. In transacting disbursement processing pursuant to the preferred embodiment, state **460** (here shown as state A **462**, state B **464**, and state C **466**) computes the child support disbursement due to recipient **330** and transmits the disbursement information in an EDI file to accumulator agency **130** (step **1810**). Accumulator agency **130** receives the EDI file from state **460** and processes the disbursement

(step **1820**). If the disbursement is a check (step **1825**), accumulator agency **130** prints the check and transmits it directly to custodial parent **480** (step **1830**). In system **1700**, the issuance of a check by accumulator agency **130** is transmitted to custodial parent A **482**. The issued check is drawn on the bank account of state **460**. In system **1700**, the check issued by accumulator agency **130** to custodial parent A **482** is drawn on state A's bank **472** (step **1835**).

If the disbursement is not a check, accumulator agency **130** must process an electronic transaction for the disbursement (step **1840**). To do so, accumulator agency **130** issues an EFT/FEDI transaction to accumulator agency's bank **210** (step **1842**) and accumulator agency's bank then transmits the transaction to ACH **220** (step **1845**). ACH **220** then transmits the EFT/FEDI transaction to state bank **470** (step **1850**). If the EFT/FEDI transaction is for a direct deposit (step **1855**), state bank **470** subsequently issues a direct deposit via ACH **220** (step **1860**). In system **1700**, the issuance of a direct deposit by accumulator agency **130** results in the transmission of a direct deposit to ACH **220**. ACH **220** then processes the direct deposit to custodial parent B's bank **490**. In so doing, ACH **220** issues a debit transaction to state B's bank **474** (step **1866**) and issues a credit transaction to custodial parent B's bank **490** (step **1867**). Thereby, custodial parent B **484** receives a disbursement in the form of a direct deposit (step **1868**).

If disbursement is not by direct deposit, accumulator agency **130** processes the disbursement as a debit deposit (step **1870**). In establishing a debit deposit, accumulator agency **130** has the option of where to locate the debit deposit account. In system **1700**, accumulator agency **130** establishes the direct deposit account at state C's bank **476**, by transmitting the debit deposit information via ACH **220**. Thereby, custodial parent C **486** receives the disbursement in the form of a debit account at state C's bank **476** (step **1880**). Alternatively, accumulator agency **130** can also establish a debit deposit account at accumulator agency's bank **210**. Additionally, although not depicted in FIG. **18**, the system and methods consistent with the preferred embodiment also contemplate the issuance of an invoice to custodial parent **480** for any disbursement (as indicated by the dotted line on FIG. **17**).

Although the system and processes described by FIGS. **17–18** describe the preferred embodiment for the disbursement processing system shown in FIG. **4**, other implementations are also available. FIG. **19**, for example, illustrates an alternative embodiment for a disbursement processing system consistent with the invention. FIG. **20** depicts a flow diagram illustrating the series of steps performed by system **1900** as shown in FIG. **19**. Similar to system **1700** in FIG. **17** and the processes described in FIG. **18**, system **1900** enables intermediary **310** to compute a payment due to recipient **330** and to transmit the disbursement information in an EDI file to accumulator agency **130** (step **2010**). In contrast to the system and methods described in FIGS. **17–18**, the system and methods consistent with this embodiment do not limit intermediary **310** to a state. Otherwise, system **1900** and the associated methods operate similarly as system **1700** and its associated methods. Accumulator agency **130** receives the EDI file from intermediary **310** and processes the disbursement (step **2020**). If the disbursement is a check (step **2025**), accumulator agency **130** prints the check and transmits it directly to recipient **330** (step **2030**). Again, in contrast to the system and methods described in FIGS. **17–18**, the system and methods consistent with this embodiment do not limit recipient **330** to a custodial parent. However, to show that multiple disbursement transaction

5,946,669

19    20

can be processed to multiple recipients, system **1900** distinguishes recipient A **1932**, recipient B **1934**, and recipient C **1936**. As indicated in system **1900**, the issuance of a check by accumulator agency **130** is transmitted to recipient A **1932**. The issued check is drawn on the bank account of intermediary A's bank **1912**. In system **1900**, the check issued by accumulator agency **130** recipient A **1932** is drawn on intermediary A's bank **1912** (step **2035**).

If the disbursement is not a check, accumulator agency **130** must process an electronic transaction for the disbursement (step **2040**). To do so, accumulator agency **130** issues an EFT/FEDI transaction to accumulator agency's bank **210** (step **2042**) and accumulator agency's bank then transmits the transaction to ACH **220** (step **2045**). ACH **220** then transmits the EFT/FEDI transaction to intermediary/ recipient's bank **240** (step **2050**). If the EFT/FEDI transaction is for direct deposit (step **2055**), intermediary/recipient bank **240** subsequently issues a direct deposit via ACH **220** (step **2060**). In system **1900**, accumulator agency **130** issues a direct deposit to ACH **220**, which results in the transmission of a direct deposit to intermediary B's bank **1914**, which transacts with ACH **220** to process the direct deposit to recipient B's bank **1920**. In so doing, ACH **220** issues a debit transaction to intermediary B's bank **1914** (step **2066**) and issues a credit transaction to recipient B's bank **1920** (step **2067**). Thereby, recipient B **1934** receives a disbursement in the form of a direct deposit (step **2068**).

If disbursement is not by direct deposit, accumulator agency **130** processes the disbursement as a debit deposit (step **2070**). Similar to the system and methods described in FIGS. **17–18**, in establishing a debit deposit, accumulator agency **130** has the option of where to locate the direct account. In system **1900**, accumulator agency **130** establishes the direct deposit account at intermediary C's bank **1916**, by transmitting the direct deposit information via ACH **220**. Thereby, recipient C **1936** receives the disbursement in the form of a debit account at intermediary C's bank **1916** (step **2080**). Alternatively, accumulator agency **130** can establish a debit deposit account at other locations, including accumulator agency's bank **210**. Finally, although not depicted in FIG. **20**, the system and methods consistent with this embodiment also contemplate the issuance of an invoice to recipient **330** for any disbursement (as indicated by the dotted line on FIG. **19**).

As described above, the system and methods associated with FIGS. **19–20** provide for a more dynamic disbursement processing system than the system and methods associated with FIGS. **17–18**. The system and methods consistent herewith allow for disbursement processing for mandatory as well as permissive obligations. Also, the system and methods allow for disbursement processing from entities other than non-custodial parents, through entities other than states, and to entities other than custodial parents.

FIG. **21** illustrates another alternative embodiment for a disbursement processing system consistent with the invention. Similar to system **1900** described in FIG. **19**, system **2100** operates in the same manner as the system and methods disclosed in FIGS. **19–20**, except system **2100** allows accumulator agency **130** to transact directly with ACH **220**. In short, system **2100** allows accumulator agency **130** to function as a bank.

In system **2100** intermediary **310** (here shown as intermediary A **1912**, intermediary B **1914**, and intermediary C **1916**) computes the disbursement due to recipient **330** and transmits the disbursement information in an EDI file to accumulator **130**. Accumulator agency **130** receives the EDI file from intermediary **310** and processes the disbursement. If the disbursement is a check, accumulator agency **130** issues the check consistent with the system and methods disclosed for system **1700** in FIGS. **19–20**.

If the disbursement is not a check, accumulator agency **130** processes an electronic transaction for the disbursement by issuing an EFT/FEDI transaction directly to ACH **220**. Notably, in contrast to the system and methods described by FIGS. **17–20**, the system and methods consistent with FIG. **21** allow accumulator agency **130** to transact directly with ACH **220**. In this manner accumulator agency **130** functions as a bank. If the EFT/FEDI transaction is for a direct deposit, accumulator agency **130** issues a direct deposit via ACH **220**. In system **2100**, accumulator agency **130** issues a direct deposit to ACH **220**, and in so doing, issues a debit transaction to accumulator agency **130** and issues a credit transaction to recipient B's bank **1920**. Thereby, recipient B **1934** receives a disbursement in the form of a direct deposit. Alternatively, if the disbursement is not by direct deposit, accumulator agency **130** processes the disbursement as a debit deposit. In establishing a debit deposit, accumulator agency **130** establishes a direct deposit account directly at accumulator agency **130**. Thereby, accumulator agency **130** merely instructs recipient **1936** that a debit deposit account has been formed for its benefit. Although not depicted in FIG. **21**, the system and methods consistent with this embodiment also contemplate the issuance of an invoice to recipient **330** for any disbursement (as indicated by the dotted line on FIG. **21**).

Just as FIG. **16** describes a more dynamic payment processing system consistent with the invention by allowing accumulator agency **130** to function as a bank, the system and methods consistent with FIG. **21** enable the same advantages for a disbursement processing system. By allowing accumulator agency **130** to transact directly with ACH **220**, transaction steps are omitted that allow for a more efficient and timely processing of disbursements. Of course, the omission of this one step includes but one of many changes that can be made to the systems and methods for disbursement processing consistent with the invention.

## CONCLUSION

The systems consistent with the invention provide for more efficient and more economical methods for the processing of either or both payments and disbursements. The systems process payments using debit-based EFT and processes disbursements using addendum-based EDI. This improved payment and disbursement methodology provides many advantages over the current payment and disbursement technologies.

As described above, it will be apparent to those skilled in the art that various modifications and variations can be made in the processes of the present invention without departing from the spirit and scope of the invention. Thus, it is intended that the present invention cover the modifications and variations of this invention, provided they come within the scope of the appended claims and their equivalents. In this context, equivalents means each and every implementation for carrying out the functions recited in the claims, even if not explicitly described herein.

What is claimed is:

1. A method of accumulating a payment and processing a disbursement comprising the steps, performed by a processor, of:

    instituting the payment with disbursement information from an employee to a recipient through an employer;

transferring to an accumulator agency the payment and the disbursement information from the employer;

initiating by the accumulator agency the payment through a bank as a debit transaction;

transmitting by the accumulator agency the disbursement to a state as a first addendum transaction;

receiving at the accumulator agency disbursement transaction information from the state regarding the disbursement to the recipient as a second addendum transaction; and

executing by the accumulator agency the disbursement to the recipient.

**2.** The method of claim **1**, further comprising the step of:

issuing an invoice for the disbursement to the recipient.

**3.** The method of claim **1**, wherein the payment is a child support payment.

**4.** The method of claim **1**, wherein the payment is an alimony payment.

**5.** The method of claim **1**, wherein the payment is a payment on a judgment.

**6.** The method of claim **1**, wherein the payment is a payment on an attachment.

**7.** The method of claim **1**, wherein the employee is a noncustodial parent.

**8.** The method of claim **1**, wherein the recipient is a custodial parent.

**9.** The method of claim **1**, wherein the executing step further includes the substep of paying the recipient via one of paper check, direct deposit, and debit deposit.

**10.** A system for accumulating a payment and processing a disbursement comprising:

an instituting component configured to institute the payment with disbursement information from an employee to a recipient through an employer;

a first transferring component configured to transfer to an accumulator agency the payment and the disbursement information from the employer;

an initiating component configured to initiate by the accumulator agency the payment through a bank as a debit transaction;

a second transmitting component configured to transmit by the accumulator agency the disbursement to a state as a first addendum transaction;

a receiving component configured to receive at the accumulator agency disbursement transaction information from the state regarding the disbursement to the recipient as a second addendum transaction; and

an executing component configured to execute by the accumulator agency the disbursement to the recipient.

**11.** The system of claim **10**, further comprising:

an issuing component configured to issue an invoice for the disbursement to the recipient.

**12.** The system of claim **10**, wherein the payment is a child support payment.

**13.** The system of claim **10**, wherein the payment is an alimony payment.

**14.** The system of claim **10**, wherein the payment is a payment on a judgment.

**15.** The system of claim **10**, wherein the payment is a payment on an attachment.

**16.** The system of claim **10**, wherein the employee is a noncustodial parent.

**17.** The system of claim **10**, wherein the recipient is a custodial parent.

**18.** The system of claim **10**, wherein the executing component further includes a paying component configured to pay the recipient via one of paper check, direct deposit, and debit deposit.

**19.** A method of processing a payment comprising the steps, performed by a processor, of:

withholding by an employer a portion of an employee's salary for the payment;

sending from the employer the payment to an accumulator agency;

initiating by the accumulator agency the payment through a bank as a debit transaction; and

executing the payment from the bank through an ACH as a second debit transaction.

**20.** The method of claim **19**, further comprising the step of:

processing the payment from the ACH to an employer's bank as a third debit transaction.

**21.** The method of claim **19**, further comprising the step of:

dispatching a credit reflecting the payment from the ACH to an intermediary's bank for the benefit of an intermediary.

**22.** The method of claim **21**, wherein the sending step occurs by an addendum-based FEDI transaction.

**23.** The method of claim **22**, wherein the FEDI transaction comprises a cash concentration or disbursement plus addenda (CCD+) payment format.

**24.** The method of claim **22**, wherein the FEDI transaction comprises a corporate trade exchange (CTX) payment format.

**25.** The method of claim **21**, wherein the initiating step occurs by a debit-base EFT transaction.

**26.** The method of claim **21**, wherein the initiating step occurs by an addendum-based FEDI transaction.

**27.** The method of claim **21**, wherein the payment is a child support payment.

**28.** The method of claim **21**, wherein the payment is an alimony payment.

**29.** The method of claim **21**, wherein the payment is a payment on a judgment.

**30.** The method of claim **21**, wherein the payment is a payment on an attachment.

**31.** The method of claim **21**, wherein the employee is a noncustodial parent.

**32.** The method of claim **21**, wherein the recipient is a custodial parent.

**33.** The method of claim **21**, wherein the intermediary is a state.

**34.** A system for processing a payment comprising:

a withholding component configured to withhold by an employer a portion of an employee's salary for the payment;

a sending component configured to send from the employer the payment to an accumulator agency;

an initiating component configured to initiate by the accumulator agency the payment through a bank as a debit transaction; and

an executing component configured to execute the payment from the bank through an ACH as a second debit transaction.

**35.** The system of claim **34**, further comprising:

a processing component configured to process the payment from the ACH to an employer's bank as a third debit transaction.

**36.** The system of claim **34**, further comprising:

a dispatching component configured to dispatch a credit reflecting the payment from the ACH to an intermediary's bank for the benefit of an intermediary.

5,946,669

23

**37**. The system of claim **36**, wherein the sending component occurs by an addendum-based FEDI transaction.

**38**. The system of claim **37**, wherein the FEDI transaction comprises a cash concentration or disbursement plus addenda (CCD+) payment format.

**39**. The system of claim **37**, wherein the FEDI transaction comprises a corporate trade exchange (CTX) payment format.

**40**. The system of claim **36**, wherein the initiating component occurs by a debit-based EFT transaction.

**41**. The system of claim **36**, wherein the initiating component occurs by an addendum-based FEDI transaction.

**42**. The system of claim **36**, wherein the payment is a child support payment.

24

**43**. The system of claim **36**, wherein the payment is an alimony payment.

**44**. The system of claim **36**, wherein the payment is a payment on a judgment.

**45**. The system of claim **36**, wherein the payment is a payment on an attachment.

**46**. The system of claim **36**, wherein the employee is a noncustodial parent.

**47**. The system of claim **36**, wherein the recipient is a custodial parent.

**48**. The system of claim **36**, wherein the intermediary is a state.

* * * * *

US005946669C1

(12) **EX PARTE REEXAMINATION CERTIFICATE** (5874th)

# United States Patent

Polk

(10) **Number:** US 5,946,669 C1

(45) **Certificate Issued:** Aug. 28, 2007

(54) **METHOD AND APPARATUS FOR PAYMENT PROCESSING USING DEBIT-BASED ELECTRONIC FUNDS TRANSFER AND DISBURSEMENT PROCESSING USING ADDENDUM-BASED ELECTRONIC DATA INTERCHANGE**

(75) Inventor: **John Polk**, McLean, VA (US)

(73) Assignee: **ACS State and Local Solutions, Inc.,** Teaneck, NJ (US)

**Reexamination Request:**
No. 90/006,728, Jul. 29, 2003

**Reexamination Certificate for:**
| | |
|---|---|
| Patent No.: | **5,946,669** |
| Issued: | **Aug. 31, 1999** |
| Appl. No.: | **08/941,187** |
| Filed: | **Sep. 30, 1997** |

(51) **Int. Cl.**
*G06Q 40/00* (2006.01)

(52) **U.S. Cl.** .............................. 705/40; 705/39; 705/38
(58) **Field of Classification Search** ...................... None
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,820,167 A | 4/1989 | Nobles et al. |
| 5,054,112 A | 10/1991 | Ike |
| 5,220,501 A | 6/1993 | Lawlor et al. |
| 5,235,507 A | 8/1993 | Sackler et al. |
| 5,490,243 A | 2/1996 | Millman et al. |
| 5,576,951 A | 11/1996 | Lockwood |
| 5,666,645 A | 9/1997 | Thomas et al. |
| 5,704,029 A | 12/1997 | Wright, Jr. |
| 5,761,647 A | 6/1998 | Boushy |
| 5,878,405 A | 3/1999 | Grant et al. |
| 5,884,283 A | 3/1999 | Manos |
| 5,893,080 A | 4/1999 | McGurl et al. |
| 5,900,801 A | 5/1999 | Heagle et al. |
| 6,070,150 A | 5/2000 | Remington et al. |
| 6,183,140 B1 | 2/2001 | Singer et al. |

| | | | |
|---|---|---|---|
| 6,223,168 B1 | 4/2001 | McGurl et al. |
| 6,311,170 B1 | 10/2001 | Embrey |
| 6,347,304 B1 | 2/2002 | Taricani, Jr. |
| 2002/0032651 A1 | 3/2002 | Embrey |
| 2002/0038289 A1 | 3/2002 | Lawlor et al. |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| WO | WO 97/17678 | 5/1997 |
| WO | WO 99/03243 | 1/1999 |

OTHER PUBLICATIONS

Washington State Department of Social and Health Services; "Electronic Funds Transfer Project, Final Report"; Washingto State; Oct. 1994.*

Washington State Department of Social and Health Services; "Direct Deposit, Receiving child support is now faster and faster", Washington State; Jul. 1994.*

U.S. Department of Health and Human Services; "Child Support Report"; Sep. 1993; vol. XV.*

521 Income or Asset Offset, 521B026, May 15, 1997, pp. 1–46.

"Automatic Data Processing Inc."; www.adp.com, printed Mar. 8, 2002, 8 pages.

"ANSI X12 Standards for EDI," Website at http://www.gap-.net/ansix12htm, Jan. 16, 1998, 3 pages.

Bryant, Amy, Memo to Alicia Key and Cecelia Burke, Office of the Attorney General of Texas, Feb. 27, 1997, 9 pages.

Bryant, Amy, EFT/EDI Deductions for Child Support, City of Houston, Mar. 30, 1997, 59 pages.

Bryant, Amy, "Alternative Methods of Electronically Transmitting Child Support Deductions," DirectDepositDirections, Apr. 2003, (pp. 54 and 55).

Bryant, Amy, *An Employer's View Point on What is Happening with Direct Deposit of Child Support*, NCSEA News, Summer 1997, 3 pages.

Bryant, Amorette N., Draft of Article for American Payroll Association, *First Hand Experience—Implementing Direct Deposit of Child Support Payments*, undated, 6 pages.

Camp, Dave, Letter to James Owen, Meijer, Inc., Jun. 17, 1996, 1 page.

Chapman, Irene, Speech for ERICSA (Eastern Region Interstate Child Support Association), New Orleans, Jun. 7, 1994, 13 pages.



**US 5,946,669 C1**

Page 2

Chapman, Irene, Summary of Jun. 8th Teleconference of the APA ACH Committee, Jun. 10, 1994, 2 pages.

Chapman, Irene, Child Support & Withholding and Price Costco and the Family Perspective, The Corporate Connection, May 1996, 4 pages.

"Child Support Agency Doesn't Kid Around with Standardized Form," PaytecH, Mar./Apr. 1998, p. 11.

Child Support Applications Banking Convention, The National Automated Clearing House Association, 1993, Herndon, VA, 11 pages.

EC/EDI: The Basics, Website at http://www.sbaonline.s-ba.gov/gopher/Ecedi/Info/eced5.txt (Jun. 6, 1997), 1 page.

"EDI Architecture and Document Flow," Website at http://www.acq.osd.mil/ec/edu/edu_03.html, Jan. 16, 1998, 14 pages.

"EFT Child Support"; www.eftchildsupport.com, undated, 45 pages.

Electronic Commerce Resource Guide, Website at http://www.premenos.com/Resources/Organization (May 30, 1997), 3 pages.

Electronic Commerce and Electronic Data Interchange Handbook, Website at http://www.acq.osd.mil/newhandbook/preface/preface.htm, Jan. 16, 1998, 72 pages.

Electronic Funds Transfer, "Cmi&s U.S. Electronic Commerce," Checks by Tel/Fax (EDI, EFT) dated Jun. 6, 1997, 2 pages.

"Electronic transfer of funds and data [online]," May 24, 1990 [Retrieved on Jun. 9, 2002], retrieved from the Internet at: http://www.acf.dhhs.gov/programs/cse/pol/dc19013.htm, 2 pages.

"Electronic Funds Transfer/Electronic Data Interchange," Jun. 15, 1993 [Retrieved on Jun. 9, 2002] retrieved from the Internet at: http://www.acf.dhhs.gov/programs/cse/pol/dc19328.htm, 7 pages.

Garber, T., "EDI: A Weapon in the War Against Delinquent Child Support," Today: The Journal of Work Process Improvement, Oct. 1997, pp. 18–19.

Knudson et al.: "Business–to–business payments and the role of financial electronic data interchange"; Federal Reserve Bulletin, Apr. 1994, vol. 80, No. 4, pp. 269–278.

Lang, Scott, letter regarding Child Support Application Banking Convention: A Guide for Employers & Their Financial Institutions, Apr. 12, 1996, 4 pages.

Letter by Pat Hagen, OCSE, Apr. 26, 1994, 2 pages.

NCSEA 45th Conference Notebook, "Putting Children in the Winners Circle," Louisville, Kentucky, Aug. 1996, 434 pages.

National Child Support Enforcement Association, "State Legislatures Address PRWORA'S Child Support Requirements," NCSEA News, Summer 1997, vol. 27, No. 3 (44 pages).

Nickerson, J.M. & Haby, E.M., "EFT Pilot Project Design for Nebraska: The Iowa–Nebraska Electronic Funds Transfer Project," Sep. 1988 (40 pages).

Nickerson, J.M. & Haby, E.M., "EFT Pilot Project Design for Iowa: The Iowa–Nebraska Electronic Funds Transfer Project," Sep. 1988 (53 pages).

Office of Child Support Enforcement web page, Dec. 20, 1994, 12 pages.

"Pay Child Support Online," www.paychildsupportonline.com, printed Mar. 8, 2002, 10 pages.

Polk, John D., Centralized Collection/Disbursement, NCSEA Conference Notebook, Aug. 1997, 18 pages.

Polk, John D., Central Payment Processing: a Sure Bet, NCSEA Conference Notebook, Louisville, Kentucky, Aug. 1996, 4 pages.

Program Eases Child Support Payments for Colorado, Aug. 15, 1996, 1 page.

Screen prints from City of Houston Payroll System, Jan. 23, 1996, 14 pages.

SIDAC, Spring 1997 Newsletter, Website at http://www.sidac.wpafb.af.mil/newsletter/spr97.html, Jan. 16, 1998, 23 pages.

"Standards Governing EC/EDI," Chapter 6, Website at http://net.gap.net/ch6.htm, Jan. 16, 1998, 4 pages.

"Standing Tall For Children," Conference Notebook, NCSEA 46th Annual Conference & Exposition, Phoenix, Arizona, Aug. 1997, 453 pages.

Summary of Apr. 14th APA ACH Committee, Apr. 19, 1994, 22 pages.

The Employer Direct Deposit Pilot of the Iowa/Nebraska EFT Project (Jun. 1992), 156 pages.

The Guide to Successful Direct Deposits, 13th Ed., American Payroll Association, Mar. 1, 2001, 301 pages.

Workshop Materials Houston Chapter of the American Payroll Association, Jul. 21, 1995, 63 pages.

Zeidner, Rita, Comments, American Payroll Association, Mar. 22, 1996, 6 pages.

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., Complaint, 6 pages (Exhibit A).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., First Amended Complaint, 6 pages (Exhibit B).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., Defendant's Answer to Plaintiff's Amended Complaint, 10 pages (Exhibit C).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., Defendant's Supplemental Responses to Plaintiff's Interrogatories Nos. 4–6, 21 pages (Exhibit D).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., Defendant's Amended Answer to Plaintiff's Amended Complaint, 7 pages (Exhibit E).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., Order of Judgment, 3 pages (Exhibit F).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C., Joint Motion for Entry of Order of Judgment, 8 pages (Exhibit G).

U.S. District Court, Middle Dist. of Pennsylvania, Civ. Action No. 1:CV 01–2060: ACS State & Local Solutions, Inc. v. EFTCHILDSUPPORT.COM, L.L.C.l, Supplemental Joint Motion for Entry of Order of Judgment, 6 pages (Exhibit H).

## US 5,946,669 C1

Page 3

U.S. District Court, District of Minnesota (Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Complaint (with attachments), 27 pages (Exhibit I).

EFT Pilot Project Design for Nebraska (Sep. 1998), 40 pages (Exhibit C to Complaint included in Exhibit I).

EFT Pilot Project Design for Iowa (Sep. 1998), 52 pages (Exhibit D to Complaint included in Exhibit I).

Implementing a Child Support Payment Center (Jan. 1991), 62 pages (Exhibit E to Complaint included in Exhibit I).

The Employer Direct Deposit Pilot of the Iowa/Nebraska EFT Project (Jun. 1992), 158 pages (Exhibit F to Complaint included in Exhibit I).

Electronic Funds Transfer Project Final Report (Oct. 1994), 37 pages (Exhibit G to Complaint included in Exhibit I).

Glossary (EFT in Washington State, division of Child Support), 38 pages (Exhibit H to Complaint included in Exhibit I).

Child Support Application Banking Convention: A Guide for Employers & Their Financial Institutions (1996), 21 pages (Exhibit I to Complaint included in Exhibit I).

Memorandum Dated Mar. 28, 1997 from Priscilla C. Taylor, NACHA to Association Executives forwarding new publication (Child Support Application Banking Convention: A Guide for Employers & Their Financial Institutes), 25 pages (Exhibit J to Complaint included in Exhibit I).

Memorandum dated May 24, 1990 from Office of Child Support Enforcement to State IV–D Directors Regarding Electronic Transfer of Funds and Data, 9 pages (Exhibit K to Complaint included in Exhibit I).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Plaintiff's Memorandum in Support of Plaintiff and Counter–Defendant's Motion to Dismiss, 27 pages (Exhibit J).

U.S. District Court, District of Minneosta Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Defendant's Opposition to Motion to Dismiss, 28 pages (Exhibit K).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Memorandum Opinion and Order, 8 pages (Exhibit L).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Joint Stipulation and Order of Dismissal, 3 pages (Exhibit M).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Defendant's Answer and Counterclaim, 26 pages (Exhibit N).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Defendant's First Amended Counterclaim, 17 pages (Exhibit O).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Plaintiff's Reply to First Amended Counterclaim, 4 pages (Exhibit P).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Discovery Responses, 98 pages (Exhibit Q).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online, Inc.* v. *ACS State & Local Solutions, Inc.*, Motion for Summary Judgment of Validity and Literal Infringement, 29 pages (Exhibit R).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Memorandum of Law Opposing Motion for Summary Judgment, 31 pages (Exhibit S).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, ACS' Reply Memorandum in Support of its Motion for Summary Judgment, 22 pages (Exhibit T).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Order, 2 pages (Exhibit U).

U.S. District Court, District of Minneosta Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Supplemental Brief on Obviousness in Support of ACS' Motion for Summary Judgment, 14 pages (Exhibit V).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Brief Regarding Obviousness, 10 pages (Exhibit W).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Response to the New Issues Raised in PCSO's Supplemental Brief on Obviousness, 8 pages (Exhibit X).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Response to New Issued Raised by ACS, 3 pages (Exhibit Y).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Memorandum Opinion and Order, 22 pages (Exhibit Z).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Joint Motion for Entry of Order of Judgment, 6 pages (Exhibit AA).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Order of Judgment, 3 pages (Exhibit BB).

U.S. District Court, District of Minnesota Civ. Action No. 02–CV–1321 DWF/JSM: *Pay Child Support Online Inc.* v. *ACS State & Local Solutions, Inc.*, Judgment in a Civil Case, 2 pages (Exhibit CC).

\* cited by examiner

*Primary Examiner*—Beverly M. Flanagan

(57)            **ABSTRACT**

This disclosure describes a payment and disbursement system, wherein an initiator authorizes a payment and disbursement to a collector and the collector processes the payment and disbursement through an accumulator agency. The accumulator agency processes the payment as a debit-based transaction and processes the disbursement as an

**US 5,946,669 C1**

Page 4

addendum-based transaction. The processing of a debit-based transaction generally occurs by electronic funds transfer (EFT) or by financial electronic data interchange (FEDI).

The processing of an addendum-based transaction generally occurs by electronic data interchange (EDI).

US 5,946,669 C1

**1**

# EX PARTE
# REEXAMINATION CERTIFICATE
# ISSUED UNDER 35 U.S.C. 307

THE PATENT IS HEREBY AMENDED AS
INDICATED BELOW.

**Matter enclosed in heavy brackets [ ] appeared in the
patent, but has been deleted and is no longer a part of the
patent; matter printed in italics indicates additions made
to the patent.**

AS A RESULT OF REEXAMINATION, IT HAS BEEN
DETERMINED THAT:

Claims **1**, **8**, **10**, **17**, **19**, **21**, **32**, **33**, **34**, **36**, **47** and **48** are
determined to be patentable as amended.

Claims 2–7, 9, 11–16, 18, 20, 22–31, 35, 37–46, depen-
dent on an amended claim, are determined to be patentable.

**1**. A method *by an accumulator agency* of accumulating
a payment *through a bank* and processing a disbursement *to
a governmental state entity of the United States, wherein the
accumulator agency, the bank, and the state are separate
entities,* comprising the steps, performed by a processor, of:
  instituting *at the accumulator agency* the payment with
    disbursement information from an employee to a
    recipient through an employer;
  transferring to [an] *the* accumulator agency the payment
    and the disbursement information from the employer;
  initiating by the accumulator agency the payment through
    [a] *the* bank as a debit transaction;
  transmitting by the accumulator agency the disbursement
    to [a] *the* state as a first addendum transaction;
  receiving at the accumulator agency disbursement trans-
    action information from the state regarding the dis-
    bursement to the recipient as a second addendum
    transaction; and
  executing by the accumulator agency the disbursement to
    the recipient.

**8**. The method of claim **1**, wherein the recipient is a
custodial parent *or the state.*

**10**. A system *at an accumulator agency* for accumulating
a payment *through a bank* and processing a disbursement *to
a governmental state entity of the United States, wherein the
accumulator agency, the bank, and the state are separate
entities,* comprising:
  an instituting component *at the accumulator agency* con-
    figured to institute the payment with disbursement
    information from an employee to a recipient through an
    employer;
  a first transferring component configured to transfer to
    [an] *the* accumulator agency the payment and the
    disbursement information from the employer,
  an initiating component configured to initiate by the
    accumulator agency the payment through [a] *the* bank
    as a debit transaction;
  a [second] transmitting component configured to transmit
    by the accumulator agency the disbursement to [a] *the*
    state as a first addendum transaction;
  a *second* receiving component configured to receive at the
    accumulator agency disbursement transaction informa-
    tion from the state regarding the disbursement to the
    recipient as a second addendum transaction; and

**2**

an executing component configured to execute by the
  accumulator agency the disbursement to the recipient.

**17**. The system of claim **10**, wherein the recipient is a
custodial parent *or the state.*

**19**. A method *by an accumulator agency* of processing a
payment *through an accumulator agency's bank, wherein
the accumulator agency and the accumulator agency's bank
are separate entities,* comprising the steps, performed by a
processor, of:
  withholding by an employer a portion of an employee's
    salary for the payment *to the accumulator agency*;
  [sending from the employer] *receiving at the accumulator
    agency* the payment [to an accumulator agency] *from
    the employer*;
  initiating by the accumulator agency the payment through
    [a] *the accumulator agency's* bank as a debit transac-
    tion; and
  executing the payment from the *accumulator agency's*
    bank through an ACH as a second debit transaction,
    *pursuant to instructions by the accumulator agency to
    the accumulator agency's bank.*

**21**. The method of claim **19**, further comprising the step
of:
  dispatching a credit reflecting the payment from the ACH
    to [an intermediary's] *a state's* bank for the benefit of
    [an intermediary] *a governmental state entity of the
    United States, wherein the accumulator agency, the
    accumulator agency's bank, the state, and the state's
    bank are separate entities.*

**32**. The method of claim **21**, wherein the recipient is a
custodial parent *or the state.*

**33**. The method of claim **21**, wherein the [intermediary is
a] state *is a state agency.*

**34**. A system *at an accumulator agency* for processing a
payment *through an accumulator agency's bank, wherein
the accumulator agency and the accumulator agency's bank
are separate entities,* comprising:
  a withholding component configured to withhhold by an
    employer a portion of an employee's salary for the
    payment *to the accumulator agency*;
  a [sending] *receiving* component configured to [send from
    the employer] *receive at the accumulator agency* the
    payment [to an accumulator agency] *from the
    employer*;
  an initiating component configured to initiate by the
    accumulator agency the payment through [a] *the accu-
    mulator agency's* bank as a debit transaction; and
  an executing component configured to execute the pay-
    ment from the *accumulator agency's* bank through an
    ACH as a second debit transaction, *pursuant to instruc-
    tions by the accumulator agency to the accumulator
    agency's bank.*

**36**. The system of claim **34**, further comprising
  a dispatching component configured to dispatch a credit
    reflecting the payment from the ACH to [an interme-
    diary's] *a state's* bank for the benefit of [an interme-
    diary] *a governmental state entity of the United States,
    wherein the accumulator agency, the accumulator
    agency's bank, the state, and the state's bank are
    separate entities.*

**47**. The system of claim **36**, wherein the recipient is a
custodial parent *or the state.*

**48**. The system of claim **36**, wherein the [intermediary is
a] state *is a state agency.*

* * * * *