**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JPMORGAN CHASE & CO., | ) | |
| JPMORGAN CHASE BANK, N.A. and | ) | |
| JPMORGAN CHASE ELECTRONIC | ) | |
| FINANCIAL SERVICES, INC., | ) | |
| | ) | C. A. No. 08-189-SLR |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| AFFILIATED COMPUTER SERVICES, INC. and | ) | |
| ACS STATE & LOCAL SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIMS TO JPMORGAN CHASE'S
THIRD AMENDED AND SUPPLEMENTAL COMPLAINT FOR
<u>DECLARATORY JUDGMENT AND PATENT INFRINGEMENT</u>**

Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively, "ACS") hereby files this answer and counterclaims to the Third Amended and Supplemental Complaint of JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and JPMorgan Chase Electronic Financial Services, Inc., (collectively "JPMorgan Chase"), dated October 8, 2009 ("the Complaint"), as follows:

<u>**INTRODUCTION**</u>

1.    ACS does not have knowledge or information sufficient to form a belief as to the averments in Paragraph 1 of the Complaint, and therefore denies same except admits that ACS was a party in *ACS State & Local Solutions, Inc. v. eftchildsuppoty.com, LLC*, (M.D. Penn.)(CA-01-2060) and *Pay Child Support Online, Inc., v. ACS State & Local Solutions, Inc.*, (D. Minn) (CA-02-1321).

2.     ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 of the Complaint, and therefore denies same.

3.     ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint, and therefore denies same, except admits that JPMorgan's Complaint purports to seek a declaration of non-infringement and invalidity and that Exhibit A to the Complaint is a copy of United States Patent No. 5,946,669 (the "'669 patent"); Exhibit B to the Complaint is a copy of United States Patent No. 6,119,107 (the "'107 patent"); Exhibit C to the Complaint is a copy of United States Patent No. 7,225,155 (the "'155 patent"); Exhibit D to the Complaint is a copy of United States Patent No. 6,567,821 (the "'821 patent"); and Exhibit E to the Complaint is a copy of United States Patent No. 7,072,909 (the "'909 patent").

4.     ACS denies the averments of Paragraph 4 of the Complaint.

5.     ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint, and therefore denies same.

6.     ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint, and therefore denies same, except admits that Exhibit F to the Complaint is a copy of United States Patent No. 7,174,315 (the "'315 patent"); Exhibit G to the Complaint is a copy of United States Patent No. 6,615,190 (the "'190 patent"); Exhibit H to the Complaint is a copy of United States Patent No. 7, 165,049 (the "'049 patent"); Exhibit I to the Complaint is a copy of United States Patent No. 7, 317,823 (the "'823 patent"); and Exhibit J to the Complaint is a copy of United States Patent No. 5,917,965 (the "'965 patent").

## PARTIES

7.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint, and therefore denies same.

8.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Complaint, and therefore denies same.

9.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint, and therefore denies same.

10.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint, and therefore denies same except admits that Affiliated Computer Services, Inc. is organized under the laws of the State of Delaware and has a principal place of business in Texas.

11.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint, and therefore denies same except admits that ACS State & Local Solutions, Inc. is organized under the laws of the State of New York, has a principal place of business in Washington, D.C., is a wholly-owned subsidiary of Affiliated Computer Services, Inc., and is the assignee of the '669, '107, '155, '821, and '909 patents.

12.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

13.    ACS denies the averments of paragraph 13 and therefore denies same except admits that JPMorgan's Complaint purports to be an action for declaratory judgment related to patent infringement which would arise under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 et seq.

14.    ACS admits the averments of paragraph 14 that this Court has subject matter jurisdiction for cases that are based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint, and therefore denies same.

16.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint, and therefore denies same.

17.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint, and therefore denies same except admits that the cited website contains the quoted language.

18.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint, and therefore denies same except admits that it has worked with the State of Delaware Administrative Office of the Courts.

19.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint, and therefore denies same except admits that it has worked with the City of Wilmington.

20.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 of the Complaint, and therefore denies same.

**BACKGROUND FACTS COMMON TO DECLARATORY JUDGMENT COUNTS**

**The ACS Patents**

21.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 of the Complaint, and therefore denies same.

22.   ACS admits the averments of paragraph 22 of the Complaint.

23.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 of the Complaint, and therefore denies same except admits that the '669 Patent was filed on September 30, 1997 and issued on August 31, 1999.  Further, ACS admits that the United States Patent & Trademark Office ("PTO") ordered a reexam of the '669 Patent on October 21, 2003 which resulted in the issuance of a reexamination certificate on August 28, 2007.

24.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Complaint, and therefore denies same except admits that the '107 Patent was filed on January 7, 1998 as a divisional of the '669 Patent and issued on September 12, 2000.  Further, ACS admits that the PTO ordered a reexam of the '107 Patent on October 21, 2003 which resulted in the PTO's issuance of a reexamination certificate on September 25, 2007.

25.   ACS admits the averments in Paragraph 25 of the Complaint.

26.   ACS admits the averments in Paragraph 26 of the Complaint.

27.   ACS admits the averments in Paragraph 27 of the Complaint.

28.   ACS admits the averments in Paragraph 28 of the Complaint.

29.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 of the Complaint, and therefore denies same.

30.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 of the Complaint, and therefore denies same except admits that ACS State & Local Solutions, Inc. is the assignee of the '669, '107, '155, '821, and '909 patents.

### ACS Aggressively Wields the ACS Patents Against Market Competitors

31.   ACS denies the averments in Paragraph 31 of the Complaint.

32.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 of the Complaint, and therefore denies same except to admit that the '669 Patent was filed on September 30, 1997 and the '821 Patent was filed on November 30, 1998.

33.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 of the Complaint, and therefore denies same.

34.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 of the Complaint, and therefore denies same except to admit that ACS has worked with the State of Ohio.

35.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 of the Complaint, and therefore denies same except to admit that it has worked with approximately 14 states as of the Complaint's date.

36.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 of the Complaint, and therefore denies same except admits that it litigated the '107 Patent in a case captioned *ACS State & Local Solutions, Inc. v. eftchildsupport.com, LLC*, Civ. Action No. 01-2060 (M.D. Penn.) with judgment entered in ACS's favor on March 15, 2002.

37.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 of the Complaint, and therefore denies same except admits that the stipulated judgment in the eftchilsupport.com litigation included an injunction.

38.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 of the Complaint, and therefore denies same except admits that it litigated the '669 Patent and '107 Patent against several defendants in a case captioned *Pay Child Support Online, Inc. v. ACS State & Local Solutions, Inc.*, Civ. No. 02-1321 (D. Minn.) with judgment entered in ACS's favor on July 28, 2004.

39.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 of the Complaint, and therefore denies same except admits that the stipulated judgment in the eftchilsupport.com litigation included an injunction.

40.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 of the Complaint, and therefore denies same.

## ACS Solutions Asserts the ACS Patents Against JPMorgan

41.    ACS admits the averments in Paragraph 41 of the Complaint.

42.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 of the Complaint, and therefore denies same.

43.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 of the Complaint, and therefore denies same except to admit that Exhibit K purports to be a letter from Nicholas Bevilacqua of ACS to Stephen Cutler of JPMorgan Chase, dated November 7, 2007.

44.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44 of the Complaint, and therefore denies same except admits that the quoted language from the November 7, 2007 letter is accurate.

45.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45 of the Complaint, and therefore denies same except admits that Exhibit L purports to be a letter from Andrew Cadel of JPMorgan Chase to Mr. Bevilacqua, dated November 19, 2007.

46.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 46 of the Complaint, and therefore denies same except admits that Exhibit M purports to be an email from  Mr. Bevilacqua to Mr. Cadel, dated November 21, 2007.

### JPMorgan Performs Child Support Payment Processing

47.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 of the Complaint, and therefore denies same.

48.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48 of the Complaint, and therefore denies same.

49.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49 of the Complaint, and therefore denies same.

50.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50 of the Complaint, and therefore denies same.

## A Case or Controversy is Present

51.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Complaint, and therefore denies same.

52.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 52 of the Complaint, and therefore denies same.

53.    ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 53 of the Complaint, and therefore denies same.

54.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 of the Complaint, and therefore denies same except admits that the quoted language from ACS's August 28, 2007 Form 10-K is accurate.

55.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55 of the Complaint, and therefore denies same.

56.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 56 of the Complaint, and therefore denies same.

57.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 57 of the Complaint, and therefore denies same.

58.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58 of the Complaint, and therefore denies same except admits that JPMorgan Chase's Complaint purports to seek a declaratory judgment.

## BACKGROUND FACTS COMMON TO PATENT INFRINGEMENT COUNTS

### The JPMorgan Stored Value Patents

59.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 59 of the Complaint, and therefore denies same.

60.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 60 of the Complaint, and therefore denies same.

61.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 61 of the Complaint, and therefore denies same.

62.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 62 of the Complaint, and therefore denies same except admits that Exhibit F to the Complaint is a copy of the '315 Patent.

63.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63 of the Complaint, and therefore denies same except admits that Exhibit G to the Complaint is a copy of the '190 Patent.

64.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 64 of the Complaint, and therefore denies same except admits that Exhibit H to the Complaint is a copy of the '049 Patent.

65.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 65 of the Complaint, and therefore denies same.

66.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 66 of the Complaint, and therefore denies same.

### ACS Infringes the JPMorgan Stored Value Patents

67.   ACS denies the averments of Paragraph 67 of the Complaint.

68.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 68 of the Complaint, and therefore denies same except admits that it has a product called EPPICard.

69.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 69 of the Complaint, and therefore denies same except admits Exhibit N to the Complaint purports to be a portion of the EPPICard.com website.

70.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 70 of the Complaint, and therefore denies same.

71.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 71 of the Complaint, and therefore denies same except admits that the quoted language from the EPPICard.com website is accurate.

72.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 72 of the Complaint, and therefore denies same.

73.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 73 of the Complaint, and therefore denies same.

74.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 74 of the Complaint, and therefore denies same.

75.   ACS denies the averments in Paragraph 75 of the Complaint.

76.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 76 of the Complaint, and therefore denies same.

## **The JPMorgan Lockbox and Check Imaging Patents**

77.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 77 of the Complaint, and therefore denies same.

78.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 78 of the Complaint, and therefore denies same.

79.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 79 of the Complaint, and therefore denies same.

80.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 80 of the Complaint, and therefore denies same.

81.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 81 of the Complaint, and therefore denies same except admits that Exhibit J to the Complaint is a copy of the '965 Patent.

82.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 82 of the Complaint, and therefore denies same except admits that Exhibit I to the Complaint is a copy of the '823 Patent.

83.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 83 of the Complaint, and therefore denies same.

84.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 84 of the Complaint, and therefore denies same.

85.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 85 of the Complaint, and therefore denies same.

**ACS Infringes the JPMorgan Lockbox and Check Imaging Patents**

86.   ACS denies the averments of Paragraph 86 of the Complaint.

87.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 87 of the Complaint, and therefore denies same.

88.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 88 of the Complaint, and therefore denies same.

89.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 89 of the Complaint, and therefore denies same.

90.   ACS denies the averments of Paragraph 90 of the Complaint.

91.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 91 of the Complaint, and therefore denies same.

**JPMorgan Has Been Irreparably Harmed by Defendants' Continued Infringement**

92.   ACS denies the averments in Paragraph 92 of the Complaint.

93.   ACS denies the averments in Paragraph 93 of the Complaint.

94.   ACS denies the averments in Paragraph 94 of the Complaint.

## DECLARATORY JUDGMENT CLAIM

### COUNT I

**Declaratory Judgment of Non-Infringement, United States Patent No. 5,946,669**

95.   ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

96.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 96 of the Complaint, and therefore denies same.

97.   ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 97 of the Complaint, and therefore denies same.

98.   ACS denies the averments in Paragraph 98 of the Complaint.

## COUNT II

### Declaratory Judgment of Invalidity, United States Patent No. 5,946,669

99.   ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

100.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 100 of the Complaint, and therefore denies same.

101.  ACS denies the averments in Paragraph 101 of the Complaint.

102.  ACS denies the averments in Paragraph 102 of the Complaint.

## COUNT III

### Declaratory Judgment of Non-Infringement, United States Patent No. 6,119,107

103.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

104.  ACS admits the averment in Paragraph 104 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the infringement of the '107 Patent.

105.  ACS denies the averments in Paragraph 105 of the Complaint.

## COUNT IV

### Declaratory Judgment of Invalidity, United States Patent No. 6,119,107

106.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

107.  ACS admits the averment in Paragraph 107 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the invalidity of the '107 Patent, and admits that the '107 Patent is valid.

108.  ACS denies the averments in Paragraph 108 of the Complaint.

109.  ACS denies the averments in Paragraph 109 of the Complaint.

## COUNT V

### Declaratory Judgment of Non-Infringement, United States Patent No. 7,225,155

110.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

111.  ACS admits the averment in Paragraph 111 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the infringement of the '155 Patent.

112.  ACS denies the averments in Paragraph 112 of the Complaint.

113.  ACS denies the averments in Paragraph 113 of the Complaint.

## COUNT VI

### Declaratory Judgment of Invalidity, United States Patent No. 7,225,155

114.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

115.  ACS admits the averment in Paragraph 115 of the Complaint that a case or controversy exists between JPMorgan and ACS concerning the invalidity of the '155 Patent, and admits that the '155 Patent is valid.

116.  ACS denies the averments in Paragraph 116 of the Complaint.

117.  ACS denies the averments in Paragraph 117 of the Complaint.

## COUNT VII

**Declaratory Judgment of Non-Infringement, United States Patent No. 6,567,821**

118.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

119.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 119 of the Complaint, and therefore denies same.

120.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 120 of the Complaint, and therefore denies same.

121.  ACS denies the averments in Paragraph 121 of the Complaint.

## COUNT VIII

**Declaratory Judgment of Invalidity, United States Patent No. 6,567,821**

122.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

123.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 123 of the Complaint, and therefore denies same.

124.  ACS denies the averments in Paragraph 124 of the Complaint.

125.  ACS denies the averments in Paragraph 125 of the Complaint.

## COUNT IX

**Declaratory Judgment of Non-Infringement, United States Patent No. 7,072,909**

126.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

127.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 127 of the Complaint, and therefore denies same.

128. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 128 of the Complaint, and therefore denies same.

129. ACS denies the averments in Paragraph 129 of the Complaint.

## COUNT X

### Declaratory Judgment of Invalidity, United States Patent No. 7,072,909

130. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

131. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 131 of the Complaint, and therefore denies same.

132. ACS denies the averments in Paragraph 132 of the Complaint.

133. ACS denies the averments in Paragraph 133 of the Complaint.

## COUNT XI

### Declaratory Judgment of Unenforceability of United States Patent Nos. 5,946,669; 6,119,107; and 7,225,155.

134. ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

135. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 135 of the Complaint, and therefore denies same.

136. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 136 of the Complaint, and therefore denies same except admits that the Personal Responsibility and Work Opportunity Act of 1996 was enacted on August 22, 1996.

137. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 137 of the Complaint, and therefore denies same.

138. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 138 of the Complaint, and therefore denies same except admits that the quoted language from 42 U.S.C. 654b(a)(2) is accurate.

139. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 139 of the Complaint, and therefore denies same.

140. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 140 of the Complaint, and therefore denies same.

141. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 141 of the Complaint, and therefore denies same except admits that Electronic Funds Transfer Project Final Report was cited during reexamination.

142. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 142 of the Complaint, and therefore denies same except admits that amendments were made to the '669 Patent and '107 Patent during reexamination.

143. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 143 of the Complaint, and therefore denies same except admits that amendments were made to the '669 Patent and '107 Patent during reexamination.

144. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 144 of the Complaint, and therefore denies same.

145. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 145 of the Complaint, and therefore denies same.

146. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 146 of the Complaint, and therefore denies same except admits that the quoted language from Lockheed Martin's 10-K is accurate.

147.  ACS denies the averments in Paragraph 147 of the Complaint except admits that PRWORA appears on the face of the reexamination certificates of the '669 Patent and '107 Patent.

148.  ACS denies the averments in Paragraph 148 of the Complaint except admits that PRWORA appears in the Information Disclosure Statements submitted during the reexaminations of both the '669 Patent and the '107 Patent.

149.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 149 of the Complaint, and therefore denies same.

150.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 150 of the Complaint, and therefore denies same except admits that the quoted language from 37 C.F.R. § 1.56(a) is accurate.

151.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 151 of the Complaint, and therefore denies same except admits that the quoted language from 37 C.F.R. § 1.56(b) is accurate.

152.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 152 of the Complaint, and therefore denies same.

153.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 153 of the Complaint, and therefore denies same.

154.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 154 of the Complaint, and therefore denies same.

155.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 155 of the Complaint, and therefore denies same.

156.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 156 of the Complaint, and therefore denies same.

157.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 157 of the Complaint, and therefore denies same.

158.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 158 of the Complaint, and therefore denies same.

159.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 159 of the Complaint, and therefore denies same except admits that the quoted language from *Am. Banker*, Jul. 12, 1996, p. 15 is accurate.

160.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 160 of the Complaint, and therefore denies same.

161.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 161 of the Complaint, and therefore denies same.

162.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 162 of the Complaint, and therefore denies same.

163.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 163 of the Complaint, and therefore denies same.

164.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 164 of the Complaint, and therefore denies same.

165.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 165 of the Complaint, and therefore denies same except admits that the quoted language from "*Lockheed Martin IMS Retains Landmark Child Support*

*Processing Payment Contract in Los Angeles County*," Lockheed Martin IMS Press Release, Dec. 4, 2000 is accurate.

166.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 166 of the Complaint, and therefore denies same.

167.  ACS denies the averments in Paragraph 167 of the Complaint.

168.  ACS denies the averments in Paragraph 168 of the Complaint.

169.  ACS denies the averments in Paragraph 169 of the Complaint.

170.  ACS denies the averments in Paragraph 170 of the Complaint.

171.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 171 of the Complaint, and therefore denies same.

172.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 172 of the Complaint, and therefore denies same except admits that on May 11, 2005 an office action was issued in the reexamination of the '669 patent that discussed both the Remington Patent and the EFTPFR.

173.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 173 of the Complaint, and therefore denies same except admits that Mr. Polk submitted declarations during the reexamination of the '669 Patent..

174.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 174 of the Complaint, and therefore denies same.

175.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 175 of the Complaint, and therefore denies same except admits that Exhibits X, Y, and Z are the declarations of Mr. Lavenue, Mr. Polk, and Mr, Vesper, respectively,  that were submitted during reexamination of the '669 Patent.

176.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 176 of the Complaint, and therefore denies same except admits that Exhibit AA is a July 11, 2005 office action response that contains the quoted language.

177.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 177 of the Complaint, and therefore denies same except admits that the quoted language is contained in Exhibit Y.

178.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 178 of the Complaint, and therefore denies same, except admits that the quotation from Exhibit Y is accurate.

179.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 179 of the Complaint, and therefore denies same except admits that the partial quotations are contained in paragraphs 9 and 10 of Exhibit Y.

180.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 180 of the Complaint, and therefore denies same exceptr admits that the partial quotations are contained in Exhibit Y.

181.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 180 of the Complaint, and therefore denies same except admits that the partial quotation is contained in Exhibit Y at paragraph 25.

182.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 182 of the Complaint, and therefore denies same except admits that the partial quotation is contained in Exhibit Y at paragraph 26 and also admits that Exhibit CC is entitled "Electronic Funds Transfer (EFT) on a Disk Tool for Employer Submission of Child Support Withholdings," and is dated November 13, 1996.

183. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 183 of the Complaint, and therefore denies same.

184. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 184 of the Complaint, and therefore denies same.

185. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 185 of the Complaint, and therefore denies same.

186. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 186 of the Complaint, and therefore denies same.

187. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 187 of the Complaint, and therefore denies same except admits that the partial quotation is contained in Exhibit EE at paragraph 8.

188. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 188 of the Complaint, and therefore denies same except admits that the partial quotation is contained in Exhibit EE at paragraph 12.

189. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 189 of the Complaint, and therefore denies same except admits that the partial quotation is contained in Exhibit EE at paragraph 16.

190. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 190 of the Complaint, and therefore denies same except.

191. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 191 of the Complaint, and therefore denies same except.

192. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 192 of the Complaint, and therefore denies same.

193.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 192 of the Complaint, and therefore denies same.

194.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 194 of the Complaint, and therefore denies same.

195.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 195 of the Complaint, and therefore denies same.

196.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 196 of the Complaint, and therefore denies same.

197.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 197 of the Complaint, and therefore denies same.

198.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 198 of the Complaint, and therefore denies same.

199.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 199 of the Complaint, and therefore denies same.

200.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 200 of the Complaint, and therefore denies same.

201.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 201 of the Complaint, and therefore denies same.

202.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 202 of the Complaint, and therefore denies same.

203.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 203 of the Complaint, and therefore denies same except admits that Exhibit GG is a business opportunity memorandum.

204.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 204 of the Complaint, and therefore denies same.except admits that Mr. Polk's day-planner contains the words Business Plan in one entry and Slides in another entry on the date January 30, 1998.

205.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 205 of the Complaint, and therefore denies same.

206.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 206 of the Complaint, and therefore denies same except admits that Exhibit 10 to the First Polk Declaration is depicted in Exhibit CC.

207.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 207 of the Complaint, and therefore denies same.

208.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 208 of the Complaint, and therefore denies same.

209.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 209 of the Complaint, and therefore denies same.

210.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 210 of the Complaint, and therefore denies same.

211.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 211 of the Complaint, and therefore denies same.

212.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 212 of the Complaint, and therefore denies same.

213.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 213 of the Complaint, and therefore denies same.

214. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 214 of the Complaint, and therefore denies same.

215. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 215 of the Complaint, and therefore denies same.

216. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 216 of the Complaint, and therefore denies same.

217. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 217 of the Complaint, and therefore denies same.

218. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 218 of the Complaint, and therefore denies same.

219. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 219 of the Complaint, and therefore denies same.

220. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 220 of the Complaint, and therefore denies same.

221. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 221 of the Complaint, and therefore denies same.

222. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 194 of the Complaint, and therefore denies same, except admits that Mr. Polk's September 12, 1997 day planner contains the words "prepare an invention disclosure."

223. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 223 of the Complaint, and therefore denies same.

224. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 224 of the Complaint, and therefore denies same.

225. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 225 of the Complaint, and therefore denies same.

226. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 226 of the Complaint, and therefore denies same.

227. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 227 of the Complaint, and therefore denies same.

228. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 228 of the Complaint, and therefore denies same.

229. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 229 of the Complaint, and therefore denies same except admits that the partial quotation  is contained in the Final Office Action.

230. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 230 of the Complaint, and therefore denies same.

231. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 231 of the Complaint, and therefore denies same except admits that the partial quotations are contained in the Supplemental Polk Declaration.

232. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 232 of the Complaint, and therefore denies same.

233. ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 233 of the Complaint, and therefore denies same except admits that the quotation from the '909 patent is accurate.

234.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 234 of the Complaint, and therefore denies same.

235.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 235 of the Complaint, and therefore denies same.

236.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 236 of the Complaint, and therefore denies same.

## PATENT INFRINGEMENT CLAIMS

### COUNT XII

### Infringement of United States Patent No. 7,174,315

237.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

238.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 238 of the Complaint, and therefore denies same except admits that the '315 Patent, Exhibit F to the Complaint, states it is assigned to JPMorgan Chase Bank, N.A.

239.  ACS denies the averments in Paragraph 239 of the Complaint.

240.  ACS denies the averments in Paragraph 240 of the Complaint.

241.  ACS denies the averments in Paragraph 241 of the Complaint.

### COUNT XIII

### Infringement of United States Patent No. 7,165,049

242.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

243.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 243 of the Complaint, and therefore denies same except admits that the '049 Patent, Exhibit H to the Complaint, states it is assigned to JPMorgan Chase Bank, N.A.

244.  ACS denies the averments in Paragraph 244 of the Complaint.

245.  ACS denies the averments in Paragraph 245 of the Complaint.

246.  ACS denies the averments in Paragraph 246 of the Complaint.

## COUNT XIV

### Infringement of United States Patent No. 6,615,190

247.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

248.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 248 of the Complaint, and therefore denies same except admits that the '190 Patent, Exhibit G to the Complaint, states it is assigned to Bank One, Delaware, National Association.

249.  ACS denies the averments in Paragraph 249 of the Complaint.

250.  ACS denies the averments in Paragraph 250 of the Complaint.

## COUNT XV

### Infringement of United States Patent No. 7,317,823

251.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

252.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 252 of the Complaint, and therefore denies same except admits

that the '823 Patent, Exhibit I to the Complaint, states it is assigned to JP Morgan Chase Bank, N. A.

253.  ACS denies the averments in Paragraph 253 of the Complaint.

254.  ACS denies the averments in Paragraph 254 of the Complaint.

255.  ACS denies the averments in Paragraph 255 of the Complaint.

## COUNT XVI

### Infringement of United States Patent No. 5,917,965

256.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

257.  ACS does not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 257 of the Complaint, and therefore denies same except admits that the '965 Patent, Exhibit J to the Complaint, states it is assigned to The Chase Manhattan Bank, N. A.

258.  ACS denies the averments in Paragraph 258 of the Complaint.

259.  ACS denies the averments in Paragraph 259 of the Complaint.

260.  ACS denies the averments in Paragraph 260 of the Complaint.

## COUNT XVII

### Willful Patent Infringement

261.  ACS realleges and incorporates by reference its answers to each of the foregoing Paragraphs of the Complaint.

262.  ACS denies the averments in Paragraph 262 of the Complaint.

## RESPONSE TO JPMORGAN CHASE'S PRAYER FOR RELIEF

263. ACS denies that JPMorgan Chase is entitled to any of the relief requested in the Complaint.

## DEFENSES

## FIRST DEFENSE

264. The Complaint fails to state a claim upon which relief can be granted because ACS has not performed any act or thing in violation of any rights validly belonging to JPMorgan Chase.

## SECOND DEFENSE

265. ACS does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '315, '190,'049, '823, and '965 Patents.

## THIRD DEFENSE

266. The '315, '190,'049, '823, and '965 Patents are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112, 132 and 251 of Title 35 of the United States Code.

## FOURTH DEFENSE

267. By reason of the proceedings in the PTO during prosecution of the applications that resulted in the issuance of the '315, '190,'049, '823, and '965 Patents, and the admissions and representations made therein by and on behalf of the applicants in order to induce the grant of the '315, '190,'049, '823, and '965 Patents, JPMorgan Chase is estopped from asserting any construction of the claims of the patent which would cover or include any of the purported acts of infringement of which JPMorgan Chase complains.

**FIFTH DEFENSE**

268.  JPMorgan Chase's failure to comply with 35 U.S.C. §287(a) precludes, or at least limits, JPMorgan Chase from collecting alleged patent infringement damages from ACS.

**SIXTH DEFENSE**

269.  JPMorgan Chase's claims for relief are barred in whole or in part, by the equitable doctrines of unclean hands, patent misuse and laches.

**SEVENTH DEFENSE**

270.  JPMorgan Chase cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

**EIGHTH DEFENSE**

271.  Pursuant to 28 U.S.C. §1498, JPMorgan Chase is precluded from pursuing ACS for any alleged patent infringement caused by an invention used or manufactured by ACS by or for the United States.

**NINTH DEFENSE**

272.  JPMorgan Chase can not enforce the '049 Patent, the '190 Patent, and the '315 Patent due to inequitable conduct as pled in paragraphs 53 through 116 of its counterclaim, which are incorporated by reference herein.

**<u>COUNTERCLAIMS</u>**

ACS for its Counterclaims against JPMorgan Chase and upon information and belief, states as follows:

## THE PARTIES

1.   Defendant Affiliated Computer Services, Inc. is a corporation organized under the laws of the State of Delaware having a principal place of business at 2828 North Haskell Dallas, Texas 75204.

2.   Defendant ACS State & Local Solutions, Inc. is a corporation organized under the laws of the State Of New York, having a principal place of business 1800 M Street, NW, Washington, D.C. 20036.

3.   On information and belief, JPMorgan Chase & Co. is organized under the laws of the State of Delaware having a principal place of business at 270 Park Avenue, New York, New York

4.   On information and belief, JPMorgan Chase Bank, N.A. is a National Association having a principal place of business at 1111 Polaris Parkway, Columbus, Ohio and an office at 270 Park Avenue, New York, New York.

5.   On information and belief, JPMorgan Chase Electronic Financial Services, Inc. is a corporation organized under the laws of the State of New York having a principal place of business at 420 West Van Buren Chicago, Illinois 60606.

6.   JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase Electronic Financial Services, Inc. including predecessors-in-interest are referred to in these counterclaims as JPMorgan Chase.

## JURISDICTION AND VENUE

7.   Subject to ACS's defenses and denials, ACS alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

8.  This Court has personal jurisdiction over JPMorgan Chase.

## FACTUAL BACKGROUND

9.  In its Complaint, JPMorgan Chase asserts that ACS has infringed the '315, '190,'049, '823, and '965 Patents

10. The '315, '190,'049, '823, and '965 Patents are invalid and/or have not been and are not infringed by ACS, directly or indirectly.

11. The '315, '190 and '049 Patents are unenforceable.

12. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '315, '190,'049, '823, and '965 Patents.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,174,315

13. ACS restates and incorporates by reference its averments in paragraphs 1 through 12 of its Counterclaims.

14. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '315 Patent is not infringed by ACS.

15. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '315 Patent.

16. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '315 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,174,315

17. ACS restates and incorporates by reference its averments in paragraphs 1 through 16 of its Counterclaims.

18. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '315 Patent is invalid.

19. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '315 Patent is invalid.

20. The '315 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,615,190

21. ACS restates and incorporates by reference its averments in paragraphs 1 through 20 of its Counterclaims.

22. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '190 Patent is not infringed by ACS.

23. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '190 Patent.

24. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '190 Patent.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,615,190

25. ACS restates and incorporates by reference its averments in paragraphs 1 through 24 of its Counterclaims.

26. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '190 Patent is invalid.

27. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '190 Patent is invalid.

28. The '190 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,165,049

29. ACS restates and incorporates by reference its averments in paragraphs 1 through 28 of its Counterclaims.

30. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '049 Patent is not infringed by ACS.

31. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '049 Patent.

32. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '049 Patent.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,165,049

33. ACS restates and incorporates by reference its averments in paragraphs 1 through 32 of its Counterclaims.

34. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '049 Patent is invalid.

35. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '049 Patent is invalid.

36. The '049 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT VII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,317,823

37. ACS restates and incorporates by reference its averments in paragraphs 1 through 36 of its Counterclaims.

38. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '823 Patent is not infringed by ACS.

39. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '823 Patent.

40. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '823 Patent.

## COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,317,823

41. ACS restates and incorporates by reference its averments in paragraphs 1 through 40 of its Counterclaims.

42. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '823 Patent is invalid.

43. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '823 Patent is invalid.

44. The '823 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,917,965

45. ACS restates and incorporates by reference its averments in paragraphs 1 through 44 of its Counterclaims.

46. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '965 Patent is not infringed by ACS.

47. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights regarding the '965 Patent.

48. ACS has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '965 Patent.

## COUNT X

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,917,965

49. ACS restates and incorporates by reference its averments in paragraphs 1 through 48 of its Counterclaims.

50. An actual case or controversy exists between ACS and JPMorgan Chase as to whether the '965 Patent is invalid.

51. A judicial declaration is necessary and appropriate so that ACS may ascertain its rights as to whether the '965 Patent is invalid.

52. The '965 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and 112.

## COUNT XI

### Declaratory Judgment of Unenforceability of U.S. Patent Nos. 6,615,190, 7,165,049 and 7,174,315

53. ACS restates and incorporates by reference its averments in paragraphs 1 through 52 of its Counterclaims.  ACS further pleads the following factual allegations:

54. JPMorgan Chase is knowledgeable about the United States Patent and Trademark Office ("PTO") having secured more than a hundred patents to allegedly protect its purported inventions and technology.

55. Upon information and belief, JPMorgan Chase has both an in-house legal department as well as outside law firms and patent prosecutions firms who together purposely and systematically have obtained all of the JPMorgan Chase patents.

56. Many of the attorneys (and patent agents) who represent JPMorgan Chase regarding its patents are registered with the PTO having duly studied the rules that govern the practice of obtaining patents.

57. At least several of the JPMorgan Chase attorneys (and agents), including one or more attorneys (and agents) for each JPMorgan Chase patent that has been applied for, is registered with the PTO having displayed minimal competence by passing a PTO examination, commonly referred to as the patent bar.

58. The rules that govern the practice of obtaining patents before the PTO include, for example, the United States Code ("U.S.C."), the Code of Federal Regulations ("C.F.R."), and the Manual of Patent Examining Procedure ("M.P.E.P.").

59. The U.S.C., C.F.R., and M.P.E.P. define proper practice and procedure such as the duty of candor and what types of disclosure must be made when substantially similar claims are submitted to the PTO on more than one patent.

60. The rules include a duty of candor to the PTO during patent examination which requires that all information material to patentability be brought to the attention of the Patent Examiner. 37 C.F.R. § 1.56.

61. The C.F.R. makes clear the importance of the duty of candor: "A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual

associated with the filing and prosecution of a patent application has a duty of candor and good

faith in dealing with the Office, which includes a duty to disclose to the Office all information

known to that individual to be material to patentability as defined in this section." 37 C.F.R. §

1.56(a).

62. The rules applicable to at least the '049 Patent application also require that "[w]hen an

applicant presents a claim which corresponds exactly or substantially to a claim of a patent, the

applicant shall identify the patent and the number of the patent claim . . . ." 37 C.F.R § 1.607(c).

63. Further, the M.P.E.P. §2001.06(d), applicable to at least the '049 Patent application,

states that "[w]here claims are copied or substantially copied from a patent, 37 C.F.R § 1.607(c)

requires applicant shall, at the time he or she presents the claim(s), identify the patent and the

number of the patent claims."

64. "Clearly, the information required by 37 C.F.R. § 1.607(c) as to the source of copied

claims is material information under 37 C.F.R. § 1.56 and failure to inform the []PTO of such

information may violate the duty of disclosure."  M.P.E.P. §2001.06(d).

65. The applicable attorney misconduct rules also support a finding of inequitable conduct.

66. Specifically, 37 C.F.R. §§10.23(c)(7), referring to 37 C.F.R. §41.202 (which replaced  37

C.F.R § 1.607(c)), states that:

> (a) A practitioner shall not engage in disreputable or gross misconduct.

> (b) A practitioner shall not:
> * * *
> (4) Engage in conduct involving dishonesty, fraud, deceit, or
> misrepresentation.
> * * *
> (6) Engage in any other conduct that adversely reflects on the
> practitioner's fitness to practice before the Office.

(c) Conduct which constitutes a violation of paragraphs (a) and (b)
of this section includes, but is not limited to:

* * *

(7) Knowingly withholding from the Office information
identifying a patent or patent application of another from which
one or more claims have been copied. See §41.202(a)(1) of this
title.

67. JPMorgan's inequitable conduct based on the Section 1.56 duty of candor is further

supported by M.P.E.P. §2304.05, relying on 37 C.F.R. §41.206 applicable to at least the '315

Patent application, states:

"An interference is rarely appropriate between two applications or
an application and patent that belong to the same owner. The
owner should ordinarily be able to determine priority and is
obligated under 37 C.F.R. §1.56 to inform the examiner about
which application or patent is entitled to priority . . . ."

68. The Rules described above in Paragraphs 58-67 apply to those persons involved with the

filing of the '049 and '315 Patents which includes but is not limited to Thomas D. Bradshaw and

Stephen T. Schreiner.

69. JPMorgan did not determine priority between the '049 and '315 Patent applications and

did not meet its duty of candor obligations under Section 1.56.

70. Further showing the materiality of the substantially similar claims in the '049 and '315

Patent applications and intent to deceive, less than two weeks after Thomas D. Bradshaw

submitted the '315 Patent application, the USPTO issued a double patenting rejection in the '049

Patent application relating to the '190 Patent.  The November 23, 2004 rejection stated:

The subject matter claimed in the ['049 Patent] application is fully
disclosed in [the '190 Patent] and is covered by the patent since the
patent and the application are claiming common subject matter, as
follows: Claims 1 and 11 of the patent and Claims 1 and 11 of the
application recite essentially the same limitations; the application

41

claims are in fact broader. The dependent claims of the patent and application are frequently identical.

71. Submitting substantially similar claims to the PTO is a violation of the rules and regulations governing the attorneys (and agents) and causes a breach of the duty of candor to disclose information regarding patentability of an applicant's patents to the PTO.

72. JPMorgan Chase's '315 Patent was filed on November 15, 2004, and issued February 6, 2007.

73. The '315 Patent claims the benefit of priority to U.S. Patent No. 6,615,189 which was filed June 22, 1998, and issued on September 2, 2003.

74. The '315 Patent names inventors Gregory Phillips, Rebecca Deporte, Jeffrey Norwine, and Penny Joines.

75. The '315 Patent was obtained by the efforts of attorneys, including but not limited to Thomas D. Bradshaw and Stephen T. Schreiner, who at that time were employed by Hunton & Williams, LLP.

76. Personnel from JPMorgan Chase's in-house legal department were also involved in obtaining the '315 Patent.

77. JPMorgan Chase's in-house legal department includes, but is not limited to Dr. Bill Mann and Chris Lefebvre.

78. JPMorgan Chase's '049 Patent was filed on October 31, 2002, and issued January 16, 2007.

79. The '049 Patent claims the benefit of priority to U.S. Patent No. 6,615,190 which was filed February 9, 2000, and issued on September 2, 2003.

80. The '049 Patent names inventor Kim Slater.

81. The '049 Patent was obtained by the efforts of attorneys, including but not limited to Thomas D. Bradshaw and Stephen T. Schreiner, who at that time were employed by Hunton & Williams, LLP.

82. Personnel from JPMorgan Chase's in-house legal department were also involved in obtaining the '049 Patent.

83. JPMorgan Chase's in-house legal department includes, but is not limited to Dr. Bill Mann and Chris Lefebvre.

84. The file histories of the '315 and '049 Patents show that at least one registered patent attorney at Hunton & Williams, LLP, Thomas D. Bradshaw (Reg. No. 51,942), substantively worked on both patent applications at the same time.

85. Specifically, Thomas D. Bradshaw filed the '315 Patent application on November 15, 2004, including substantially similar claims and identical claims to those of the '049 Patent application which at that time were already under examination by the PTO.

86. For instance, Claim 1 of the '049 Patent application and the '315 Patent application as they were filed with the PTO are compared in the chart below:

| U.S. Patent No. 7,174,315 | U.S. Patent No. 7,165,049 |
|---|---|
| 1. A computer-implemented method for issuing a stored value card associated with a predetermined transaction network, an issuer, and a sponsoring entity, the method comprising: | 1. A method for issuing a stored value card affiliated with a predetermined credit network, an organization sponsor, and an issuer, wherein the credit network, the issuer, and the organization sponsor each have separate identification indicia, the method comprising: |
| creating one account associated with the stored value card, wherein a sponsoring entity funds the account and the account is independent from any other account; | creating one account associated with the stored value card, wherein the organization sponsor funds the account and the account is independent and unassociated with any other account; and |
| issuing the stored value card to a cardholder, wherein: | issuing the stored value card to a cardholder, wherein: |

| | |
|---|---|
| a) the stored value card is marked with the cardholder's name and at least one of a transaction network identification indicia associated with the transaction network and an issuer identification indicia associated with the issuer; | a) the issued stored value card is marked with the cardholder's name and at least one of the credit network identification indicia, the issuer identification indicia, and the organization sponsor identification indicia; |
| b) the stored value card is accepted wherever cards associated with the predetermined transaction network are accepted; and | b) the stored value card is accepted wherever cards associated with the predetermined credit network are accepted; and |
| c) the stored value card uses a one-way only transfer of identification information from the stored value card to the predetermined transaction network. | c) the stored value card uses a one-way only transfer of identification information from the stored value card to the predetermined credit network. |

87. Claims 2 and 4 of the '049 Patent application and the '315 Patent application as they were filed with the PTO are compared in the chart below:

| | U.S. Patent No. 7,174,315 | U.S. Patent No. 7,165,049 |
|---|---|---|
| Claim 2 | The method according to claim 1, wherein the cardholder activates the stored value card. | The method according to claim 1, wherein the cardholder activates the stored value card. |
| Claim 4 | The method according to Claim 1, wherein the sponsoring entity funds the account more than once. | The method according to Claim 1, wherein the organization sponsor funds the account more than once. |

88. Notably, when Thomas D. Bradshaw submitted the '315 Patent application he made a claim of priority of more than two years earlier than the '049 Patent application.

89. Thus, not only were substantially similar claims as well as identical claims submitted to the PTO but the later filed claims (i.e. '315 Patent application) claimed priority to a date earlier than the originally filed claims (i.e. '049 Patent application).

90. Information regarding the substantially similar claims as well as identical claims are clearly material to the prosecution of both the '049 Patent and the '315 Patent because two patents cannot claim the same alleged inventive concepts.

91. In addition to filing the '315 Patent application, Thomas D. Bradshaw also concurrently actively participated in prosecution of the '049 Patent application.

92. For example, Thomas D. Bradshaw filed a response to an Office Action dated November 23, 2004 in the '049 Patent application which was mailed within approximately one week of filing the '315 Patent application.

93. Thomas D. Bradshaw did not disclose the substantially similar claims that were filed in the '315 Patent application during the prosecution of the '049 Patent application.

94. In addition  to Thomas D. Bradshaw's publically noted simultaneous work on these patent applications, Hunton & Williams billing records for the '049 and '315 Patent applications evidences that both Thomas D. Bradshaw and Stephen T. Schreiner were providing legal services in furtherance of both patent applications at the same time.  *See* JPMC-ACS-02062498 - JPMC-ACS-02062957.

95. Thomas D. Bradshaw and/or Stephen T. Schreiner knew, or should have known, that substantially similar patent claims could not be obtained on two different patents from separate inventors.

96. Upon information and belief, Thomas D. Bradshaw's submission of substantially similar and identical claims to the PTO was intentional based on Thomas D. Bradshaw's knowledge regarding the PTO, his registration as a patent attorney, and failure at any time to note the existence of the substantially identical claims.

97. Upon information and belief, Stephen T. Schreiner's involvement with the prosecution of substantially similar and identical claims that were submitted to the PTO was intentional based on Stephen T. Schreiner's knowledge regarding the PTO, his registration as a patent attorney, and failure at any time to note the existence of the substantially identical claims.

98. Neither Thomas D. Bradshaw nor Stephen T. Schreiner disclosed to the PTO examiner for the '315 Patent application any of the substantially similar and identical claims of the '049 Patent application (or even the application itself).

99. After the '049 Patent examiner issued a double patenting rejection, Thomas D. Bradshaw waited more than six months before referencing the '315 Patent application to the '049 Patent examiner by burying it in the text of a disclosure to the USPTO and mischaracterizing the submission of the substantially similar and identical claims as an application that was "generally related by subject matter."

100.     For most references in the '049 Patent application (except the '315 Patent application) Thomas D. Bradshaw utilized the recommended forms PTO/SB/08A or 08B to disclose the information required under 37 C.F.R. §1.98 for potentially relevant references.

101.     Significantly, when Thomas D. Bradshaw disclosed the '315 Patent application to the '049 Patent examiner, he waited six months after the double patenting rejection and then failed to utilize the proper forms and failed to provide all of the information that he provided for the other references on forms PTO/SB/08A or 08B.

102.     The face of the '049 Patent as issued does not list the '315 Patent application as ever having been considered and the '049 Patent prosecution history does not contain any evidence that the examiner ever considered the '315 Patent application.

103.     In addition to the unenforceability of the '049 Patent and the '315 Patent due to Thomas D. Bradshaw's inequitable conduct, the '049 Patent as well as the '190 Patent are also unenforceable due to Kim Slater's and Leslie Swanson's inequitable conduct.

104.     JPMorgan Chase completed its merger with Bank One on July 1, 2004.

105.     Kim Slater, the sole inventor identified on both the '190 and '049 Patents was an employee at Bank One at the time the '190 patent was filed, February 9, 2000.

106.     Kim Slater had a duty of candor to the PTO during patent examination which requires that all information material to patentability be brought to the attention of the patent examiner. 37 C.F.R. §1.56.  Kim Slater knew she was obligated to notify the PTO of prior art material to the patentability of claims pending in her patent application(s) and signed an oath to that effect.

107.     According to the specifications of both the '190 and '049 Patents "Sponsor funded stored value accounts may be used to support a variety of applications, including: (1) payroll applications; (2) business expense reimbursement and prepaid business expense applications; (3) relocation applications; (4) private label applications; (5) government benefit applications; (6) insurance applications; (7) consumer promotion applications; and (8) incentive/reward applications."  ('190 Patent at 6:50-56, '049 Patent at 6:60-67).  Stored value cards associated with each of these 8 embodiments are described in the '190 and '049 patents. ('190 patent 6:57-8:16 and '049 patent 7:1-8:33).

108.     Upon information and belief, more than one year before the filing of the '190 application Bank One or its predecessors-in-interest, such as First USA or NBD, offered for sale, sold, publicly used, described in printed publications, and made publicly available stored value card products that are prior art under 35 U.S.C. §102(b) which are referred to hereafter as the "Bank One Prior Art."

109.     Upon information and belief, the Bank One Prior Art included at least "The Direct Paychek Card," "The Access AdvantEdge Card," "The Access Card," and "The Direct Card."

110.     The Bank One Prior Art was material to the patentability of the '049 and '190 Patents.  Upon information and belief, the Bank One Prior Art practiced one or more of the claims and preferred embodiments disclosed in the '049 and '190 Patents.

111.     Upon information and belief, Kim Slater knew about the Bank One Prior Art before she filed her patent application for the '190 Patent.  In fact, Kim Slater knew about some or all of the Bank One Prior Art more than one year before she filed her patent application.

112.     Kim Slater worked in the stored value card business for Bank One or its predecessors since 1995.

113.     Upon information and belief, the first implementation of one of the Bank One Prior Art products, the Direct Paychek Card, occurred in 1996.

114.     Kim Slater knew about the Direct Paychek Card because, according to her own resume, from 1995 to 2002 she was a "[m]ember of [the] core team to develop strategy for launch of the Bank One Direct PayChek Visa Stored Value Payroll Card."  See JPMorgan's Document Production at JPMC-ACS-00359961.  She had been working on at least the Bank One Prior Art for the five years prior to her filing the '190 Patent application.

115.     Upon information and belief, Kim Slater violated her duty of candor to the PTO and intentionally deceived the PTO because she did not disclose the Bank One Prior Art, which was material to patentability.  Upon information and belief, Kim Slater knew that the Bank One Prior Art renders the claims of the '190 and '049 Patents unpatentable or, at a minimum, that there was a substantially likelihood that a reasonable examiner would consider the Bank One Prior Art important in deciding whether to allow the applications to issue as patents.

116.     Further, upon information and belief, Kim Slater intentionally deceived the PTO by selectively disclosing prior art to the PTO from her previous employer First USA, and

withholding the Bank One Prior Art.  For example, Kim Slater disclosed three other prior art references related to her prior employer: "First USA Platinum Connect," Calling card application offered by First USA, "Introducing the First USA Platinum Connect card," offered by First USA, and "Introducing Spending Money," A new card product concept presented to First USA, Armetta Marketing & Design but failed to disclose the Bank One Prior Art.

117.     Kim Slater was aware of her ongoing duty of candor to the PTO under Section 1.56 as she signed an oath of inventorship acknowledging that duty.

118.     Upon information and belief, despite Kim Slater's ongoing duty of candor, she failed to disclose the Bank One Prior Art during the prosecution of either the '190 or the '049 Patents.

119.     In addition to the same facts and circumstances as described above in paragraphs 98-112 that apply to both the '190 and the '049 Patents, the '049 Patent is a continuation of the '190 Patent, and Kim Slater's inequitable conduct related to the '190 Patent infects the '049 Patent and renders it unenforceable.

120.     JPMorgan Chase's violation of its duty of candor by failing to disclose the substantially similar claims to the PTO as well as failing to disclose the Bank One Prior Art constitutes inequitable conduct, rendering the '190 Patent,'049 Patent, and '315 Patent, as well as all continuations, divisions, and continuations-in-part of these patents, unenforceable.

121.     Leslie J. Swanson also committed inequitable conduct related to the '190 Patent and was an employee at Bank One at the time the '190 patent was filed, February 9, 2000.

122.     Leslie J. Swanson supervised Kim Slater and had a supervisory role related to the '190 Patent prosecution and interacted with attorneys from Hunton & Williams and JPMorgan Chase's in-house legal department from February 2000 through 2002.

123.      Leslie J. Swanson knew about the aforementioned Bank One Prior Art prior to the filing of the '190 Patent.

124.      Upon information and belief, Leslie J. Swanson withheld the Bank One Prior Art from the PTO with the requisite intent to deceive and her motivation for obtaining the '190 patent was to generate revenue and increase market share for JPMorgan Chase's predecessor company.

125.      In addition to the same facts and circumstances as described above in paragraphs 121-124 that apply to both the '190 and the '049 Patents, the '049 Patent is a continuation of the '190 Patent, and Leslie J. Swanson's inequitable conduct related to the '190 Patent infects the '049 Patent and renders it unenforceable.

126.      ACS is entitled to a declaratory judgment that it cannot be liable to JPMorgan for infringement of the '190 Patent, '049 Patent, or '315 Patent because each of the aforementioned is unenforceable due to the inequitable conduct described above.

## COUNT XII

### Infringement of U.S. Patent No. 6,119,107

127.       ACS restates and incorporates by reference its averments in paragraphs 1 through 126 of its Counterclaims.

128.      United States Patent No. 6,119,107 ("the '107 Patent") entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer And Disbursement Processing Using Addendum-Based Electronic Data Interchange," was duly and legally issued by the United States Patent and Trademark Office on September 12, 2000 after full and fair examination.  ACS has all rights, title, and interest in and to the '107 Patent, and possesses all rights of recovery, including the right to recover all past damages, under the '107 Patent.  ACS possesses the exclusive rights to make, use, and sell products embodying the

patented invention, as well as the rights to sue and to seek an injunction for infringement of its exclusive rights.

129.     On information and belief, JP Morgan, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, JP Morgan's child support payment services, has directly or indirectly infringed, and is continuing to infringe, directly or indirectly, the '107 Patent in this District or otherwise within the United States.

130.     JP Morgan has knowledge of the '107 Patent, and has not ceased its infringing activities.  JP Morgan's infringement of the '107 Patent has been and continues to be willful and deliberate.

131.     As a direct and proximate consequence of the acts and practices of JP Morgan in infringing and/or inducing the infringement of one or more claims of the '107 Patent, ACS has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

132.     As a direct and proximate consequence of the acts and practices of JP Morgan in infringing, directly and/or indirectly, one or more claims of the '107 Patent, ACS has suffered, is suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

133.     By reason of the infringing acts and practices of JP Morgan, JP Morgan has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ACS for which there is no adequate remedy at law, and for which ACS is entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT XIII

### Infringement of U.S. Patent No. 7,225,155

134.     ACS restates and incorporates by reference its averments in paragraphs 1 through 133 of its Counterclaims.

135.     United States Patent No. 7,225,155 ("the '155 Patent") entitled "Method and Apparatus For Payment Processing Using Debit-Based Electronic Funds Transfer And Dispursement Processing Using Addendum-Based Electronic Data Interchange," was duly and legally issued by the United States Patent and Trademark Office on May 29, 2007 after full and fair examination.  ACS has all rights, title, and interest in and to the '155 Patent, and possesses all rights of recovery, including the right to recover all past damages, under the '155 Patent. ACS possesses the exclusive rights to make, use, and sell products embodying the patented invention, as well as the rights to sue and to seek an injunction for infringement of its exclusive rights.

136.     On information and belief, JP Morgan, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, JP Morgan's child support payment services, has directly or indirectly infringed, and is continuing to infringe, directly or indirectly, the '155 Patent in this District or otherwise within the United States.

137.     JP Morgan has knowledge of the '155 Patent, and has not ceased its infringing activities.  JP Morgan's infringement of the '155 Patent has been and continues to be willful and deliberate.

138.     As a direct and proximate consequence of the acts and practices of JP Morgan in infringing and/or inducing the infringement of one or more claims of the '155 Patent, ACS has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

139.     As a direct and proximate consequence of the acts and practices of JP Morgan in infringing, directly and/or indirectly, one or more claims of the '155 Patent, ACS has suffered, is suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

140.     By reason of the infringing acts and practices of JP Morgan, JP Morgan has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ACS for which there is no adequate remedy at law, and for which ACS is entitled to injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, ACS  prays for judgment as follows:

a. A judgment dismissing JPMorgan Chase's complaint against ACS with prejudice;

b. A judgment in favor of ACS on all of its Counterclaims;

c. A declaration that ACS has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '315, '190,'049, '823, and '965 Patents;

d. A declaration that the '315, '190,'049, '823, and '965 Patents are invalid;

e. A declaration that the '315, '190 and '049 Patents are unenforceable;

f. A declaration that the '107 and '155 Patents are valid and enforceable against JPMorgan;

g. A declaration that JPMorgan has infringed, directly and/or indirectly, the '107 and '155 Patents;

h. Permanently enjoining JPMorgan, and parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their

control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the '107 and '155 Patents, or otherwise engaging in acts of infringement of the '107 and '155 Patents, as alleged herein;

i. Ordering an accounting, including a post-verdict accounting, to determine the damages to be awarded to ACS as a result of JPMorgan's infringement;

j. Awarding, pursuant to 35 U.S.C. § 284, ACS such damages as it shall prove at trial against JPMorgan that is adequate to compensate ACS for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

k. Assessing pre-judgment and post-judgment interest and costs against JPMorgan, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

l. A declaration that this case is exceptional and an award to ACS of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

m. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, ACS respectfully

demands a jury trial of all issues triable to a jury in this action.

Dated:  October 30, 2009

**CONNOLLY BOVE LODGE & HUTZ LLP**

_____*/s/ Kevin F. Brady*_____
Collins J. Seitz, Jr. (Bar No. 2237)
Kevin F. Brady (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 656-0116
cseitz@cblh.com
kbrady@cblh.com

***ATTORNEYS FOR DEFENDANTS
AFFILIATED COMPUTER SERVICES, INC.,
AND ACS STATE & LOCAL SOLUTIONS, INC.***

**OF COUNSEL**

Mike McKool
Lewis T. LeClair
Theodore Stevenson, III
Bradley Caldwell
Phillip Aurentz
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

John Campbell
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Brett E. Cooper
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on October 30, 2009, a copy of Defendant ACS's Answer and Counterclaims to JPMorgan Chase's Third Amended and Supplemental Complaint for Declaratory Judgment and Patent Infringement was served to all counsel of record.

    /s/ Kevin F. Brady .
Kevin F. Brady (Bar No. 2248)
kbrady@cblh.com
