IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A. and JPMORGAN CHASE ELECTRONIC FINANCIAL SERVICES, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> AFFILIATED COMPUTER SERVICES, INC. and ACS STATE & LOCAL SOLUTIONS, INC., <br><br> *Defendants.* | Civil Action No: 08-189-SLR <br><br> JURY TRIAL DEMANDED |

**STIPULATION OF PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) BASED ON COVENANT AND AGREEMENT NOT TO SUE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as the respective attorneys of record for Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase Electronic Financial Services, Inc. (collectively "JPMorgan") and Defendants Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively "ACS"), that:

The patent infringement claims for U.S. Patent Nos. 7,174,315, 6,615,190, and 7,165,049 (the "Stored Value Card Patents") in JPMorgan's Third Amended and Supplemental Complaint, filed October 14, 2009, are DISMISSED WITH PREJUDICE based on the Covenant and Agreement Not to Sue between JPMorgan and ACS, attached hereto as Exhibit A. ACS's counterclaims for declaratory judgment and defenses pertaining to the Stored Value Card Patents are DISMISSED WITHOUT PREJUDICE pursuant to Exhibit A.

Further, the patent infringement claims for U.S. Patent Nos. 5,946,669, 6,119,107, and 7,225,155 (the "Polk Patents") in ACS's Answer and Counterclaims to JPMorgan's Third Amended and Supplemental Complaint, dated October 30, 2009, are DISMISSED WITH PREJUDICE based on the Covenant and Agreement Not to Sue between ACS and JPMorgan, attached hereto as Exhibit A. JPMorgan's counterclaims for declaratory judgment and defenses pertaining to the Polk Patents are DISMISSED WITHOUT PREJUDICE pursuant to Exhibit A.

Both Parties' claims for attorneys' fees and costs with respect to the litigation of the Stored Value Card Patents and the Polk Patents are DISMISSED WITH PREJUDICE pursuant to Exhibit A.

| CONNOLLY BOVE LODGE & HUTZ LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: /s/ Kevin F. Brady<br>    Collins J. Seitz, Jr. (#2237)<br>    Kevin F. Brady (#2248)<br>    1007 North Orange Street<br>    P.O. Box 2207<br>    Wilmington, Delaware 19899<br>    (302) 658-9141<br>    cseitz@cblh.com<br>    kbrady@cblh.com<br><br>*Attorneys for Defendants*<br>*Affiliated Computer Services, Inc. and ACS State and Local Solutions, Inc.* | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware 19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br><br>*Attorneys for Plaintiffs*<br>*JPMorgan Chase & Co.,*<br>*JPMorgan Chase Bank, N.A., and*<br>*JPMorgan Chase Electronic*<br>*Financial Services, Inc.* |
| OF COUNSEL:<br><br>Mike McKool<br>Lewis T. LeClair<br>Theodore Stevenson, III<br>Christopher Kelly<br>MCKOOL SMITH, PC<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br><br>Brett E. Cooper<br>MCKOOL SMITH, PC<br>399 Park Avenue, Suite 3200<br>New York, NY 10022<br><br>Dated: November 17, 2009 | OF COUNSEL:<br><br>Scott L. Robertson<br>Thomas J. Scott, Jr.<br>Stephen T. Schreiner<br>Eleanor M. Hynes<br>GOODWIN PROCTER LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>(202) 346-4000<br><br>Dated: November 17, 2009 |

SO ORDERED this _____ day of _____, 2009.

_____
Sue L. Robinson
United States District Judge

942705

3

# EXHIBIT A

## COVENANT AND AGREEMENT NOT TO SUE

This Covenant and Agreement Not to Sue between JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase Electronic Financial Services, Inc. (collectively "JPMorgan") and Affiliated Computer Services, Inc. and ACS State & Local Solutions, Inc. (collectively "ACS") is entered into and effective as of October 30, 2009 (the "Effective Date").

WHEREAS, JPMorgan and ACS are the parties in JPMorgan Chase, et al. v. Affiliated Computer Systems, et al., Case No. 08-189-SLR, in the United States District Court for the District of Delaware (the "Litigation");

WHEREAS, JPMorgan is the owner by assignment of U.S. Patent Nos. 7,174,315, 6,615,190, and 7,165,049 (collectively the "Stored Value Card Patents");

WHEREAS, JPMorgan asserts certain patent infringement claims in JPMorgan Chases' Third Amended and Supplemental Complaint, dated October 14, 2009; and ACS asserts certain defenses thereto and declaratory judgment counterclaims in ACS's Answer and Counterclaims to JPMorgan Chases' Third Amended and Supplemental Complaint, dated October 30, 2009;

WHEREAS, ACS is the owner by assignment of U.S. Patent Nos. 5,946,669, 6,119,107, and 7,225,155 (collectively the "Polk Patents");

WHEREAS, ACS asserts certain patent infringement claims in ACS's Answer and Counterclaims to JPMorgan Chases' Third Amended and Supplemental Complaint, dated October 30, 2009; and JPMorgan asserts certain defenses thereto and declaratory judgment counterclaims in JPMorgan Chases' Third Amended and Supplemental Complaint, dated October 14, 2009; and

WHEREAS, the parties desire to remove the actual controversy between the parties regarding the Stored Value Card Patents and the Polk Patents by entering into this Covenant and Agreement Not to Sue (the "Agreement") and filing in the Litigation a Joint Stipulation of Dismissal.

NOW, THEREFORE, for and in consideration of the agreements set forth below, JPMorgan and ACS hereby agree as follows:

1. Covenant Not to Sue ACS. JPMorgan, its subsidiaries, affiliates, successors, and assigns unconditionally covenant and agree not to sue or otherwise seek to hold ACS, its subsidiaries, affiliates, predecessors, successors, customers, and assigns liable for infringement under the Stored Value Card Patents (including infringement of any reissue, reexamination or the like of such patents) based upon ACS's manufacture, use, operation, implementation, sale and/or offering for sale (including inducing or contributing to acts of others) of any activity, system or product in existence or that existed before the Effective Date of this Covenant and Agreement Not to Sue.

2. Covenant Not to Sue JPMorgan. ACS, its subsidiaries, affiliates, successors, and assigns unconditionally covenant and agree not to sue or otherwise seek to hold JPMorgan, its subsidiaries, affiliates, predecessors, successors, customers, and assigns liable for infringement under the Polk Patents (including infringement of any reissue, reexamination or the like of such patents) based upon JPMorgan's manufacture, use, operation, implementation, sale and/or offering for sale (including inducing or contributing to acts of others) of any activity, system or product in existence or that existed before the Effective Date of this Covenant and Agreement Not to Sue.

3. Stipulation of Partial Dismissal. In accordance with the decision in *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), the parties will file a joint Stipulation of Partial Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), attached hereto as Exhibit A, which, when signed by counsel for ACS and for JPMorgan, will operate to:

>   (A) dismiss, with prejudice, all of JPMorgan's claims and defenses pertaining to the Stored Value Card Patents in the Litigation, and dismiss, without prejudice, all of ACS's claims for declaratory judgment and defenses pertaining to the Stored Value Card Patents in the Litigation;

>   (B) dismiss, with prejudice, all of ACS's claims and defenses pertaining to the Polk Patents in the Litigation, and dismiss, without prejudice, all of JPMorgan's claims for declaratory judgment and defenses pertaining to the Polk Patents in the Litigation; and

>   (C) dismiss, with prejudice, ACS's and JPMorgan's claims for attorneys' fees and costs with respect to the litigation of the Stored Value Card Patents and the Polk Patents.

The Covenants Not to Sue in Paragraphs (1) and (2) above become effective upon the date that the Stipulation of Partial Dismissal is filed with the Court.

3. No Use of Agreement before a Jury in the Litigation. The parties agree to file a Joint Motion *In Limine* before a trial in this matter to preclude the use of, or any reference to, this Agreement.

4. Entire Agreement. This Agreement, including its Attachment, constitutes the entire agreement between the parties with respect to the subject matter hereof.

5. Governing Law. This Agreement shall be governed and construed in accordance with the substantive laws of the State of New York, without giving effect to any choice of law rules that may require application of laws of another jurisdiction.

6. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but which shall constitute one agreement binding on the parties.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executive by their respective duly authorized representatives as of the Effective Date.

JPMorgan Chase & Co.
JPMorgan Chase Bank, N.A.
JPMorgan Chase Electronic Financial Services

By: _[signature]_
Title: Executive Director
Date: 11/10/09

Affiliated Computer Services, Inc.
ACS State & Local Solutions, Inc.

By: _[signature]_
Title: Chief Litigation & Compliance Officer - SVP
Date: 11-13-2009

3